**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

**RYAN MORRIS,**

        **Plaintiff,**

    **v.**                                 **Civil Action No. _____**

**AFFIRM, INC.,**

        **Defendant.**

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, Defendant Affirm, Inc. ("Affirm"), by counsel, hereby removes Case No. CL25000364-00 in the Circuit Court for Stafford County, Virginia (the "State Court Action") to the United States District Court for the Eastern District of Virginia, Alexandria Division.  Removal is proper because this Court has subject matter jurisdiction over this action under federal question jurisdiction pursuant to 28 U.S.C. § 1331. Removal is also proper based on diversity of citizenship jurisdiction under 28 U.S.C. § 1332(a). Accordingly, Affirm removes this action and in support of its Notice of Removal states the following:

### I.      PROCEDURAL HISTORY AND BACKGROUND

1.      On or about January 30, 2025, Plaintiff Ryan Morris ("Plaintiff") filed a Complaint (the "Complaint") seeking only declaratory relief in the Circuit Court for Stafford County, Virginia, styled *Ryan Morris, Sui Juris v. Affirm, Inc., LLC*, Case No. CL25000364-00.

2.      The Complaint was served on Affirm on February 3, 2025.

3.      On or about June 2, 2025, Plaintiff Ryan Morris ("Plaintiff") filed an Unopposed Motion for Leave to Amend his Complaint, including as an attachment his proposed Amended

Complaint (the "proposed Amended Complaint"), in the Circuit Court for Stafford County, Virginia, styled *Ryan Morris, Sui Juris v. Affirm, Inc., LLC*, Case No. CL25000364-00.

4.    The Motion for Leave to Amend his Complaint has yet to be granted.  The proposed Amended Complaint was served on Affirm on June 2, 2025.

5.    A true and correct copy of all process and pleadings served and/or filed in the State Court Action are attached hereto as **Exhibit A**.

6.    Affirm is unaware of any additional pleadings in the State Court Action.

7.    This Notice is being filed within 30 days after Affirm's receipt of a copy of the proposed Amended Complaint setting forth the claim for relief upon which the action is based giving rise to federal subject matter jurisdiction, as required by 28 U.S.C. § 1446(b).

8.    Specifically, in the proposed Amended Complaint, Plaintiff alleges a violation of a federal law, the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. §1681 *et seq.*, as Plaintiff alleges that "[d]espite lacking proof of a valid obligation, Defendant continued to assert that Plaintiff owed a balance.  Defendant has reported and continues to report the alleged debt to third parties. Defendant's reporting is false and has harmed Plaintiff's creditworthiness."  Further, there is complete diversity among Plaintiff and Defendant, and the amount in controversy exceeds $75,000.00

## II.    GROUNDS FOR REMOVAL

### A.    Federal Question Jurisdiction

9.    Federal courts have original jurisdiction of all cases that arise under federal law, 28 U.S.C. § 1331, and such cases are explicitly within this Court's removal jurisdiction. *See* 28 U.S.C. § 1441(b) (providing that the courts have removal jurisdiction for any action in which the district

courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties, or laws of the United States).

10.    The FCRA is a federal statute, and the basis of one of Plaintiff's claims is that "[d]espite lacking proof of a valid obligation, Defendant continued to assert that Plaintiff owed a balance.  Defendant has reported and continues to report the alleged debt to third parties. Defendant's reporting is false and has harmed Plaintiff's creditworthiness" constituting a violation of the FCRA.

11.    Affirm's position is that it did not violate any federal or state law as it relates to Plaintiff.

12.    The parties' claims and defenses thus rest in part on an interpretation of 15 U.S.C. § 1681 *et seq.*  Therefore, this case explicitly concerns federal law.

### B.    Supplemental Jurisdiction

13.    In addition to his federal claims, Plaintiff also asserts claims against Affirm in the proposed Amended Complaint for (1) Declaratory Judgment; (2) Unjust Enrichment / Money Had Received; and (3) Defamation.

14.    Upon information and belief, Plaintiff's claims under the statutory and common law of the Commonwealth of Virginia are based on the same operative facts and form part of the same case or controversy as his federal claim.  Thus, this Court has supplemental jurisdiction over Plaintiff's state law claims.  *See* 28 U.S.C. § 1367(a) ("in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy").

### C.    Diversity Jurisdiction

15.     In addition to federal question jurisdiction under the FCRA, removal of this action is proper under 28 U.S.C. §§ 1332(a) and 1441(b) because (a) there is complete diversity among Plaintiff and Defendant; and (b) the amount in controversy exceeds $75,000.00 given Plaintiff's requests for compensatory damages, punitive damages, and declaratory relief.

### 1.    Complete Diversity

16     Plaintiff Ryan Morris states in the proposed Amended Complaint that he resides in Stafford, Virginia.  (Ex. A ¶ 1.)  He is therefore deemed a citizen of Virginia for purposes of diversity jurisdiction under 28 U.S.C. § 1332.

17.     Affirm is a Delaware corporation with its principal place of business located in San Francisco, California.  For purposes of diversity jurisdiction under 28 U.S.C. § 1332, Affirm is a citizen of the states of Delaware and California.

18.     Accordingly, there is complete diversity between Plaintiff and Defendant.

### 2.    Amount in Controversy

19.     Diversity jurisdiction requires an amount in controversy greater than $75,000.00, exclusive of interest and costs.  *See* 28 U.S.C. § 1332(a).

20.     "[A]s specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.  Evidence establishing the amount is required by §1446(c)(2)(B) only when the plaintiff contests, or the court questions, the defendant's allegation."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014).

21.     In the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce."  *Dixon v. Edwards*, 290 F.3d 699, 710 (4th Cir. 2002) (quoting *Gov'y Employees Ins. Co. v. Lally*,

327 F.2d 568, 569 (4th Cir. 1964)).  In addition, the Court may consider a request for punitive damages when determining the amount in controversy.  *See generally Lauter v. Glaxosmithkline*, No. 2:16CV716, 2017 WL 3449589, at *2 (E.D. Va. Mar. 3, 2017), aff'd, 691 Fed. Appx. 789 (4th Cir. 2017) (unpublished) (discussing how a court may consider punitive damages in determining an amount in controversy); *see also <u>Trammell v. Sylvanus Group, LLC</u>*, 611 F. Supp. 3d 222, 226 (S.D.W. Va. 2020) (a court may also consider punitive damages, if available under the law, when determining the amount in controversy.).  Under the FCRA, the Fourth Circuit has held that the ratio of punitive damages to compensatory damages can be as high as 100 to 1.  *See Daugherty v. Ocwen Loan Servicing, LLC*, 701 Fed. Appx. 246, 262 (4th Cir. 2017) (unpublished).

22.    Here, Plaintiff's claims in the proposed Amended Complaint for compensatory damages, punitive damages, and declaratory relief exceed the requirements for the jurisdictional amount.

23.    Because there is complete diversity among the parties and Plaintiff's claims for actual and punitive damages under the FCRA as well as under the common law of the Commonwealth of Virginia exceed $75,000, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(a).

### III.    <u>COMPLIANCE WITH STATUTORY REQUIREMENTS</u>

24.    In accordance with 28 U.S.C. § 1446(a), a true and correct copy of all process, pleadings, and orders served upon Affirm from the State Court Action are attached hereto as **<u>Exhibit A</u>**.  Upon information and belief, no other related process, pleadings, or orders have been served upon Affirm.

25.    This Notice of Removal is timely, as it was filed within thirty (30) days of receipt of the initial pleading that sets forth the claims for relief upon which this action is based and within

one year of the commencement of this action as required by 28 U.S.C. § 1446(b).  Specifically, Affirm was served with the proposed Amended Complaint on June 2, 2025.

26.     The United States District Court for the Eastern District of Virginia, Alexandria Division, is the federal judicial district encompassing the Circuit Court for Stafford County, Virginia, where this suit is currently pending.  Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1441(a).

27.     Pursuant to the provisions of 28 U.S.C. § 1446(d), Affirm will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court for Stafford County, Virginia, and will serve a copy upon Plaintiff.  A copy of the Notice of Filing Notice of Removal is attached hereto as **Exhibit B**.

28.     Accordingly, pursuant to 28 U.S.C. §§ 1331 and 1441, the present lawsuit may be removed from the Circuit Court for Stafford County, Virginia and brought before the United States District Court for the Eastern District of Virginia, Alexandria Division.

29.     There are no co-defendants in this matter, and thus 28 U.S.C. § 1446(b)(2) is inapplicable.

## IV.     **RESERVATION OF RIGHTS**

30.     Affirm denies any and all allegations contained in Plaintiff's Amended Complaint or in any other filing in the State Court Action, and files this Notice of Removal without waiving any defenses, objections, exceptions, or obligations that may exist in its favor in either state or federal court.

31.     Further, in making the allegations in this Notice of Removal, Affirm does not concede in any way that the allegations in the Amended Complaint are properly raised against

Affirm, that Plaintiff has asserted claims upon which relief can be granted, or that recovery of any of the amounts sought is authorized or appropriate.

32. Affirm reserves the right to amend or supplement this Notice of Removal. And, in this regard, if any questions arise as to the propriety of the removal of the State Court Action, Affirm expressly requests the opportunity to present a brief, oral argument, and/or any further evidence necessary in support of its position that this action is removable.

WHEREFORE, having met all the requirements for removal, Defendant Affirm, Inc. respectfully removes this case from the Circuit Court for Stafford County, Virginia to the United States District Court for the Eastern District of Virginia, Alexandria Division, and seeks whatever further relief this Court deems equitable and just.

Dated: June 30, 2025                Respectfully submitted,

By: */s/ Ethan G. Ostroff*
Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7556
E-mail: ethan.ostroff@troutman.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER LOCKE LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:  202-274-1932
Fax:  703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on the 30th day of June, 2025, a true and correct copy of the foregoing

*Notice of Removal* was sent via email and Federal Express to the following Pro-se Plaintiff:

**Plaintiff**
Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

By: */s/ Ethan G. Ostroff*
Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Ave., Suite 2000
Virginia Beach, Virginia 23462
Telephone: (757) 687-7556
E-mail: ethan.ostroff@troutman.com