**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Alexandria Division**

**RYAN MORRIS,**

      **Plaintiff,**

    **v.**

**AFFIRM, INC.,**

      **Defendant.**

**Civil Action No. _____**

**AFFIRM, INC.'S NOTICE OF REMOVAL**

# EXHIBIT A

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

Ryan Morris, SUI JURIS

       Plaintiff,

vs.

AFFIRM, INC,

       Defendant.

Case No. CL25-364

COMPLAINT FOR DECLARATORY JUDGMENT

Comes now the Plaintiff, Ryan-Tyrone: Morris brings Complaint for Declaratory Judgment pursuant to Va. Code Ann. § 8.01-184 *et seq.*, and states as follows:

1. This is a declaratory judgment action brought pursuant to Va. Code Ann § 8.01-184 *et seq.*

2. Plaintiff, Ryan Morris, sui juris, is domiciled in the Commonwealth of Virginia.

3. Defendant, Affirm, Inc, hereinafter "Affirm", is a corporation, headquartered at 50 California Street, 12th Floor, San Francisco, CA 94108.

## FACTUAL ALLEGATIONS

4. Defendant has alleged that Plaintiff owes a debt in the amount of $7,028 based on an alleged agreement between Plaintiff and Affirm.

5. Defendant has failed to provide sufficient evidence establishing its ownership of the debt or a valid chain of title demonstrating a legal right to enforce the alleged obligation.

6. Defendant has failed to demonstrate a valid assignment or transfer of the rights to enforce the debt.

7. Despite Plaintiff's demand for proof of standing (Exhibit A), Defendant has failed to provide competent evidence showing that it is the rightful party to collect the debt.

8. Defendant has reported the alleged debt to Plaintiff's credit report, negatively impacting Plaintiff's creditworthiness (Exhibit B).

9. Defendant has threatened legal action and/or further collection activity despite failing to provide proof of its standing to enforce the alleged debt.

### CAUSE OF ACTION – DECLARATORY JUDGMENT (LACK OF STANDING)

10. Plaintiff incorporates the preceding paragraphs as if fully set forth herein.

COMPLAINT FOR DECLARATORY JUDGMENT - 1

11. An actual, justiciable controversy exists between Plaintiff and Defendant as to whether Defendant has standing to enforce the alleged debt.

12. Defendant's reporting of the alleged debt to credit bureaus and its threats of legal action or collection have already harmed Plaintiff by negatively impacting Plaintiff's credit score and financial reputation.

13. Defendant continues to act as though it has legal authority to collect or enforce the debt despite failing to produce any valid proof of assignment or ownership.

14. Unless this Court intervenes, Plaintiff faces ongoing damage, including the risk of unwarranted collection actions, legal proceedings, and further credit harm.

15. Plaintiff contends that Defendant lacks standing because it has failed to prove ownership, a valid assignment, or any legal right to enforce the obligation.

16. Plaintiff seeks a judicial determination declaring that Defendant does not have standing to enforce the alleged debt and that any attempt to collect or report it is improper.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in favor of Plaintiff and grant the following relief:

A.    A declaratory judgment that Defendant lacks standing to enforce the alleged debt;

B.    A declaratory judgment that any attempt by Defendant to collect, report, or take legal action regarding the alleged debt without proof of standing is improper;

C.    An order requiring Defendant to remove the alleged debt from Plaintiff's credit report;

D.    Any further relief this Court deems just and proper.

Dated this 30th day of January 2025.

Ryan-Tyrone: Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

COMPLAINT FOR DECLARATORY JUDGMENT - 2

**JURAT**

On this 30th day of January 2025, a live Man who identified his Self as Ryan-Tyrone: Morris appeared

before me, a Notary Public for the COMMONWEALTH OF VIRGINIA, and attested to the truth of the Complaint

with his private Signature.

_Ryan Morris_
Ryan-Tyrone: Morris

(Seal)

_John D Simmons_
Notary Public

_10/31/2027_
My Commission Expires

> JOHN D SIMMONS
> Notary Public
> Commonwealth of Virginia
> Registration No. 171654
> My Commission Expires Oct 31, 2027

COMPLAINT FOR DECLARATORY JUDGMENT - 3

 An official website of the United States Government

 **Consumer Financial Protection Bureau** (https://www.consumerfinance.gov/)    Start a new complaint

‹ All complaints (.)

# 250109-17847916

**CLOSED**

 **Submitted**

**STATUS**
Submitted to the CFPB on 1/8/2025

**PRODUCT**
Payday loan, title loan, personal loan, or advance loan

**ISSUE**
Problem when making payments

## We received your complaint. Thank you.

We will review your complaint. Depending on what we find, we will typically:

- Send your complaint to the company for a response; or
- Send your complaint to another state or federal agency, or help you get in touch with your state or local consumer protection office; or
- Let you know if we need more information to continue our work.

---

**YOUR COMPLAINT**

I am writing pursuant to Truth in Lending Act (TILA), 15 U.S.C. § 1641(f)(2), to request information regarding the ownership and transfer of my loan with Loan ID: ███-M6NN. Request for Ownership Verification To ensure transparency and compliance with applicable laws, please provide: The name, address, and telephone number of the current owner of the loan. Documentation detailing the chain of title for the loan, including all assignments, transfers, or securitization events, with dates, since its origination. This inquiry is made to confirm the rightful party entitled to enforce the loan. Please respond within 14 days of receiving this request, as required under TILA. Thank you for your prompt attention to this matter.

Ex 4

‹ **Back**

# AFFIRM INC

13 POTENTIALLY NEGATIVE MONTHS

## Balance details

**33%** paid off

Balance
$4,685

Balance updated
Jan 03, 2025

Original balance
$7,028

## Account info

Account number
█████M6NX

Open/closed
Closed

*Ex B*

# COMMONWEALTH OF VIRGINIA





STAFFORD CIRCUIT COURT
Civil Division
1300 COURTHOUSE RD PO BOX 69
STAFFORD VA 22554
(540) 658-8759

Proof of Service

Virginia:
In the STAFFORD CIRCUIT COURT

Case number: 179CL25000364-00
Service number: 001
Service filed: January 30, 2025
Judge:

Served by: SPECIAL PROCESS SERVER
Style of case: RYAN MORRIS vs AFFIRM, INC
Service on: CT CORPORATION SYSTEM
C/O AFFIRM LOAN SERVICES LLC
PRIVATE PROCESS SERVER
4701 COX RD STE 285
GLEN ALLEN VA 23060

Attorney:

Instructions:

Returns shall be made hereon, showing service of Summons issued Friday, January 31, 2025 with a copy of the Complaint filed Thursday, January 30, 2025 attached.

Hearing date   :
Service issued: Friday, January 31, 2025

For Sheriff Use Only

# COMMONWEALTH OF VIRGINIA



STAFFORD CIRCUIT COURT
Civil Division
1300 COURTHOUSE RD PO BOX 69
STAFFORD VA 22554
(540) 658-8759

Summons

To: CT CORPORATION SYSTEM                    Case No. 179CL25000364-00
C/O AFFIRM LOAN SERVICES LLC
PRIVATE PROCESS SERVER
4701 COX RD STE 285
GLEN ALLEN VA 23060

The party upon whom this summons and the attached complaint are served is hereby notified
that unless within 21 days after such service, response is made by filing in the clerk's office
of this court a pleading in writing, in proper legal form, the allegations and charges may be
taken as admitted and the court may enter an order, judgment, or decree against such party
either by default or after hearing evidence.

Appearance in person is not required by this summons.

Done in the name of the Commonwealth of Virginia on, Friday, January 31, 2025

Clerk of Court: KATHLEEN M STERNE

by _____
                    (CLERK/DEPUTY CLERK )

Instructions:


Hearing Official:



Attorney's name:

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | |
|---|---|
| **RYAN MORRIS, SUI JURIS,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) **Case No. CL25-364** |
| | ) |
| **AFFIRM, INC.,** | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## DEFENDANT AFFIRM, INC.'S
## <u>ANSWER AND AFFIRMATIVE DEFENSES TO COMPLAINT</u>

Defendant Affirm, Inc. ("Defendant" or "Affirm"), by counsel, submits its Answer and Affirmative Defenses to the Complaint filed by Plaintiff Ryan Morris ("Plaintiff").

1.    To the extent the allegations in Paragraph 1 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission.  To the extent the allegations are contrary to the law, they are denied.  To the extent any factual allegations are contained in Paragraph 1 of the Complaint, they are denied.

2.    Affirm admits Plaintiff is a natural person.  Affirm is without knowledge and/or information sufficient to form a belief regarding the truth and/or falsity of the allegations in Paragraph 2 of the Complaint regarding Plaintiff's current residence, and therefore denies the same.

3.    In response to the allegations in Paragraph 3 of the Complaint, Affirm states that it is a corporation organized under the laws of the state of Delaware and with a principal place of business in the state of California.

## FACTUAL ALLEGATIONS

4.    To the extent the allegations in Paragraph 4 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission.  Additionally, to the extent the

allegations set forth in Paragraph 4 of the Complaint refer to documents that speak for themselves, no response is required.  To the extent the allegations are contrary to the documents, they are denied.

5.      The allegations in Paragraph 5 of the Complaint are denied.

6.      The allegations in Paragraph 6 of the Complaint are denied.

7.      The allegations in Paragraph 7 of the Complaint are denied.

8.      The allegations in Paragraph 8 of the Complaint contain statements and/or conclusions of law, to which no response is required, and refer to documents that speak for themselves.  To the extent the allegations are contrary to the law and/or the documents, they are denied.

9.      The allegations in Paragraph 9 of the Complaint are denied.

**CAUSE OF ACTION – DECLARATORY JUDGMENT (LACK OF STANDING)**

10.     Affirm adopts and incorporates its responses to the previous paragraphs as if fully set forth herein.

11.     The allegations in Paragraph 11 of the Complaint are denied.

12.     The allegations in Paragraph 12 of the Complaint are denied.

13.     The allegations in Paragraph 13 of the Complaint are denied.

14.     The allegations in Paragraph 14 of the Complaint are denied.

15.     To the extent the allegations in Paragraph 15 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission.  To the extent the allegations are not a characterization of the action and subject to denial or admission, the allegations in Paragraph 15 of the Complaint are denied.

16.     To the extent the allegations in Paragraph 16 of the Complaint are a characterization of this action, such allegations are not subject to denial or admission.  To the extent the allegations are not a characterization of the action and subject to denial or admission, the allegations in Paragraph 16 of the Complaint are denied

2

17.    In response to the portion of the Complaint titled "Prayer for Relief" and immediately following, Affirm denies that Plaintiff is entitled to any of the relief requested including Subsection A – D.

Affirm denies that Plaintiff is entitled to any of the relief sought in any portion of the Complaint.

Affirm denies that it is liable to Plaintiff in any manner, or under any theory, whatsoever.

To the extent that the headings and captions appearing throughout the Complaint as reflected in the Answer contain allegations of fact and/or law, Affirm denies those allegations.

Affirm denies, generally and specifically, any and all allegations in the Complaint not specifically admitted in the paragraphs above.

Affirm further states that its investigation of the present matter is ongoing.  Affirm therefore reserves the right to rely upon any and all defenses which may become known through discovery or at trial.

Affirm reserves the right to amend its Answer to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

## AFFIRMATIVE DEFENSES

Affirm hereby sets forth the following affirmative and other defenses to the Complaint.  By asserting the defenses set forth below, Affirm does not allege or admit that it has the burden of proof and/or the burden of persuasion with respect to any of these defenses.  Nor does Affirm admit that Plaintiff is relieved of his burden to prove each and every element of his claims and the damages, if any, to which he is entitled.  Affirm reserves the right to amend its Affirmative and Other Defenses to Plaintiff's Complaint to conform to the evidence as determined in discovery or at trial.

1.      Plaintiff's claims fail to the extent that the Complaint fails to set forth facts sufficient to state a claim upon which relief may be granted against Affirm and fails to state facts sufficient to entitle Plaintiff to the relief sought therein. Affirm reserves the right to file a dispositive motion seeking dismissal of all Plaintiff's claims.

2.      Plaintiff's claims fail and are barred by *res judicata*. Affirm reserves the right to file a Plea in Bar of Res Judicata seeking dismissal of all Plaintiff's claims.

3.      Affirm denies that Plaintiff sustained any damages and denies that it proximately caused any of the damages claimed by Plaintiff.

4.      Plaintiff cannot recover from Affirm to the extent that any damages that Plaintiff may have suffered, which Affirm continues to deny, directly and proximately resulted from Plaintiff's acts and/or omissions.

5.      Plaintiff cannot recover from Affirm to the extent that any damages Plaintiff may have or will suffer as alleged in the Complaint, which Affirm continues to deny, have been and/or will be proximately caused, in whole or in part, by the negligent, willful, or tortious acts and/or omissions of persons or entities over whom Affirm had no control, and for whose conduct Affirm is not responsible, which bars or diminishes any recovery by Plaintiff against Affirm.

6.      Plaintiff's claims are barred, in whole or in part, to the extent that Plaintiff failed to mitigate his alleged damages.

7.      Plaintiff's claims fail to the extent that, at all times relevant with respect to Plaintiff, Affirm acted reasonably and in good faith and without any malice or intent to injure Plaintiff or to violate applicable federal and/or state law.

8.      Affirm avers Plaintiff's claims may be subject to an Arbitration Agreement requiring mandatory and binding arbitration pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1, *et seq.*

9.    Affirm reserves the right to assert additional defenses (affirmative and otherwise) as this action progresses and reserves the right to rely upon any and all defenses (affirmative and otherwise) as may become known through discovery or at trial.

Dated: February 21, 2025

Respectfully submitted,

AFFIRM, INC.

By: _____

Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7541
Facsimile:  (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:  202-274-1932
Fax:  703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2025, a true and correct copy of the foregoing *Answer and Affirmative Defenses* was sent via first class mail, postage prepaid, to the following Pro-se Plaintiff:

**Plaintiff**
Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

AFFIRM, INC.
By: _____
Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: 202-274-1932
Fax: 703-448-6514
zachary.turk@troutman.com
*Counsel for Affirm, Inc.*

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | |
|---|---|
| RYAN MORRIS, SUI JURIS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. CL25-364 |
| | ) |
| AFFIRM, INC., | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## DEFENDANT'S MEMORANDUM IN SUPPORT OF PLEA IN BAR OF RES JUDICATA

Defendant Affirm, Inc. ("Defendant" or "Affirm"), by counsel, submits this memorandum of law in support of its Plea in Bar of Res Judicata to the Complaint filed by Plaintiff Ryan Morris ("Plaintiff").

### I.    INTRODUCTION

Even assuming that the allegations in the Complaint are true (they are not), Plaintiff's entire lawsuit is barred by the well-settled doctrine of res judicata as prescribed in Virginia Supreme Court Rule 1:6 and must be dismissed with prejudice. The events that Plaintiff seeks to litigate here – the alleged existence of a debt and Affirm's right to enforce the debt – were precisely the subject of a prior lawsuit that was recently dismissed with prejudice by this Court. Plaintiff, in filing the instant suit, is attempting to circumvent this Court's prior ruling and relitigate a claim which has already been resolved. This attempt is barred by the doctrine of res judicata and Plaintiff's Complaint should be dismissed with prejudice.

1

## II.   B̲ACKGROUND[1]

On or about January 30, 2025, Plaintiff filed the Complaint in this case.  In the Complaint, Plaintiff is alleged to owe a debt to Affirm for $7,028 based on an agreement between the Parties. Compl. ¶ 4.  However, Plaintiff alleges that Affirm has not provided sufficient evidence establishing its ownership of the debt or a valid chain of title demonstrating a legal right to enforce the obligation.  Compl. at ¶ 5.  Plaintiff alleges he sought a demand for proof of standing to show Affirm's right to collect the debt through his submission of a complaint to the Consumer Financial Protection Bureau ("CFPB").  Compl. at ¶ 7 and Ex. A.  Plaintiff also alleges that Affirm has reported the alleged debt on Plaintiff's consumer report which has negatively affected Plaintiff. Compl. at ¶ 8 and Ex. B.

Based on these allegations, Plaintiff seeks a declaratory judgment asserting that Affirm lacks the legal authority to collect or enforce the debt because it has not allegedly produced any valid proof of assignment or legal ownership of the debt.  Compl. at ¶ 16.  Plaintiff also seeks a declaratory judgment asserting that any attempt to report the debt is improper.  *Id.*

Previously, approximately five months prior to filing this instant Complaint, Plaintiff filed an Amended Complaint in Case Number CL 23-3631 (hereinafter referred to as the "2024 Case") in this same Court against Affirm.  In the 2024 Case, Plaintiff asserted a claim for defamation regarding credit reporting of an alleged debt owed to Affirm and asserting that Plaintiff previously sought verification of the debt allegedly owed to Affirm but never received it.  A true and correct copy of the Amended Complaint in the 2024 Case is attached as **Exhibit 1**.  On November 14,

---

[1]   This Plea in Bar is based on the allegations in the Complaint and documents attached thereto.  Although Affirm disputes Plaintiffs' allegations, for the limited purpose of the Plea in Bar, it will assume that the Complaint's well-pled factual allegations are true.

2024, this Court issued an Order dismissing the 2024 Case with prejudice. A true and correct copy of this Order dismissing the 2024 Case with prejudice is attached as **Exhibit 2**.

### III.   LEGAL STANDARD

"A plea in bar is a defensive pleading that reduces the litigation to a single issue, which, if proven, creates a bar to the plaintiff's right of recovery." *Cooper Industries, Inc. v. Melendez*, 260 Va. 578, 594, 537 S.E.2d 580, 596 (2000). The party asserting a plea in bar carries the burden of proof. *Id.* However, a plea in bar can be based solely upon the pleadings where it is evident that the claim is barred even if one presumes the truth of the plaintiff's factual allegations. *Schmidt v. Household Fin. Corp., II,* 276 Va. 108, 117, 661 S.E.2d 834, 839 (2008) (affirming trial court ruling sustaining a plea in bar to mortgagor's claims against his lender where it was apparent from the face of the complaint that the claims were barred).

Although Plaintiff is *pro se*, he is not excused from complying with the pleading standards required of all litigants. A *pro se* litigant "is no less bound by the rules of procedure and substantive law than defendant represented by counsel." *Goad v. Eastman Chem.*, 2016 Va. App. LEXIS 368, at *2 (Va. Ct. App. Dec. 27, 2016) (citing *Townes v. Commonwealth*, 234 Va. 307, 319 (1987)); *see also Francis v. Francis*, 30 Va. App. 584, 591 (1999) ("Even pro se litigants must comply with the rules of court").

### IV.   ARGUMENT

Plaintiff's instant Complaint should be dismissed with prejudice because it is barred by the doctrine of res judicata claim preclusion. This doctrine is codified in Virginia Supreme Court Rule 1:6, and provides as follows:

> A party whose claim for relief arising from identified conduct, a transaction, or an occurrence, is decided on the merits by a final judgment, shall be forever barred from prosecuting any second or subsequent civil action against the same opposing party or parties

3

> on any claim or cause of action that arises from that same conduct,
> transaction or occurrence, whether or not the legal theory or rights
> asserted in the second or subsequent action were raised in the prior
> lawsuit, and regardless of the legal elements or the evidence upon
> which any claims in the prior proceeding depended, or the particular
> remedies sought.

Va. Sup. Ct. R. 1:6(a).

Thus, the elements of claim preclusion in Virginia are: (1) a final judgment on the merits,
(2) the same parties (or their privies) in both proceedings, and (3) both causes of action arising out
of the same conduct, transaction, or occurrence. *Lane v. Bayview Loan Servicing, LLC*, 2019 Va.
LEXIS 94, *9 (Va. August 22, 2019).

This doctrine of claim preclusion arises from the well-settled common law rule that
"[e]very litigant should have opportunity to present whatever grievance he may have" but if given
an opportunity to do so and "having failed to avail himself of it, he must accept the consequences."
*Miller v. Smith*, 109 Va. 651, 655, 64 S.E. 956, 957 (1909). It exists to protect litigants from
multiple lawsuits, conserve judicial resources, and foster certainty and reliance in legal
relationships. *Bill Greever Corp. v. Tazewell Nat'l Bank*, 256 Va. 250, 254, 504 S.E.2d 854, 856
(1998).

Under this doctrine, the "effect of a final decree is not only to conclude the parties as to
every question actually raised and decided, but as to every claim which properly belonged to the
subject of litigation and which the parties, by the exercise of reasonable diligence, might have
raised at the time." *Smith v. Holland*, 124 Va. 663, 666, 98 S.E. 676, 677 (1919) (citations
omitted). Claims precluded by res judicata thus include not just those "made or tendered by the
pleadings," but also precludes those "incident to or essentially connected with the subject matter
of the litigation, whether the same, as a matter of fact, were or were not considered." *Lofton Ridge,
LLC v. Norfolk S. Ry.*, 268 Va. 377, 381, 601 S.E.2d 648, 650 (2004).

4

Even assuming the allegations in the Complaint are true, all three elements for claim preclusion exist here, requiring Plaintiff's Complaint to be dismissed with prejudice.

   1. *Final Judgment on the Merits*

This Court previously issued a final judgment on the merits of Plaintiff's near identical case approximately three months prior.

"In general terms, a final judgment is one which disposes of the entire action and leaves nothing to be done except the ministerial superintendence of execution of the judgment." *Super Fresh Food Mkts. of Va. v. Ruffin*, 263 Va. 555, 560, 561 S.E.2d 734, 737 (2002). "A judgment is on the merits when it amounts to a decision as to the respective rights and liabilities of the parties, based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends, irrespective of format, technical, or dilatory objections or contentions." *Storm v. Nationwide Mut. Ins. Co.*, 199 Va. 130, 97 S.E.2d 759 (1957).

This Court entered an order dismissing the 2024 Case with prejudice. *See* Ex. 2. This order amounts to a final judgment on the merits because it disposed of the entire action. Additionally, the 2024 Case involved precisely the same underlying facts and questions surrounding the alleged debt as this case. *Compare* Ex. 1 and Compl. In the 2024 Case, Plaintiff asserted that "Defendant alleges it issued a loan of $7,028.15[.]" Ex. 1 at ¶ 8. In the instant Complaint, Plaintiff also alleges "Defendant has alleged that Plaintiff owes a debt in the amount of $7,028[.]" Compl. at ¶ 4. In the 2024 Case, Plaintiff asserted that he sought "verification" from Affirm on its claims to the alleged debt owed by Plaintiff and in the instant Complaint, Plaintiff asserts that Affirm has failed to demonstrate a valid right to enforce the debt. *See* Ex. 1 at ¶ 9, 10; Compl. at ¶ 6. Furthermore, in both cases, Plaintiff alleges Affirm's reporting of the account has negatively impacted his creditworthiness. *See* Ex. 1 at ¶¶ 11-12; Compl. at ¶8. Accordingly, the

2024 Case constituted a final judgment on the merits concerning Plaintiff's claims against Affirm related to the alleged debt. The first element of claim preclusion is satisfied.

2.  *Same Parties or their Privies in Both Proceedings*

Plaintiff's instant lawsuit and the 2024 Case share the same Parties, Plaintiff and Affirm. *Compare* Ex. 1 and Compl. Therefore, the second element of res judicata is satisfied and the Court need not conduct any privity analysis.

3.  *Same Conduct, Transaction or Occurrence*

Claim preclusion exists where both lawsuits arise "out of the same conduct, transaction, or occurrence." Va. Sup. Ct. R. 1:6(a).

This third element is easily satisfied. The present case is nearly indistinguishable from the 2024 Case. Plaintiff's allegations in both cases revolve around the same issue, *i.e.*, whether Affirm can properly collect and enforce the alleged debt at issue. In the 2024 Case's Amended Complaint, Plaintiff states that he sought verification of the debt from Affirm. *See* Ex. 1 at ¶ 9 – 10. Plaintiff makes the same allegation in the Complaint in the current action. *See* Compl. at ¶ 5 ("Defendant has failed to provide sufficient evidence establishing its ownership of the debt or a valid chain of title demonstrating a legal right to enforce the alleged obligation."). Furthermore, in the 2024 Case's Amended Complaint, Plaintiff sought to stop allegedly defamatory credit reporting on his Affirm debt. *See* Ex. 1 at ¶ 1. In the current Complaint, Plaintiff seeks the same remedy through Declaratory Judgment and additionally seeks to generally have the debt underlying the reporting deemed unenforceable. The Court has already addressed Plaintiff's claims and dismissed them with prejudice. *See* Ex. 2.

Given the direct reassertion and attempts to relitigate claims surrounding the same conduct,

transaction, and occurrence, the third element of claim preclusion is satisfied.[2] *See also Funny Guy, LLC v. Lecego, LLC*, 795 S.E.2d 887, 898 - 900 (Va. 2017) (affirming lower court's dismissal after discussing how res judicata doctrine applied to bar a plaintiff's claims growing out of the same common nucleus of operative facts and "prohibits litigants from gaming the litigation system with multiple lawsuits involving the same underlying dispute."); *Alexander v. Cobb*, 838 S.E.2d 227, 232 (Va. 2020) (affirming dismissal of new claim for declaratory judgment based on res judicata because Plaintiff's claims were part of the same conduct, transaction, or occurrence that had previously been litigated).

## V.    CONCLUSION

For the reasons set forth above, Defendant Affirm, Inc. respectfully requests that the Court (i) sustain this Plea in Bar, (ii) dismiss the Complaint with prejudice, (iii) award Affirm its fees and costs incurred as a result of this action, and (iv) grant further relief as the Court deems appropriate.

Dated: February 21, 2025

Respectfully submitted,

AFFIRM INC.

By: _____

Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

---

[2] There is significant overlap in the elements for issue preclusion and claim preclusion such that both may apply to a particular case. *Winchester Neurological Consultants, Inc.*, 74 Va. Cir. at 484 (recognizing this overlap).

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:  202-274-1932
Fax:  703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 21st day of February, 2025, a true and correct copy of the

foregoing Memorandum in Support of Defendant's Plea in Bar was sent via first class mail, postage

prepaid, to the following Pro-se Plaintiff:

**Plaintiff**
Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

AFFIRM, INC.
By: _____
Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: 202-274-1932
Fax: 703-448-6514
zachary.turk@troutman.com
*Counsel for Affirm, Inc.*

# Exhibit 1

STAFFORD CIRCUIT COURT

15ᵀᴴ JUDICIAL DISTRICT OF VIRGINIA

Ryan-Tyrone: Morris, IN PROPRIA PERSONA

Plaintiff,

vs.

AFFIRM HOLDINGS INC.,

Defendant

Case No.: CL 23 00 3631-00

AMENDED COMPLAINT

FILED
CLERK OF COURT
2024 AUG - 1  A 11: 36
CIRCUIT COURT
STAFFORD VIRGINIA

## COMPLAINT

1. The Plaintiff, Ryan-Tyrone: Morris brings Defamation and Defamation Per Se against the Defendant AFFIRM HOLDINGS INC.

## JURISDICTION & VENUE

2. Jurisdiction is proper in this Court under VAC § 17.1-513, as the matters in controversy arise within this jurisdiction.

## PARTIES

3. Plaintiff, Ryan Morris, sui juris, as the alleged "debtor".

4. Defendant, AFFIRM HOLDINGS INC., is a Corporation, headquartered at 650 California Street, San Francisco, California, as the alleged "creditor".

## BACKGROUND

5. 15 U.S. Code § 1681h(e) reads as follows: Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with malice or willful intent to injure such consumer.

AMENDED COMPLAINT - 1

6. A qualified privilege is lost if a plaintiff proves by clear and convincing evidence that the defamatory words were spoken with common-law malice. *See Smalls v. Wright, 399 SE 2d 805 - Va: Supreme Court 1991*. Malice, intent, knowledge, and other condition of mind of a person may be averred generally. *Hatfill v NY Times Co 416 F 3d 320*. Federal Rules only require a general pleading of malice. *Boyd v Nationwide Mutual Insurance Co 208 F 3d 406*. To establish malice, Plaintiff must allege a defendant published material while entertaining serious doubts as to the truth of the publication or with a high degree of awareness of probable falsity. *Foretich, 37 F 3d at 1551*. Willfulness requires showing that a Defendant knowingly and intentionally committed an act in conscious disregard for the right of others.

7. [A] person exposed to a risk of future harm may pursue forward-looking, injunctive relief to prevent the harm from occurring, at least so long as the risk of harm is sufficiently imminent and substantial. *TransUnion LLC v. Ramirez, ___ U.S. ___, 141 S. Ct. 2190, 2210, 210 L.Ed.2d 568 (2021) (internal citations omitted); see also Scherr v. Marriott Int'l, Inc., 703 F.3d 1069, 1074 (7th Cir. 2013).*

## ALLEGATIONS

8. Defendant alleges it issued a loan of $7,028.15 on or around June 20, 2023 in return for twelve (12) monthly payments of $585.68 due on the 20th of each month.

9. On or around August 26, 2023, Plaintiff initiated communication with Defendant to seek verification of its claims of Plaintiff owing a debt of which the Defendant claimed, at the time, was $4,685, listed as Exhibit 'A'.

10. Plaintiff sought verification through form of an affidavit. Plaintiff sent through U.S. Post, certified mail, return receipt requested and obtained, multiple pieces of mail to obtain verification of the alleged debt, Affirm failed to provide such documentation.

11. Beginning in January 2024, absent verification of the alleged debt, Affirm began making defamatory statements to the Consumer Reporting Agency, Experian. Exhibit 'B'.

12. Affirm has continued to make defamatory remarks each month such as "late payment" from January 2024 through March 2024 and "ChargeOff" from April 2024 through present, negatively impacting the consumer report, and it continues to this day.

13. Affirm was made aware of the dispute from Plaintiff and demonstrated wanton misconduct.

AMENDED COMPLAINT - 2

1

## CERTIFICATE OF SERVICE

2     I hereby certify under penalties of perjury that on this 1st day of August 2024, a true and correct copy of the

3 foregoing *Amended Complaint* and was filed with the Clerk of Court and sent by U.S. Mail, postage paid, to the

4 following Registered Agent:

5                              C T CORPORATION SYSTEM

6                              c/o AFFIRM LOAN SERVICES, LLC

7                              4701 Cox Rd Suite 285

                               Glen Allen, VA 23060

8

9                              Ryan Tyrone: Morris

10

11                                                              Notary Public

12      MICHELLE BONDS
        Notary Public
13   Commonwealth of Virginia
     Registration No. 8083150          05/31/2027
14 My Commission Expires May 31, 2027     My Commission Expires

15

16

17

18

19

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT - 6

# Exhibit 2

VIRGINIA:

### IN THE CIRCUIT COURT OF THE COUNTY OF STAFFORD

Ryan-Tyrone Morris

v                                          23 - 3631
                                   Case #CL25002725-00

Affirm Holdings, Inc.,

### ORDER

It appearing to the Court Ryan-Tyrone Morris, Pro Se was filed a Notice of Voluntary Nonsuit without Prejudice in the Clerks Office on November 7, 2024, requesting the case be Dismissed with Prejudice and removed from the docket.

Wherefore, this case is Dismissed with Prejudice upon the request of the Plaintiff and agreed to by the Defendant. The Clerk is to send certified copies of this Order to parties and counsel of record.

Entered this 14th day of November 2024.

_____
Michael E. Levy, Judge

A COPY TESTE:

_____
Kathleen M. Sterne, CLERK
CIRCUIT COURT OF STAFFORD

**V I R G I N I A:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | | |
|---|---|---|
| **RYAN MORRIS, SUI JURIS,** | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No. CL35-364** |
| | ) | |
| **AFFIRM, INC.,** | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

## DEFENDANT'S PLEA IN BAR OF RES JUDICATA

Defendant Affirm, Inc. ("Affirm"), by counsel, submits this Plea in Bar to the Complaint filed by Plaintiff Ryan Morris ("Plaintiff").

For the reasons set forth in the memorandum in support filed contemporaneously herewith, Affirm respectfully submits that Plaintiff's entire action should be dismissed with prejudice because the instant suit is barred by the *res judicata* doctrine of claim preclusion found within Va. Sup. Ct. R. 1:6(a).

WHEREFORE, Defendant Affirm, Inc. respectfully requests that the Court (i) sustain this Plea in Bar, (ii) dismiss the Complaint with prejudice, (iii) award Affirm its fees and costs incurred as a result of this action, and (v) grant further relief as the Court deems appropriate.


Dated: February 21, 2025                    Respectfully submitted,

                                            AFFIRM, INC.

                                            By: _____

                                            Ethan G. Ostroff (VSB No. 71610)
                                            TROUTMAN PEPPER
                                            HAMILTON SANDERS LLP

1

222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: 202-274-1932
Fax: 703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm Inc.*

**V I R G I N I A :**

## IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | |
|---|---|
| RYAN MORRIS, SUI JURIS, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) Case No. CL35-364 |
| | ) |
| AFFIRM, INC., | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

### CERTIFICATE OF SERVICE

I hereby certify that on this 21st day of February, 2025, a true and correct copy of the

foregoing Defendant's Plea in Bar was sent via first class mail, postage prepaid, to the following

Pro-se Plaintiff:

**Plaintiff**
Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

AFFIRM INC.
By: _____
Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7541
Facsimile:  (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:  202-274-1932

3

Fax:  703-448-6514
zachary.turk@troutman.com
*Counsel for Affirm Inc.*

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | |
|---|---|
| **RYAN MORRIS, SUI JURIS,**     ) | |
|     ) | |
| *Plaintiff,*     ) | |
|     ) | |
| **v.**     ) | **Case No. CL25-364** |
|     ) | |
| **AFFIRM, INC.,**     ) | |
|     ) | |
| *Defendant.*     ) | |
|     ) | |

## ORDER SUSTAINING PLEA IN BAR

On the ___ day of _____, 2025 came the Defendant Affirm, Inc. ("Affirm"), by counsel, upon its Plea in Bar; it is hereby

ORDERED that Affirm's Plea in Bar is SUSTAINED. The case is dismissed with prejudice.

Entered this ___ day of _____, 2025.

_____
Judge, Stafford Circuit Court

1

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

Ryan Morris, SUI JURIS

        Plaintiff,

vs.

AFFIRM, INC,

        Defendant.

Case No.: CL 25-364

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S PLEA IN BAR

## I. INTRODUCTION

Plaintiff Ryan Morris submits this memorandum to oppose Defendant Affirm, Inc.'s Plea in Bar, which asserts that this action is barred by the doctrine of res judicata. Plaintiff contends that res judicata is inapplicable because the present action for declaratory judgment involves a different cause of action, seeks distinct relief, and presents legal issues not litigated in the prior case. Additionally, the prior dismissal with prejudice may have resulted from a procedural or administrative error, not a final judgment on the merits. This inconsistency is evidenced by contradictory language in the order granting the nonsuit, which first acknowledged that Plaintiff requested a voluntary nonsuit without prejudice and later stated, within the same sentence, that the request was made with prejudice. Furthermore, the case number on the order was initially incorrect and later corrected by hand, further suggesting an error in the drafting process (Plea in Bar, Ex 2). Given these discrepancies, Defendant's reliance on the dismissal as a basis for res judicata is unsupported.

## II. LEGAL STANDARD FOR RES JUDICATA IN VIRGINIA

Under Virginia law, res judicata bars a subsequent action if: (1) the parties or their privies are identical; (2) the cause of action is identical; and (3) a final judgment on the merits was entered in the first case. See *Mack v. Yankah*, 204 B.R. 161, 165 (E.D. Va. 2014). All three elements must be satisfied for res judicata to apply.

## III. ARGUMENT

### A. The Present Action Involves a Different Cause of Action

Defendant's Plea in Bar asserts that both cases arise from the same facts. However, res judicata applies only when the second action involves the same cause of action that was or could have been litigated in the first case. *See Davis v. Marshall Homes, Inc.*, 269 Va. 102, 110 (2005). In *Davis*, the court ruled that res judicata did not apply

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S PLEA IN BAR - 1

because the subsequent lawsuit sought different relief and addressed different legal issues than the first case. Similarly, the prior lawsuit here alleged defamation and defamation per se, focusing on reputational harm caused by false credit reporting. In contrast, this case seeks a declaratory judgment that Defendant lacks standing to enforce an alleged debt. These causes of action involve different elements and legal standards. Standing is a threshold legal issue unrelated to the truth or malice of Defendant's statements. Moreover, the distinct nature of the relief sought and the legal issues involved preclude the application of res judicata.

### B. The Relief Sought Is Different

The relief sought in this action is a declaratory judgment that Defendant lacks standing to collect or report the alleged debt. This forward-looking remedy differs from the damages and injunctive relief sought in the defamation case. *Davis* demonstrates that res judicata does not apply when the relief sought in the second action differs from that sought in the first case, even if the cases arise from similar factual circumstances.

### C. The Prior Dismissal With Prejudice Does Not Bar This Action Due to Procedural (Possibly Administrative) Error

Defendant contends that the prior dismissal with prejudice constitutes a final judgment on the merits. However, Plaintiff explicitly requested a nonsuit without prejudice under Virginia Code § 8.01-380, which provides a statutory right to one voluntary nonsuit without prejudice as a matter of law. In the order granting the nonsuit, the language appears contradictory, first acknowledging that Plaintiff requested a voluntary nonsuit without prejudice and later stating, within the same sentence, that the request was made with prejudice. Additionally, the case number listed on the order was initially incorrect and later corrected by hand, suggesting an administrative error during the drafting process. Although the timeframe to challenge that ruling has passed, these inconsistencies undermine Defendant's reliance on the dismissal as a basis for res judicata.

### D. Application of Res Judicata Would Result in Manifest Injustice

Even if all elements of res judicata were met, courts have discretion to decline its application when it would result in manifest injustice. *See Mack v. Yankah*, 204 B.R. at 167. In that case, the court allowed reconsideration to prevent manifest injustice when a pro se litigant's inexperience with evidentiary requirements would have otherwise resulted in an unfair outcome. Similarly, here, Defendant's continued reporting of the disputed debt causes ongoing harm to Plaintiff's credit and financial reputation. Denying Plaintiff the opportunity to challenge Defendant's

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S PLEA IN BAR - 2

standing would result in ongoing and unjustified harm. As in *Mack v. Yankah*, applying res judicata in this context would create an inequitable outcome and contradict principles of fairness.

### E. Defendant's "Could Have Been Raised" Argument Is Misplaced

Defendant asserts that Plaintiff could have raised the standing issue in the prior case. However, the defamation case centered on whether Defendant's statements were false and made with malice, not whether Defendant had legal standing to enforce the debt. Raising the issue of standing would have been irrelevant and outside the scope of the defamation claims. *Davis* reinforces that res judicata does not apply when the legal issues in the second action could not have been raised within the scope of the first proceeding, even if both cases arise from the same underlying facts.

### IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Plea in Bar and allow this case to proceed on the merits.

Dated: February 24, 2025

Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S PLEA IN BAR - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## **CERTIFICATE OF SERVICE**

I hereby certify under penalties of perjury that on this 24th day of February 2025, a true and correct copy of the foregoing *Plaintiff's Memorandum in Opposition To Defendant's Plea In Bar* was filed with the Clerk of Court and sent by electronic mail to the following:

Ethan G. Ostroff & Zachary A. Turk

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

Ryan-Tyrone: Morris

PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S PLEA IN BAR - 4

V I R G I N I A:

### IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | | |
|---|---|---|
| RYAN MORRIS, SUI JURIS, | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| v. | ) | **Case No. CL25-364** |
| | ) | |
| AFFIRM, INC., | ) | |
| | ) | |
| *Defendant.* | ) | |
| | ) | |

### <u>NOTICE OF HEARING</u>

PLEASE TAKE NOTICE that the undersigned, as counsel for Affirm, Inc. ("Affirm"), will

bring on for hearing its Plea in Bar of Res Judicata before the Circuit Court Judge Presiding on

April 21, 2025 at 11:00 a.m., at Stafford Circuit Court, 1300 Courthouse Road, Stafford, VA

22555-0069.  Counsel requests 15 minutes for the Plea in Bar of Res Judicata.


Dated: February 27, 2025                        Respectfully submitted,

                                                AFFIRM, INC.

                                                By:  */s/Zachary A. Turk*

                                                Ethan G. Ostroff (VSB No. 71610)
                                                TROUTMAN PEPPER
                                                HAMILTON SANDERS LLP
                                                222 Central Park Avenue, Suite 2000
                                                Virginia Beach, VA  23462
                                                Telephone:  (757) 687-7541
                                                Facsimile:  (757) 687-1541
                                                E-mail: ethan.ostroff@troutmansanders.com

                                                Zachary A. Turk (VSB No. 97266)
                                                TROUTMAN PEPPER
                                                HAMILTON SANDERS LLP
                                                401 9th Street NW, Suite 1000

Washington, DC 20004
Tel:  202-274-1932
Fax:  703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 27th day of February 2025, a true and correct copy of the

foregoing *Notice of Hearing* was sent via electronic mail to the following:

Ryan Morris
*Pro Se Plaintiff*
Ryan86Morris@gmail.com


*/s/Zachary A. Turk*
Zachary A. Turk (VSB No. 97266)

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

Ryan Morris, SUI JURIS

          Plaintiff,

vs.

AFFIRM, INC,

        Defendant.

Case No.: CL 25-364

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S INSUFFICIENT AFFIRMATIVE DEFENSES

FILED CLERK OF COURT CIRCUIT COURT STAFFORD VIRGINIA 2025 FEB 27 P 1: 52

COMES NOW Plaintiff, Ryan Morris, and moves this Honorable Court, pursuant to Virginia Code § 8.01-274, to strike Defendant's insufficient and legally deficient affirmative defenses set forth in its responsive pleading. In support thereof, Plaintiff states as follows:

## I. INTRODUCTION

Defendant has asserted multiple affirmative defenses that are legally insufficient, redundant, and immaterial to the claims at issue. Specifically, Defendant asserts a failure to state a claim, res judicata, and an arbitration defense, among others, which are either improper affirmative defenses or factually unsupported in this matter.

The Virginia Code permits striking defenses that fail as a matter of law. Virginia Code § 8.01-274 provides that a court may test the sufficiency of any defensive pleading through a motion to strike. Because certain defenses asserted by Defendant fail to meet the required legal standard or are otherwise legally irrelevant, they must be stricken from the pleadings.

## II. LEGAL STANDARD

Under Virginia Code § 8.01-274, a motion to strike is the appropriate mechanism to challenge insufficient defenses in any civil action. Courts in Virginia have recognized that a motion to strike should be granted where an affirmative defense is legally insufficient on its face and fails as a matter of law. *See Graydon Manor, LLC v. Bd. of Supervisors of Loudoun Cnty.*, 79 Va. App. 156, 166, 894 S.E.2d 341, 346 (2023) (holding that a motion to strike should be granted if the evidence presented is insufficient as a matter of law to support the plaintiff's claim, and thus the case or individual issue should not be submitted to the factfinder). Additionally, when a defense is based on a legal argument that is facially meritless, granting leave to amend would be futile.

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S INSUFFICIENT AFFIRMATIVE DEFENSES - 1

# III. ARGUMENT

## A. Failure to State a Claim is Not a Proper Affirmative Defense

The Eastern District of Virginia has expressly recognized that failure to state a claim is not an acceptable affirmative defense because it is not recognized as one. *See Odyssey Imaging, LLC v. Cardiology Assocs. of Johnston, LLC*, 752 F. Supp. 2d 721, 727 (W.D. Va. 2010) (holding that failure to state a claim is not an affirmative defense at all); *Cheney v. Vitro Am., Inc.*, 2010 WL 512581, at *1 (W.D. Va. 2010) (stating that failure to state a claim is not an affirmative defense, but rather a basis upon which to file a motion to dismiss). Additionally, *Malibu Media, LLC v. Popp*, No. 114CV00700GBLJFA, 2015 WL 10937405, at *3 (E.D. Va. Apr. 13, 2015) held that this defense is improperly pleaded because failure to state a claim is a Rule 12(b)(6) argument, not an affirmative defense.

Because Defendant's assertion does not meet this standard, its failure to state a claim defense is legally improper and must be stricken.

## B. Res Judicata is Inapplicable and Must Be Struck

Defendant asserts that Plaintiff's claims are barred by res judicata. However, the prior case referenced by Defendant was dismissed without prejudice, meaning there was no final judgment on the merits. *See Primov v. Serco, Inc.*, 296 Va. 59, 817 S.E.2d 811 (2018) ("A dismissal of a suit without prejudice is no decision of a controversy on its merits, and leaves the whole subject of litigation as much open to another suit as if no suit had ever been brought."). Additionally, the Order to Vacate and Amended Order dated February 25, 2025, attached hereto as Exhibit A, confirms that there was no final adjudication on the merits. Since res judicata requires a final judgment on the merits, Defendant's assertion of this defense is legally deficient and should be stricken.

## C. The Arbitration Agreement Defense is Premature and Unsupported

Defendant claims that Plaintiff's claims are subject to an arbitration agreement under the Federal Arbitration Act, 9 U.S.C. §§ 1, et seq. However, Defendant has not provided any evidence that an enforceable arbitration agreement exists. Courts have held that an arbitration defense must be supported by a valid agreement before it can be considered a valid affirmative defense. *See Adkins v. Lab. Ready, Inc.*, 303 F.3d 496 (4th Cir. 2002) (holding that even though arbitration has a favored place, there still must be an underlying agreement between the parties to arbitrate). Because Defendant's assertion is speculative and unsupported, it must be stricken.

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S INSUFFICIENT AFFIRMATIVE DEFENSES - 2

### D. Defendant's Defenses Regarding Plaintiff's Alleged Damages Are Irrelevant

Defendant asserts that Plaintiff's claims fail due to lack of damages. However, Plaintiff has not asserted any claim for damages, making this defense irrelevant to the case. A defense that does not address a claim actually made in the complaint is legally insufficient and must be stricken.

Additionally, Defendant mischaracterizes the nature of a declaratory judgment action by implying that damages must be asserted. Under Virginia law, a declaratory judgment action concerns the plaintiff's rights and legal standing, not the likelihood of recovering damages. *See Lott v. Scottsdale Ins. Co., 811 F. Supp. 2d 1224 (E.D. Va. 2011)* (*holding that in a declaratory judgment action, the focus is on the plaintiff's legal rights if damages were awarded, rather than the likelihood of recovering damages in an underlying claim; the determinative issue is the impact on the plaintiff's ability to recover, not the assertion of actual damages*). Because Plaintiff has not sought monetary relief, Defendant's argument is legally baseless and must be stricken.

### E. Defendant's Defenses Regarding Good Faith Investigation Are Irrelevant

Defendant argues that it acted reasonably and in good faith based on an alleged investigation into the ownership of the disputed matter. However, under Virginia law, good faith does not excuse negligence or failure to perform a legal duty. *See Lawton v. Walker, 231 Va. 247, 343 S.E.2d 335 (1986).* Defendant cannot invoke good faith as a defense when it has failed to present any evidence that it had a legal right to act in the first place. *See White v. Gilliam, 244 Va. 113, 419 S.E.2d 247 (1992)* (holding that good faith requires an honest belief in the right to act, not mere negligence or omission). Because Defendant has not provided any supporting evidence that it conducted a legitimate investigation prior to asserting its rights, this defense is speculative, unsupported, and must be stricken.

### F. Defendant's Attempt to Reserve Additional Defenses is Improper

Defendant asserts a blanket reservation of the right to assert additional defenses as the case progresses. However, this is legally improper as an affirmative defense. Affirmative defenses must be pleaded with specificity and clarity, not left open-ended for potential future claims.

Courts have held that such reservations are not valid affirmative defenses and should be stricken. *See Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321, 330–331, 91 S.Ct. 795, 28 L.Ed.2d 77 (1971)* (holding that a reserved right to rely upon unpleaded defenses is not a defense of any kind, much less an affirmative

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S INSUFFICIENT AFFIRMATIVE DEFENSES - 3

1   one, and that if a new affirmative defense is revealed during the pretrial discovery process, the defendant may seek

2   leave to amend, which will generally be granted absent unfair prejudice).

3     Since Defendant may seek leave to amend its Answer if new defenses arise, this reservation is both

4   redundant and legally insufficient, and should therefore be stricken.

5   **IV. CONCLUSION**

6     For the foregoing reasons, Plaintiff respectfully requests that this Court:

7    1. Strike strike all of Defendant's affirmative defenses as legally insufficient;

8    2. Require Defendant to file an Answer to the Complaint without the stricken defenses;

9    3. Compel Defendant to respond to all outstanding discovery requests; and

10   4. Grant any further relief as the Court deems just and proper.

11  Dated: February 27, 2025

12

13  Ryan Morris

14  333 Woodstream Boulevard
 Stafford, VA 22556

15   Tel:  443-314-1216
 Ryan86Morris@gmail.com

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S INSUFFICIENT AFFIRMATIVE DEFENSES - 4

## **CERTIFICATE OF SERVICE**

I hereby certify under penalties of perjury that on this 27th day of February 2025, a true and correct copy of the foregoing *Plaintiff's Motion to Strike Defendant's Insufficient Affirmative Defenses* was filed with the Clerk of Court and sent by electronic mail to the following:

Ethan G. Ostroff & Zachary A. Turk

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

Ryan-Tyrone: Morris

PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S INSUFFICIENT AFFIRMATIVE DEFENSES - 5

Ex. A

VIRGINIA:

## IN THE CIRCUIT COURT OF STAFFORD COUNTY

RYAN-TYRONE MORRIS
Plaintiff

v.                                          Case No.: CL23003631-00

AFFIRM HOLDINGS, INC.,
Defendant

## **ORDER TO VACATE**

It appearing to the Court, an Order was entered on November 24, 2024 which Dismissed with Prejudice the plaintiff's, Ryan-Tyrone Morris, Contract Action suit.

The Order stated the case was Dismissed with Prejudice and included an incorrect case number, this was clerical error.

Therefore, the order entered on November 24, 2024 for the above Contract Action is hereby **VACATED**.

The Clerk is directed to certify and forward a copy of this Order to all parties.

Entered this 25th day of February, 2025.

_____
Michael E. Levy, Judge

*Signatures Waived Pursuant to Rule 1:13*

**VIRGINIA:**

## IN THE CIRCUIT COURT OF THE COUNTY OF STAFFORD

**Ryan-Tyrone Morris**

**V**                                          Case #CL23003631-00

**Affirm Holdings, Inc.,**

### AMENDED ORDER

It appearing to the Court Ryan-Tyrone Morris, Pro Se filed a Notice of Voluntary Nonsuit without Prejudice in the Clerks Office on November 7, 2024, requesting the case be Nonsuited without Prejudice and removed from the docket.

Wherefore, this case is Nonsuited without Prejudice upon the request of the Plaintiff and agreed to by the Defendant. The Clerk is to send certified copies of this Order to all parties and counsel of record.

Entered this 25th day of February 2025.

_____
Michael E. Levy, Judge

*Signatures Waived Pursuant to Rule 1:13*

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | | |
|---|---|---|
| RYAN MORRIS, SUI JURIS, | ) | |
| *Plaintiff,* | ) ) | |
| v. | ) ) | Case No. CL25-364 |
| AFFIRM, INC., | ) ) | |
| *Defendant.* | ) ) ) | |

## MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER

Defendant, Affirm, Inc. ("Affirm"), by counsel, and pursuant to Rule 4:1(c) of the Rules of Supreme Court of Virginia, moves for a protective order staying all discovery pending the Court's rulings on its Plea in Bar of Res Judicata filed in response to the Complaint filed by Plaintiff, Ryan Morris ("Plaintiff"). In support of this Motion, Affirm states as follows:

1.    On or about January 30, 2025, Plaintiff filed the instant Complaint. Along with the Complaint, Plaintiff also served Affirm with interrogatories, requests for production, and requests for admissions (collectively, the "Discovery Requests") on February 3, 2025.

2.    Affirm's deadline to respond to the Discovery Requests is currently March 3, 2025.

3.    On or about February 21, 2025, Affirm filed its Plea in Bar to Plaintiff's Complaint, in which it requests a dismissal with prejudice of the entire Complaint.

4.    On or about February 26, 2025, pursuant to Va. Sup. Ct. Rule 4:1(b)(8) Affirm contacted Plaintiff via electronic mail and in good faith attempted to confer with Plaintiff in an effort to determine whether the Parties could agree to a stay of discovery without court action. Plaintiff expressed that he did not agree to a stay of discovery while the plea in bar is pending.

5.      Responding to Plaintiff's Discovery Requests would be unduly burdensome, wasteful, and oppressive given the pending Plea in Bar of Res Judicata, which is incorporated by reference herein and presents a single dispositive issue to be ruled on by the Court.

6.      Pursuant to Va. Sup. Ct. R. 4:1(c), the Court "may make an order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including one or more of the following: (1) that discovery not be had; (2) that the discovery may be had only on specified terms and conditions, including a designation of the time or place…" Va. Sup. Ct. R. 4:1(c).

7.      Moreover, this Court may use "its discretion" to "order[] that discovery on some or all issues in the action should be suspended." Va. Sup. Ct. R. 4:1(d)(2).

8.      Virginia courts routinely stay discovery pending ruling on dispositive motions. *See Jared and Donna Murayama 1997 Trust v. NISC Holdings, LLC*, 284 Va. 234, 250, 727 S.E.2d 80, 89 (2012) (trial court did not abuse its discretion by suspending discovery while court considered pending motion for summary judgment); *Cooper v. Lee County Bd. of Supervisors*, 966 F. Supp. 411, 412 (W.D. Va. 1997) (staying discovery pending resolution of motion to dismiss); *Dick Kelly Enters. v. City of Norfolk*, 243 Va. 373, 383, 416 S.E.2d 680, 686 (1992) (trial court did not abuse its discretion by limiting discovery while court considered pending motion for summary judgment).

9.      In this case, a favorable ruling on the Plea in Bar would negate the need for the discovery Plaintiff seeks in the matter as it would result in a dismissal with prejudice based on the doctrine of res judicata claim preclusion. Affirm should not be forced to bear the undue burden of answering written discovery until the merits of Plaintiff's claims have been tested. Thus, discovery should be stayed until the Court's disposition of the Plea in Bar.

10.    Accordingly, Affirm moves for a protective order and to stay all discovery until this Court has issued a ruling on the pending Plea in Bar.  A proposed order granting this motion is attached hereto as **Exhibit 1**.

WHEREFORE, Defendant Affirm, Inc. requests that its Motion to Stay Discovery and for Protective Order be granted and that it be granted such other and further relief as this Court deems appropriate.

Dated: March 3, 2025                        Respectfully submitted,

AFFIRM, INC.

By:  _____

Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7541
Facsimile:  (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:  202-274-1932
Fax:  703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm, Inc.*

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on this 3rd day of March, 2025, a true and correct copy of the foregoing

Motion to Stay Discovery and Protective Order was sent via email and first class mail, postage

prepaid, to the following Pro-se Plaintiff:

<u>**Plaintiff**</u>
Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

AFFIRM, INC.

By: _____
Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER
HAMILTON SANDERS LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: 202-274-1932
Fax: 703-448-6514
E-mail: zachary.turk@troutman.com

*Counsel for Affirm, Inc.*

# Exhibit 1

**V I R G I N I A :**

### IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | | |
|---|---|---|
| **RYAN MORRIS, SUI JURIS,** | ) | |
| *Plaintiff,* | ) | |
| | ) | |
| **v.** | ) | **Case No. CL25-364** |
| | ) | |
| **AFFIRM, INC.,** | ) | |
| *Defendant.* | ) | |
| | ) | |

### ORDER

This matter came before the Court on the Motion to Stay Discovery and for Protective Order filed by Defendant Affirm, Inc. ("Affirm"). Upon consideration of Affirm's Motion to Stay Discovery and for Protective Order and any Opposition filed in response, for the reasons stated from the bench and for good cause shown, it is hereby

**ORDERED** that, pursuant to Rule 4:1(c) of the Rules of Supreme Court of Virginia, Affirm's Motion to Stay Discovery and for Protective Order is hereby **GRANTED**; and it is further

**ORDERED** that all discovery is stayed until this Court issues a ruling on Affirm's Plea in Bar of Res Judicata.

Entered this ____ day of _____, 2025.

_____

Judge, Stafford Circuit Court

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

Ryan Morris, SUI JURIS

          Plaintiff,

vs.

AFFIRM, INC,

          Defendant.

Case No.: CL 25-364

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES

Movant, Ryan Morris, respectfully represents:

1.      Movant is a party in the above-entitled proceeding. Procedural matters in this proceeding are governed by Virginia Rule of Supreme Court 4:12.

2.      Within the time required by Virginia Rule of Supreme Court 4:8 and 4:9, movant served a written discovery request on Affirm, Inc., respondent, pursuant to Virginia Rule of Supreme Court 4:1. This request was filed concurrently with the Complaint on January 30, 2025, and remains part of the court record. The matters sought to be discovered are outlined therein.

3.      The matters sought to be discovered are specified in Virginia Rule of Supreme Court 4:1(b)(1) as discoverable matters, subject only to such protection against disclosure as the law affords on principles of privilege or confidentiality or under the doctrine of attorney work product. The requested discovery is relevant because it pertains to the alleged debt at issue, the agreement governing the alleged obligation, and the factual and legal basis on which Defendant asserts its claims.

4.      Respondent has failed and refused to comply with the request for discovery, in that Defendant has:

- Asserted boilerplate objections without factual support, including objections of vagueness, ambiguity, and undue burden;

- Refused to produce critical documents, including the original signed agreement, proof of consideration, and the complete transaction history of the alleged debt;

- Provided evasive or incomplete responses, particularly regarding the factual and legal basis of its claims, despite referencing answers in its responses to Plaintiff's Requests for Admission.

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES - 1

5.      On March 4, 2025, Plaintiff conferred with Defendant's counsel, Mr. Zachary A. Turk, to determine whether Defendant would amend its discovery responses without court intervention. During this conversation, Plaintiff also ensured that Mr. Turk was aware of the Amended Order, which nullifies the basis for Defendant's Plea in Bar. Despite this, counsel stated that Defendant would not amend its responses and preferred to wait for the hearing on April 21, 2025. Since no resolution was reached, Plaintiff now seeks relief from the Court.

6.      Respondent has refused to comply with movant's request for discovery on the ground that discovery is premature pending the Plea in Bar for Res Judicata. However, this stated ground is insufficient as applied to the facts of this case, in that:

- The Plea in Bar is based on a nonsuit without prejudice, which does not constitute a final adjudication on the merits and does not invoke res judicata;

- Defendant has already responded in part to Plaintiff's discovery, demonstrating that responding is not unduly burdensome;

- Defendant's refusal to provide full responses while selectively answering portions of discovery constitutes an improper litigation tactic aimed at obstructing fact-finding. Courts have consistently held that a party cannot evade discovery obligations by asserting vague objections while simultaneously relying on partial responses. *See Clark v. Trans Union, LLC, supra, at 2 (holding that evasive and contradictory discovery responses undermine the discovery process and should be overruled)*. Defendant's actions are not only inconsistent but also prejudicial to Plaintiff's ability to litigate this matter effectively;

- Here, Defendant's objections are entirely unsupported by any factual evidence. Virginia courts require a party objecting to discovery to provide a specific factual basis, not mere conclusory assertions. Defendant has not offered any affidavits, records, or explanations demonstrating how responding to Plaintiff's discovery requests would be unduly burdensome. Absent such evidence, its objections should be deemed waived, and full discovery responses should be compelled;

- Defendant cannot use a pending motion as a shield to avoid its discovery obligations.

Virginia courts have held that a party must substantiate its objections with facts and cannot

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES - 2

refuse discovery based on unsupported assertions of burden or irrelevance. See *Clark v. Trans*

*Union, LLC*, No. 3:15CV391, 2017 WL 11504623, at 2 (E.D. Va. Mar. 1, 2017) (*holding that*

*general objections and non-specific claims of burden are insufficient and must be overruled*

*unless properly supported by evidence*).

WHEREFORE, movant requests that an order be issued that:

1.    Movant is entitled to prompt and effective discovery of all matters referred to in the request; and

2.    Respondent be ordered to comply fully with the request immediately.

Respectfully Submitted this 5th day of March 2025.

Ryan-Tyrone: Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel:  443-314-1216
Ryan86Morris@gmail.com

PLAINTIFF'S MOTION TO COMPEL DISCOVERY RESPONSES - 3

## CERTIFICATE OF SERVICE

I hereby certify under penalties of perjury that on this 5th day of March 2025, a true and correct copy of the foregoing *Plaintiff's Opposition To Defendant's Motion To Stay Discovery And For Protective Order* was filed with the Clerk of Court and sent by electronic mail to the following:

Ethan G. Ostroff & Zachary A. Turk

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

Ryan-Tyrone: Morris

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER - 5

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

Ryan Morris, SUI JURIS

              Plaintiff,

vs.

AFFIRM, INC,

              Defendant.

Case No.: CL 25-364

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER

FILED
CLERK OF COURT
2025 MAR -5 A 10: 11
CIRCUIT COURT
STAFFORD VIRGINIA

      COMES NOW Plaintiff, Ryan Morris, and respectfully submits this Opposition to Defendant Affirm, Inc.'s ("Defendant") Motion to Stay Discovery and for Protective Order. Defendant seeks to stay all discovery pending resolution of its Plea in Bar of Res Judicata. However, as demonstrated below, Defendant's request is without merit and should be denied.

### I. Defendant's Plea in Bar Is Not a Valid Basis for a Stay of Discovery

      Defendant argues that its pending Plea in Bar justifies a stay of discovery. However, the Plea in Bar is premised upon an order for a nonsuit without prejudice, which does not constitute a final adjudication on the merits.

      1.     Res Judicata Does Not Apply – A nonsuit without prejudice does not bar a subsequent action, as it does not resolve the case on its merits. Courts have consistently held that a dismissal without prejudice "essentially 'stands on the same footing as a nonsuit and does not bar further action for the same cause.'" *Poullath v. Roney*, 75 Va. Cir. 352 (2008) (quoting *Virginia Concrete Co. v. Bd. of Supervisors*, 197 Va. 821, 826 (1956)). Similarly, in *Payne v. Vista Extract Co.*, 124 Va. 296, 313 (1919), the court explained that "if a plaintiff voluntarily dismisses an action without prejudice, it is considered that the suit has never been filed." See also *John v. Salisbury Towing Corp.*, 85 Va. Cir. 368, 372 (Norfolk City 2012).

      2.     Discovery Should Proceed – Because the Plea in Bar is based on a legally deficient argument, staying discovery would serve no purpose other than to delay the case and hinder Plaintiff's ability to gather necessary evidence.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER - 1

## II. Defendant's Own Actions Contradict Its Motion to Stay Discovery

Defendant's motion to stay discovery is contradicted by its own conduct. While Defendant argues that discovery should be stayed, it has already served objections and responses to Plaintiff's discovery requests. This is fundamentally inconsistent with its claim that responding to discovery would be burdensome, unnecessary, or premature. Defendant is fully aware that its Plea in Bar is fundamentally flawed, yet continues to assert it as though it were a valid legal barrier to discovery.

1.    <u>Participation in Discovery Undermines the Motion to Stay</u> – If Defendant truly believed that discovery should be stayed, it would have waited for a ruling on its motion before serving responses. By voluntarily submitting objections and partial responses, Defendant has waived its argument that discovery should not proceed.

2.    <u>Objections Are Still Discovery Responses</u> – Defendant cannot selectively object to certain discovery requests while simultaneously claiming it should not have to respond at all. This conduct demonstrates that Defendant is merely seeking to avoid producing key evidence while appearing cooperative.

3.    <u>The Motion to Stay Is Moot</u> – Since Defendant has already responded in part, the Court should consider the Motion to Stay as moot. A stay would serve no purpose other than to shield Defendant from further compliance with its discovery obligations.

4.    <u>Contradictory Responses Regarding the Alleged Debt</u> – Defendant has referenced "answers" in its responses to Plaintiff's Requests for Admission, suggesting that it possesses specific information regarding the alleged debt. However, Defendant is selectively avoiding interrogatories where it would be required to have an employee swear under oath to the accuracy of the response. Instead, Defendant relies on hearsay statements from counsel while refusing to provide verified responses through an appropriate corporate representative. Defendant objected to Plaintiff's interrogatory seeking the factual and legal basis of the alleged debt by claiming it is vague and ambiguous, unduly burdensome, and not limited to a specific time frame (Def. Obj. Interrogatories, Para 1). This inconsistency highlights that Defendant is attempting to cherry-pick where it provides information while avoiding full disclosure. This practice contradicts Virginia discovery principles, which require full and fair disclosure rather than selective, self-serving responses.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER - 2

Courts have rejected such discovery tactics, finding that evasive responses undermine the fact-finding process and should not be permitted. *See Clark v. Trans Union, LLC, No. 3:15CV391, 2017 WL 11504623, at 2 (E.D. Va. Mar. 1, 2017) (holding that a party cannot selectively provide partial discovery responses while withholding full factual disclosures).*

### III. Defendant's Cited Case Law Does Not Support a Discovery Stay

Defendant relies on case law that pertains to stays pending dispositive motions such as summary judgment or dismissals with prejudice. However, these cases are inapplicable to the present matter:

1. Jared and Donna Murayama 1997 Trust v. NISC Holdings, LLC (2012) – This case involved a demurrer, where the court ruled that the plaintiff's fraud claim failed due to lack of reasonable reliance on the defendants' alleged misrepresentations. The court exercised discretion to suspend discovery while reviewing the demurrer. However, unlike a demurrer, a Plea in Bar does not test the legal sufficiency of a claim but rather asserts an affirmative defense. Here, no valid basis exists for a discovery stay because the Plea in Bar does not resolve the case on the merits.

2. Cooper v. Lee County Bd. of Supervisors (1997) – In Cooper, the court stayed discovery while considering legislative immunity, a defense that, if granted, would have fully shielded individual board members from liability. However, the court ultimately rescinded the stay, allowing discovery to proceed after ruling on the motion. Here, Affirm's Plea in Bar is not based on immunity but on res judicata, which is improperly asserted because it relies on a nonsuit without prejudice. Unlike Cooper, where the defense sought complete dismissal based on constitutional protection, Affirm's Plea in Bar does not create a threshold legal barrier that would justify suspending discovery.

3. Dick Kelly Enters. v. City of Norfolk (1992) – This case involved a zoning dispute where discovery was temporarily limited while a motion for summary judgment was pending. Unlike Dick Kelly, there is no pending summary judgment motion in this case, and Affirm's Plea in Bar does not resolve factual disputes. Therefore, the case is inapplicable to justify a stay of discovery.

Because Defendant's Plea in Bar does not dispose of the case in the same manner as the motions in its cited cases, there is no justification for staying discovery.

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER - 3

## IV. Staying Discovery Would Prejudice Plaintiff

1. <u>Plaintiff Has a Right to Conduct Discovery</u> – Virginia Rule 4:1(b)(1) permits broad discovery into any nonprivileged matter relevant to the claims or defenses of a party. A stay would unfairly deprive Plaintiff of this right.

2. <u>Delay Tactics Should Not Be Permitted</u> – Defendant's motion appears to be a deliberate attempt to obstruct the discovery process. If the Plea in Bar is ultimately denied, Defendant will have successfully postponed its discovery obligations to Plaintiff's detriment.

3. <u>Efficiency Considerations</u> – Granting a stay would prolong the litigation unnecessarily. If discovery proceeds concurrently with the Court's ruling on the Plea in Bar, the case can move forward more expeditiously.

## V. Conclusion

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant's Motion to Stay Discovery and for Protective Order and allow discovery to proceed as required under the Virginia Rules of Supreme Court.

Respectfully Submitted this 5th day of March 2025.

Ryan-Tyrone: Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION TO STAY DISCOVERY AND FOR PROTECTIVE ORDER - 4

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

Ryan Morris, SUI JURIS

   Plaintiff,

vs.

AFFIRM, INC,

   Defendant.

Case No.: CL 25-364

NOTICE OF HEARING

## NOTICE OF HEARING

PLEASE TAKE NOTICE that the undersigned will bring on for a 15 minute hearing its Motion to Consolidate, Motion to Strike, and Motion to Compel before the Circuit Court Judge Presiding, on April 21, 2025 at 11 a.m. at the Stafford Circuit Court in Courtroom 2, 1300 Courthouse Road, Stafford, VA 22555-0069.

Respectfully Submitted this 10th day of March 2025.

Ryan-Tyrone: Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

FILED
CLERK OF COURT
2025 MAR 10 A 11: 06
CIRCUIT COURT
STAFFORD VIRGINIA

NOTICE OF HEARING - 1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## CERTIFICATE OF SERVICE

I hereby certify under penalties of perjury that on this 10th day of March 2025, a true and correct copy of the foregoing *Notice of Hearing* was filed with the Clerk of Court and sent by electronic mail to the following:

Ethan G. Ostroff & Zachary A. Turk

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

Ryan-Tyrone: Morris

NOTICE OF HEARING - 2

**V I R G I N I A:**

IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | |
|---|---|
| RYAN MORRIS, SUI JURIS, | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | )   **Case No. CL25-364** |
| | ) |
| AFFIRM, INC., | ) |
| *Defendant.* | ) |
| | ) |

<u>**DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL**</u>

Defendant, Affirm, Inc. ("Affirm"), by counsel, submits its Opposition to the Motion to Compel Discovery Responses (the "Motion") filed by Plaintiff Ryan Morris ("Plaintiff" or "Morris").

<u>**INTRODUCTION**</u>

Plaintiff's Complaint for Declaratory Judgement ("Complaint") is nothing more than a tactic to harass Affirm so that Plaintiff can try to avoid repaying a loan agreement.

Affirm is a Delaware corporation that, among other things and as relevant here, operates an online platform that facilitates the making of personal loans to consumers in connection with purchases at the point of sale through merchants that partner with Affirm. Morris used Affirm's platform to apply for a loan from Celtic Bank to finance a purchase from Whirlpool – Inside Pass. The application was approved, and Morris accepted and signed the written "Loan Agreement" with Celtic Bank. The loan was processed and the funds in the amount of $7,028.15 were distributed to Whirlpool – Inside Pass to pay for his purchase. This loan received the Affirm Loan ID XXXX-M6NN (the "Loan") and Affirm became the holder of the Loan. A true and accurate copy of the Truth in Lending Disclosure and Loan Agreement governing the Loan is attached hereto as

**Exhibit 1**.  A true and accurate copy of the order information including the goods purchased by Plaintiff from Whirlpool – Inside Pass using the Loan proceeds is attached hereto as **Exhibit 2**.

Despite entering into the written Loan Agreement, receiving the benefit of the Loan to finance his purchase of the goods from the merchant, and making some monthly payments to Affirm as required by the Loan Agreement, Morris then decided to stop making his monthly payments on the Loan.

Morris is attempting to justify his breach of the Loan Agreement by asserting that there is insufficient evidence to establish Affirm's right to receive payments or a valid chain of title demonstrating Affirm's legal right to enforce the Loan Agreement.  He believes he does not need to repay the Loan, and that he can retain the goods he purchased without paying for them.

In additional efforts to wear Affirm down and cause Affirm to incur unnecessary costs and expenses to defend itself in this second litigation he has filed, Morris served overly broad, irrelevant and harassing written discovery that, among other things, seeks information that is already in his possession, custody and/or control as well as confidential and privileged documents and information.  On March 3, 2025, Affirm timely served its objections and responses, including identifying the many defects in Plaintiff's overbroad written discovery.  Plaintiff did not comply with the Rules of the Supreme Court of Virginia before filing this Motion or noticing it for hearing.  Accordingly, Plaintiff's Motion should be denied.

## PROCEDURAL HISTORY

On or about January 30, 2025, Plaintiff filed this Complaint.  On February 3, 2025, Plaintiff served Affirm with the Complaint along with interrogatories, requests for production, and requests for admissions (collectively, the "Requests").

On February 21, 2025, Affirm filed its Answer and Affirmative Defenses, along with a Plea in Bar of Res Judicata seeking dismissal of the case based upon a prior dismissal with prejudice that had been entered in a previous case between the parties (Case CL23003631). *See* **Exhibit 3**.

On March 3, 2025, Affirm served its Objections and Responses to Plaintiff's interrogatories, requests for production, and requests for admissions. While Affirm objected on numerous grounds, it also provided some responses. Also, on March 3, 2025, Affirm filed a Motion to Stay Discovery with the Court pending a decision on Affirm's Plea in Bar of Res Judicata.

During a telephone conversation with counsel for Affirm on March 4, 2025, Plaintiff informed Affirm that the Court had entered an Order to Vacate the dismissal with prejudice entered in Case No. CL23003631 and an Amended Order to dismiss that prior lawsuit without prejudice.[1] *See* **Exhibit 4** and **Exhibit 5**, respectively. Plaintiff did not attempt to meet and confer about any of the other objections or the substance of Affirm's responses.

On March 5, 2025, Plaintiff filed this Motion. On March 10, 2025, Plaintiff filed a Notice of Hearing. Neither contains a certification that a good faith meet and confer has occurred.

## LEGAL STANDARD

Rule 4:12 of the Rules of the Supreme Court of Virginia requires that "a motion under subdivision (a) of this Rule *must be accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.*" (Emphasis added).

---

[1] Unbeknownst to Affirm until March 14, 2025, the Court *sua sponte* entered these two Orders on February 25, 2025.

Rule 4:15(b) of the Rules of the Supreme Court of Virginia states that the parties "*must make a reasonable effort to* confer before giving notice of a motion to resolve the subject of the motion and to determine a mutually agreeable hearing date and time." (Emphasis added).  Rule 4:15(b) further requires that "[t]he notice [of hearing] *must be accompanied by a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action.*" *Id.* (emphasis added).

## ARGUMENT

Plaintiff's Motion to Compel should be denied for multiple reasons.

First, Plaintiff has not complied with either Rule 4:12 or Rule 4:15.  Plaintiff did not make a reasonable effort to confer before noticing this Motion for hearing.  And, neither Plaintiff's Notice of Hearing nor his Motion contains the required certification that Plaintiff has in good faith conferred or attempted to confer to resolve the Motion before filing it and noticing it for hearing. While counsel for Affirm did have a brief telephone conversation with Plaintiff on March 4, 2025, in which the parties generally discussed the discovery responses, Plaintiff did not attempt to clarify or address the objections raised by Affirm regarding issues with the Requests.  To date, Plaintiff still has not done so.

Second, Affirm stands on its objections.  Plaintiff's Requests are unduly burdensome, overly broad, vague, and ambiguous.  Additionally, Plaintiff's Requests seek information that is confidential, proprietary, and privileged.  Plaintiff's Requests do not define terms, do not identify the "alleged debt" that Plaintiff claims is at issue, and do not identify the time period(s) at issue. Instead, Plaintiff, the party initiating this action and with the burden of proving his case, asserts that Affirm should provide him all information on an unidentified debt from an unidentified time that Plaintiff claims he does not owe.  This is improper and Affirm's objections to the requests

should be sustained. *See, e.g., James v. Edwards*, 85 Va. Cir. 139, 141 (Cir. Ct. 2012) (a party seeking discovery must establish a "factual predicate" with respect to relevancy and sustaining objections to discovery requests because the requests were not restricted to any period of time).

Furthermore, the information sought is duplicative because it is already within Plaintiff's possession, custody and/or control as he previously made payments on what Affirm believes is the Loan at issue. Indeed, Plaintiff has initiated this lawsuit despite being fully aware of the Loan Agreement that appears to be at issue and his contractual obligations to Affirm. However, his refusal to acknowledge the validity of the Loan Agreement or generally cite to it is likely because Plaintiff understands that any acknowledgment of it and its veracity renders his case meritless. In essence, Plaintiff seeks to place the burden on Affirm to prove the validity of the parties' contractual relationship despite it being entirely Plaintiff's burden to prove the merits of his claims in this action.

The Court should recognize that Plaintiff's actions are unsupported attempts to prolong this meritless litigation with unnecessary motions practice. Given the unnecessary nature of the Motion, the issues with the discovery requested, and Plaintiff's failure to even attempt to resolve these discovery issues without Court intervention, Affirm respectfully submits the Court should deny the Motion.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Affirm, Inc. requests that Plaintiff's Motion to Compel be denied, and that it be granted such other and further relief as this Court deems appropriate.

Dated: April 25, 2025

Respectfully submitted,

AFFIRM, INC.

By: _____

Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7541
Facsimile:  (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER LOCKE LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:  202-274-1932
Fax:  703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of April, 2025, a true and correct copy of the foregoing Opposition to Plaintiff's Motion to Compel was sent via email and first class mail, postage prepaid, to the following Pro-se Plaintiff:

**Plaintiff**
Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

AFFIRM, INC.

By: _____

Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER LOCKE LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: 202-274-1932
Fax: 703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm, Inc.*

# Exhibit 1

# Truth in Lending Disclosure

**Loan ID:** ████-M6NN

**BORROWER**

## Ryan Morris

333 Woodstream Blvd
Stafford, VA 22556

**CREDITOR**

## Celtic Bank

268 South State Street, Suite 300
Salt Lake City, UT 84111

Number of Payments – **12**

Amounts of Payments 1 through 11 – **$585.68**

Amount of Payment 12 – **$585.67**

Due Monthly Starting – **6/26/23** *

| | |
|---|---|
| **ANNUAL PERCENTAGE RATE** - The cost of your credit as a yearly rate | **0.00% APR** |
| **FINANCE CHARGE** - The dollar amount the credit will cost you | **$0.00** * |
| **Amount Financed** - The amount of credit provided on your behalf | **$7,028.15** * |
| **Total of Payments** - The amount you will have paid when you have made all scheduled payments | **$7,028.15** * |

**Late Charge:** If a payment is late, you will not be charged a separate fee or penalty.

**Prepayment:**

If you pay off early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.

See your Loan Agreement below for additional information about nonpayment, default, any required repayment in full before the schedule date, and prepayment refunds.

*This is an estimate based on the merchant processing your order on 5/25/23.

**Itemization of the Amount Financed:** Celtic Bank will pay $7,028.15 to Whirlpool - Inside Pass.

# Loan Agreement

**THIS AGREEMENT INCLUDES AN ARBITRATION PROVISION IN SECTION 32. IT WILL HAVE A SUBSTANTIAL EFFECT ON YOUR RIGHTS IN THE EVENT OF A DISPUTE UNLESS YOU: (1) OPT OUT PROPERLY IN ACCORDANCE WITH SECTION 32; OR (2) ARE PROTECTED BY THE MILITARY LENDING ACT. FOR EXAMPLE, IF THE LOAN HOLDER ELECTS TO REQUIRE YOU TO ARBITRATE ANY CLAIM, YOU WILL NOT HAVE THE RIGHT TO A JURY TRIAL OR THE RIGHT TO PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION.**

**1. Introduction.**

This Loan Agreement ("Agreement") outlines the terms and conditions under which a loan will be issued. The parties (each, a "Party" and collectively, "Parties") to this Agreement are you and Celtic Bank, a Utah State Chartered Industrial Bank, Member FDIC ("Celtic Bank"). "You" and "your" means the borrower under this Agreement. The term "merchant" shall mean the third-party person or company who will be providing and/or delivering merchandise or goods/services to you. Additionally, for purposes of this Agreement, the terms "Amount Financed" and "Finance Charge" shall mean the Amount Financed and Finance Charge specified in the accompanying Truth in Lending Disclosure.

**2. Promise to Pay.**

In return for a loan that you have received from Celtic Bank, you promise to pay U.S. $7,028.15 (the "Principal Amount") plus any Finance Charge to Celtic Bank. You understand that your loan and this Agreement may be assigned. Celtic Bank or any person who your loan and this Agreement is transferred to is called "the Loan Holder" in this Agreement.

**3. Use of Estimates in Truth in Lending Disclosure.**

Celtic Bank estimated certain disclosures in the Truth in Lending Disclosure because it does not know exactly when the proceeds of the loan will be disbursed to the merchant. The estimates are based on the proceeds of your loan being disbursed on the date you accept this Agreement (referenced below). If the proceeds of your loan are disbursed after the date you accept this Agreement and you make all your payments on time, the interest you owe may be less than the Finance Charge, the due dates of your monthly payments will be later than the due dates specified in the Truth in Lending Disclosure, and the amount of your final scheduled payment may be less than the amount of the final scheduled payment specified in the Truth in Lending Disclosure. You will be notified of your final payment schedule, including any reduced final payment amount, before your first payment is due.

**4. Term.**

The scheduled term of your loan begins when Celtic Bank pays the proceeds of your loan and ends the same numerical day 12 calendar months later except as set forth in Section 6. You will pay all amounts outstanding on your loan no later than the end of the scheduled term.

**5. Interest.**

You will pay interest at a yearly rate of 0.00% APR. This is a simple interest loan, which means that interest accrues daily on the unpaid principal balance, up to the amount of the Finance Charge, until you pay the loan in full.

**6. Payments.**

Your loan requires you to make minimum payments of principal and interest in an amount sufficient to pay off your Principal Amount and accrued interest by the end of the loan term. You will pay your loan in 12 monthly payments of $585.68 each. Because Celtic Bank does not know exactly when your loan proceeds will be disbursed and because you do not start accruing interest until the loan is made, you will be notified of your actual payment amounts before your first payment is due. Your **first payment** is due, on or about 6/26/23. You will be notified later of the exact date your first monthly payment is due.

**7. Application of Payments.**

Payments are allocated first to interest, and then to principal.

**Underpayment:** If an early payment is less than the amount of the next scheduled installment, then you must pay the difference on or before the corresponding installment due date.

**Overpayment:** Making an installment payment in excess of what is due may reduce the total amount of interest you are scheduled to pay under this Agreement, and may reduce the number and/or amount of and your remaining payments (starting with your last payment and working backwards). However, you cannot generally rely on an excess payment made on or before one installment due date to satisfy the installment obligation associated with the next installment due date.

**Multiple payments in one installment period:** After making a complete installment payment (in one or multiple submissions) any subsequent payment not applied to the previous installment will be applied to the subsequent installment due. For example, if you have a twelve (12) month installment loan and, on your second installment due date, you make one payment of double the amount due, you will still owe a regular installment payment on your third due date (however, that extra payment may reduce the amount of interest you pay and may reduce or eliminate your twelfth installment payment). Alternatively, if you submit one complete installment payment before your second installment is due, and then submit an additional complete installment payment the same day, that second payment will be applied to your third installment.

**8. Late Payment Fee.**

You will never be charged any late fee.

**9. Payment Methods.**

You will make your monthly payments, using one of the methods made available to you by the Loan Holder, which currently consists of: (1) debit card, (2) ACH transfer, or (3) check. Unless you are notified otherwise, you will send checks to Affirm, Inc., 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. If you elect to make a payment by check, you understand your check must be made payable to Affirm, Inc. When paying by check, you will send a separate check for **each** loan you intend to make a payment for and will include the loan ID in the memo line of the check to indicate which loan it should be applied towards. You understand that if the payment you submit does not meet these requirements, it may not be processed, may be processed late, or may be processed as the Loan Servicer deems appropriate. For more information on making payments by check, you can refer to Affirm, Inc.'s Help Center and entering "Can I Pay By Check?".

**10. Returned/Unsuccessful Payment(s).**

If you attempt to make a loan payment, whether by automated withdrawal from an account designated by you or by other means, and the loan payment is unsuccessful or returned for any reason, **we will not charge you any fees**. However, you understand that your financial or banking institution may charge you a fee for a returned or unsuccessful loan payment. We will not be held responsible for any fees assessed by your financial or banking institution for returned or unsuccessful loan payments.

**11. Request to Close Account.**

You may initiate a request to close your account by contacting us at customercare@affirm.com or visiting the "Affirm, Inc.'s Help Center" and entering "How do I close my account?". We reserve the right to review your request for an account closure, to require additional telephone confirmation, and to exercise discretion on whether your request will be approved. If we do approve your request for an account closure, we will close your account(s) in a timely fashion. Once your account(s) is closed, you will no longer be able to sign in into the account or view any loan history associated with the closed account. You may not close your account to evade an investigation. You may not close your account while you have an outstanding loan. We will retain your account information in accordance with our Privacy Policy and any applicable state or federal law, rule or regulation.

**12. Your Right to Prepay.**

You may prepay your loan in full or in part at any time without penalty. You understand prepayments will be applied to your loan as set forth in Section 7. You are entitled to a refund of any amounts you may pay to the Loan Holder in excess of the remaining principal balance and accrued interest as of the date of prepayment. Notwithstanding the foregoing, you agree that the Loan Holder may set off any amounts you are entitled to against any amounts you owe the Loan Holder on any other loan or otherwise.

**13. Return of Goods and/or Cancellation of Services.**

If you return and/or cancel any goods and/or services that have been purchased with the proceeds of this loan, you understand and agree that you are not entitled to receive any cash refund from the merchant from whom you purchased such goods and/or

services. Instead, you authorize the merchant to issue any such refund directly to the Loan Holder on your behalf. Any amounts received by the Loan Holder pursuant to this section will be applied to your account as of the date of receipt of such amounts by the Loan Holder. In the event a refund is issued to your account, you agree that it will be applied to your outstanding principal balance, to the extent permitted by applicable law, and will generally not change the amount of your upcoming monthly payments, although it may reduce or eliminate monthly payments due at or immediately before your originally-scheduled maturity date. You also agree that, unless applicable law requires otherwise, **you will generally not receive a rebate of any interest that may have already accrued on an amount that later gets refunded. All returns and/or cancellations are subject to the merchant's standard return policies** in effect as of the date of your purchase, which may include a restocking fee. You acknowledge that you have reviewed the merchant's return policy.

**14. Down Payments.**

For the purchase of certain merchandise and goods/services, you may be required to make an immediate, one-time down payment in order to complete your transaction.

In the event that any down payment required in connection with your transaction is returned or is otherwise unsuccessful, you agree to arrange for immediate repayment of such down payment and further understand that the down payment may be added to the total amount financed such that interest will accrue on it until repaid (but at no time shall the total accrued interest be more than the Finance Charge disclosed in the Truth In Lending Disclosure).

If you return and/or cancel any goods and/or services that have been purchased with the proceeds of this loan and you made a down payment in connection with such purchase, you agree that, unless prohibited by applicable law, the full amount of any refund may be applied first to the financed amount before any of the down payment is returned.

**15. Failure to Pay as Required.**

a. Default. If you do not pay the full amount of each monthly payment on or before the date it is due, you will be in default.

b. Notice of Default. If you are in default, the Loan Holder may, subject to applicable law, send you a notice telling you that if you do not pay the overdue amount by a certain date, the Loan Holder may require you to pay immediately the full amount of your loan, including any accrued interest.

c. No Waiver by the Loan Holder. Even if, at a time when you are in default, the Loan Holder does not require you to pay immediately in full as provided in Section 15(b), the Loan Holder will still have the right to do so if you are in default at a later time.

d. Payment of the Loan Holder's Costs and Expenses. If the Loan Holder has required you to pay immediately in full as described above, the Loan Holder will have the right to be paid back by you for all of its costs and expenses in enforcing this Agreement to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**16. Collection.**

You agree that if you fail to pay any amount owed on the loan then the Loan Holder may engage in collection efforts to recover those amounts. These collection efforts may involve contacting you directly, submitting your information to a collection agency, or taking legal action.

**17. Credit Reports and Monitoring.**

You authorize the Loan Holder or its representative to obtain credit reports about you on an ongoing basis until your obligations under this Agreement are satisfied. The Loan Holder or its representative *may* report information about your loan to the credit bureaus. **Late payments, missed payments or other defaults on your loan may be reflected in your credit report and may impact your credit score (e.g. FICO score).**

**18. Credit Bureau Disputes.**

If you believe that any information about your loan that the Loan Holder or its representative has furnished to a consumer reporting agency is inaccurate, or if you believe that you have been the victim of identity theft in connection with any loan made by Celtic Bank in connection with this Agreement, you may write to Loan Holder c/o Affirm, Inc., Attn: Credit Bureau Disputes, 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. In your letter, you will: (i) provide your name and loan number, (ii) identify the specific information that you are disputing, (iii) explain the basis for the dispute; and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, you may submit an identity theft affidavit or identity theft report.

**19. Verification.**

You authorize the Loan Holder or its representative to verify the information you provided in connection with your application. You understand that the Loan Holder or its representative may require additional identity verification/validation information from you directly at any time while your loan obligations under this Agreement exist. You give the Loan Holder or its representative consent to obtain information about you from a consumer reporting agency and other sources at any time you have repayment obligations under this Agreement.

**20. Partial Payments Marked Payment in Full; Settlements.**

You understand that any check or other payment you send the Loan Holder for less than the total outstanding balance due under this Agreement that is marked "payment in full" or with any similar language or that you otherwise tender as full satisfaction of a disputed amount must be sent to the Loan Holder c/o Affirm, Inc., Attn: Payment of Disputed Amount, 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. That amount may be deposited without such a deposit affecting a satisfaction of the disputed amount. A late payment, a partial payment, or a payment marked with any restrictive language may be processed without effect on the terms of this Agreement. Any settlement of your loan for less than what is owed requires the Loan Holder's written agreement.

**21. Notices.**

Unless applicable law requires a different method, any notice that must be given to you under this Agreement may be given, at the Loan Holder's option, electronically, by telephone, in writing by U.S. Mail, or by providing it to you in any other manner, in each instance using the contact information the Loan Holder or its representative has on file for you. To the extent permitted under applicable law, any notice the Loan Holder gives to you will be effective and deemed delivered when sent. You must send notices to the Loan Holder c/o Affirm, Inc., 30 Isabella Street, Floor 4, Pittsburgh, PA 15212 unless a different address is later provided to you in writing. To the extent permitted under applicable law, any notice you send to the Loan Holder will not be effective until the Loan Holder receives it and has had a reasonable opportunity to act on such notice.

**22. Bankruptcy.**

You agree to send all bankruptcy notices and related correspondence to the Loan Holder c/o Affirm, Inc., Attention: Bankruptcy Notice, 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. You promise that You have no current intent to file any bankruptcy petition and have not consulted a bankruptcy attorney in the past six months.

**23. Notices of Change in Circumstances.**

You agree to notify the Loan Holder of any changes to your name, mailing or e-mail address, or phone number (including your cell phone number) within fifteen (15) days by writing to the Loan Holder c/o Affirm, Inc., 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. You understand the Loan Holder will rely on your cell phone number, mailing and e-mail addresses the Loan Holder has on file for you for any and all communications addressed to you unless or until either you, or, in the case of your mailing address, the U.S. Postal Service, notifies the Loan Holder of a change of address, or the Loan Holder otherwise has reason to know the contact information is no longer valid, and it has had a reasonable opportunity to act on such notice. You agree to cooperate with and participate in any verification process the Loan Holder may require in completing this change, and understand that your failure to do so may prevent your ability to access the account.

**24. Contacting You; Phone and Text Messages; Call Recording.**

You expressly authorize the Loan Holder and its affiliates, agents, contractors, collectors, representatives, assigns and servicers/service providers (collectively, the "Messaging Parties") to contact you using automatic telephone dialing systems, automated dialer systems, artificial or pre-recorded voice message systems, text messaging systems, and automated e-mail systems for any and all purposes arising out of or relating to this Agreement or your loan and in order to provide you with information about this Agreement and your loan, including information about upcoming payment due dates, missed payments and returned payments. You authorize the Messaging Parties to make such contacts using any telephone numbers (including wireless, landline and VOIP numbers) or e-mail addresses you supply to the Messaging Parties in connection with this Agreement, the Messaging Parties' servicing and/or collection of amounts you owe the Messaging Parties or any other matter. You understand that anyone with access to your telephone or e-mail account may listen to or read the messages the Messaging Parties leave or send you, and you agree that the Messaging Parties will have no liability for anyone accessing such messages. You further understand that, when you receive a telephone call, text message or e-mail, you may incur a charge from the company that provides you with telecommunications, wireless and/or Internet services, and you agree that the Messaging Parties will have no liability for such charges. You expressly authorize the Messaging Parties to monitor and record your calls with the Messaging Parties. To the extent you have the right under applicable law to revoke this authorization, you agree you may do so, **in writing,** by contacting the Loan Holder at 30 Isabella Street, Floor 4, Pittsburgh, PA 15212.

**25. Waivers**

You waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Loan Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Loan Holder to give notice to you that amounts due have not been paid.

**26. Check Conversion Notification; Electronic Check Re-Presentment.**

If you provide a check as payment, you authorize the Loan Holder or its representative either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When information from a check is used to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day payment is received, and you will not receive your check back from your financial institution. In the event a check is returned unpaid for insufficient or uncollected funds, the Loan Holder or its representative may re-present the check electronically. If you have questions, you can contact the Loan Holder at (855) 423-3729. In the ordinary course of business, the check will not be provided to you with your bank statement, but a copy can be retrieved by contacting your financial institution.

**27. Loan Charges.**

If a law, which applies to your loan and sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with your loan exceeded or exceeds the permitted limit, then: (a) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from you which exceeded permitted limits will be refunded to you, subject to the Loan Holder's right of set off provided in Section 12. The Loan Holder may choose to make this refund by reducing the amount you owe or by making a direct payment to you.

**28. When a Loan Is Made.**

Celtic Bank makes a loan to you and you receive a loan from Celtic Bank when Celtic Bank pays the merchant the proceeds on your behalf for your purchase of goods or services. After you are approved for a loan and agree to the terms of this Agreement, Celtic Bank may decide not to make you a loan for any reason.

**29. Assignment.**

You agree the Loan Holder may sell or otherwise transfer its rights under this Agreement and amounts owed by you at any time. If it does, this Agreement will remain in effect. You may not transfer your rights under this Agreement without the Loan Holder's written permission, which it is not required to give. Any attempt to do so will be void. Your obligations under this Agreement apply to all of your heirs, successors and permitted assigns, if any. The Loan Holder's rights under this Agreement apply to it and each of its successors and assigns.

**30. Non-Negotiable Instrument.**

This Agreement is not a negotiable instrument.

**31. Privacy Notice.**

You acknowledge that you received a copy of Celtic Bank's privacy notice with this Agreement or within the past 12 months.

**32. Mandatory Arbitration.**

**THIS SECTION AFFECTS YOUR RIGHTS, PLEASE READ CAREFULLY BEFORE AGREEING TO THESE TERMS.** Except as otherwise explicitly provided in this Section, any Loan Holder, and Affirm, Inc. (together with their parent companies, wholly or majority-owned subsidiaries, affiliates, commonly-owned companies, successors, assigns and any of these entities' employees, officers, directors and agents and their successors, assigns and affiliates, the "Transaction Parties") and you can elect to resolve any past, present or future dispute or claim arising from or relating in any way to your loan, this Agreement, or the relationships that result from any of the foregoing, that cannot be resolved directly between you and a Transaction Party, by binding arbitration under the Consumer Arbitration Rules ("the Consumer Rules") of the American Arbitration Association ("AAA"), rather than in court. (For purposes of this Section, the term Transaction Parties also includes any third party providing any goods and/or services in connection with your loan, including the merchant to which your loan proceeds were disbursed, or the origination, servicing and collection of this Agreement, if that third party is named as a defendant along with a Transaction Party in a single proceeding.) Except as otherwise explicitly provided in this Section, this broadly includes: any claims based in contract, statute, tort, fraud, consumer rights, misrepresentation, equity or any other legal theory; initial claims, counterclaims, cross-claims and third-party claims; federal, state and local claims; and claims which arose before the date of this Agreement. The Federal Arbitration Act ("FAA") and federal arbitration law apply to this Agreement. There is no judge or jury in arbitration and court review of an arbitration award is limited, but an arbitrator can award an individual the same damages and relief as a court in an individual case and must apply and follow the terms of this Agreement as a court would. The arbitrator shall apply applicable statutes of limitations

and honor privilege rules. Any judgment on the award rendered by the arbitrator will be final and may be entered in any court of competent jurisdiction.

**YOU UNDERSTAND THAT ABSENT YOUR CONSENT TO ARBITRATION, YOU WOULD HAVE THE RIGHT TO SUE IN COURT AND HAVE A TRIAL BY JURY.**

Either a Transaction Party or you can initiate arbitration through AAA, an alternative dispute resolution provider. or by filing a motion to compel arbitration of claims filed in court. Regardless of who elected arbitration or how arbitration was elected, the party asserting the claim (i.e., the party seeking money damages or other relief from a court or an arbitrator) is responsible for starting the arbitration proceeding. If AAA cannot serve, a court with jurisdiction shall select the arbitrator, who will apply the AAA rules and procedures specified in this Section. Any arbitration will be governed by the then-current Consumer Rules of the AAA ("Consumer Rules"), and its Procedures for the Resolution of Disputes through Document Submission ("Document Submission Procedures"). The Consumer Rules are available at the AAA website: www.adr.org. The Document Submission Procedures are included in the Consumer Rules. Your arbitration filing fees will be governed by the Consumer Rules. If it is determined by the arbitrator that I cannot afford such fees, a Transaction Party will pay all arbitration fees and expenses. The arbitration will be conducted solely based on written submissions. The arbitration will not require any personal appearance by the parties or witnesses unless the arbitrator determines that a telephonic or in-person conference or hearing is necessary based on the request of one or more of the parties. Disputes or controversies about the validity, enforceability, coverage or scope of this Arbitration Section or any part thereof are for a court and not an arbitrator to decide; however, disputes or controversies about the Agreement as a whole are for an arbitrator and not a court to decide.

**CLASS ACTION WAIVER:** The Transaction Parties and you each agree that any arbitration will be conducted only on an individual basis and not as a class, consolidated or representative action. To the fullest extent permitted by law: (a) no arbitration will be joined or consolidated with any other; (b) there is no right or authority for any dispute to be arbitrated on a class-action or private attorney general basis or to utilize class action procedures; and (c) there is no right or authority for any dispute to be brought in a purported representative capacity on behalf of the general public or any other persons. No arbitrator shall have the authority to issue any relief that applies to any person or entity other than Transaction Parties and/or you individually.

If for any reason a claim proceeds in court rather than in arbitration, we each waive any right to a jury trial. Even if all parties have opted to litigate a claim in court, a party may elect arbitration with respect to any claim made by a new party or any claim later asserted by a party in that or any related or unrelated lawsuit (including a claim initially asserted on an individual basis but modified to be asserted as a class, representative or multi-party basis). Nothing in that litigation shall constitute a waiver of any rights under this Arbitration Section. The Transaction Parties and you agree that any disputes seeking to enforce or protect, or concerning the validity of intellectual property rights will not be subject to binding arbitration under this Section. In addition, pursuant to the Consumer Rules, any party may proceed with their individual claims in small claims court if that option is available in the applicable jurisdiction and the amount in controversy falls within the small claims court's jurisdictional limits; but if that action is transferred, removed or appealed to a different court, arbitration can be elected. If any portion of this Arbitration Section is inconsistent with the Consumer Rules or other provisions of this Agreement, this Arbitration Section shall govern. This Arbitration Section shall survive termination of this Agreement, repayment, sale or assignment of the loan, and any bankruptcy by you, to the extent consistent with applicable bankruptcy law. No portion of this Arbitration Section may be amended absent a written agreement signed by all parties. If any portion of this Arbitration Section is deemed invalid or unenforceable, it shall not invalidate the remaining portions of this Arbitration Section, except that: (A) if the Class Action Waiver is limited, voided or found unenforceable, then this Arbitration Section (except for this sentence) shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver. The parties acknowledge and agree that under no circumstances will a class action be arbitrated; and (B) if a claim is brought seeking public injunctive relief and a court determines that the restrictions in the Class Action Waiver or elsewhere in this Arbitration Section prohibiting the arbitrator from awarding relief on behalf of third parties are unenforceable with respect to such claim (and that determination becomes final after all appeals have been exhausted), the claim for public injunctive relief will be determined in court and any individual claims seeking monetary relief will be arbitrated. In such a case the parties will request that the court stay the claim for public injunctive relief until the arbitration award pertaining to individual relief has been entered in court. In no event will a claim for public injunctive relief be arbitrated. No arbitration award involving the parties will have any preclusive effect as to issues or claims in any dispute involving anyone who is not a party to the arbitration, nor will an arbitration award in prior disputes involving other parties have a preclusive effect in an arbitration between the parties to this Arbitration Section.

**RIGHT TO OPT OUT:** If you do not want this Arbitration Section to apply, you must send the Loan Holder a **signed notice within 30 calendar days after you sign the Agreement.** You must send the notice in writing (and not electronically) to Loan Holder c/o Affirm, Inc. Attn. "Arbitration Opt Out", 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. You must provide your name, address

and loan number and state that you "opt out" of the Arbitration Section. Opting out will not affect the other provisions of this Agreement. If you opt out, it will apply only to this Agreement.

**33. Other Terms.**

This Agreement is governed by the laws of the United States of America, and, to the extent state law applies, the laws of Utah, regardless of the conflicts of laws principles of any jurisdiction, except where such application is prohibited by applicable law.

No modification to this Agreement is effective unless made in writing and signed by the Loan Holder and me. Except as provided in Section 32, if any provision of this Agreement is found to be invalid or unenforceable, all other provisions will be enforced and construed as if the invalid provisions were never a part of this Agreement.

See Affirm's <u>Terms of Service</u> and <u>Privacy Policy</u> for additional information.

**34. Covered Borrowers under the Military Lending Act.**

Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

Notwithstanding any other provision of this Agreement, Sections 32 and 33 shall not apply to a "covered borrower" under the Military Lending Act, as defined in 32 C.F.R. § 232.3(g). Furthermore, nothing in this Agreement shall be construed as applying to a covered borrower to the extent inconsistent with the Military Lending Act.

To obtain an oral statement regarding the Military Annual Percentage Rate and a description of the payment obligation, covered borrowers may call the following toll-free phone number: (855) 439-7185.

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**All Borrowers, including California/New York/Rhode Island/Utah/Vermont Residents**

You give Celtic Bank and its agents, successors, and assigns permission to obtain one or more consumer credit reports from one or more credit reporting agencies in connection with any transaction, or extension of credit, and on an ongoing basis, for the purpose of reviewing the account created by this Agreement, taking collection action on this Agreement, or for any other legitimate purposes associated with this Agreement. Upon your request, you will be informed of whether or not a consumer credit report was ordered, and if it was, you will be given the name and address of the consumer reporting agency that furnished the report. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**All Borrowers, Including Maine/Missouri/Nebraska/Oregon/Utah/Washington Residents**

**Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt, including promises to extend or renew such debt, are not enforceable. To protect you (borrower) and Celtic Bank from misunderstanding or disappointment, any agreements Celtic Bank and you reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between Celtic Bank and you, except as we may later agree in writing to modify.**

**All Borrowers, including Kansas Residents**

**NOTICE TO CONSUMER:**

**1. Do not sign this Agreement before you read it.**

**2. You are entitled to a copy of this Agreement.**

**3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of**

unearned charges in accordance with law.

**California Residents** A married applicant may apply for a separate account.

**Maryland Residents** To the extent, if any, that Maryland law applies to this Agreement, the Credit Grantor Closed-End Credit Provisions in Title 12, Subtitle 10 of the Commercial Law Code are hereby elected as the applicable Maryland law.

### Massachusetts Residents

Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

### New Hampshire Residents

You shall be awarded reasonable attorney's fees if you prevail in any legal action you bring against the Loan Holder or the Loan Holder brings against you. If you successfully assert a partial defense, set-off or counterclaim against the Loan Holder in an action the Loan Holder brings against you, the court or arbitrator may withhold from the Loan Holder the entire amount or such portion of the attorney's fees as it considers equitable. You or your attorney may file a complaint with the New Hampshire Commissioner of Banking, State of New Hampshire Banking Department, 53 Regional Drive, Suite 200, Concord, NH 03301. Instructions for filing complaints can be found on the Commissioner's website at www.nh.gov/banking/consumer-assistance/complaint.htm.

### New Jersey Residents

The section headings of the Agreement are a table of contents and not contract terms. Portions of this Agreement with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Agreement, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

### New York Residents

New York residents may contact the New York State Department of Financial Services by telephone at 1-877-226-5697 or visit its website at http://dfs.ny.gov for free information on comparative rates, fees and grace periods.

### Ohio Residents

The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

### Texas Residents

**This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.**

### Utah Residents

NO CLASS ACTIONS. YOU AGREE AND ACKNOWLEDGE THAT PURSUANT TO UTAH CODE ANN. § 70C-4-105 YOU ARE WAIVING YOUR RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION RELATED TO THIS AGREEMENT.

### Married Wisconsin Residents

If you are married: (1) you confirm that the loan is being incurred in the interest of your marriage or family. (2) No provision of any marital property agreement, unilateral agreement, or court decree under Wisconsin's Marital Property Act will adversely affect a creditor's interest unless prior to the time credit is granted, the creditor is furnished a copy of that agreement or decree or is given complete information about the agreement or decree. (3) You understand and agree that Celtic Bank will provide a copy of this Agreement to your spouse for his or her information. **If the loan for which you are applying is granted, you agree to notify Celtic Bank if you have a spouse who needs to receive notification that credit has been extended to you by sending your name, loan number and your spouse's name and address to Celtic Bank c/o Affirm, Inc., Attn: Wisconsin Resident, 30 Isabella Street, Floor 4, Pittsburgh, PA 15212.**

**CAUTION-IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**NOTICE TO BORROWER**

**(a) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT, EVEN IF OTHERWISE ADVISED.**

**(b) DO NOT SIGN THIS AGREEMENT IF IT CONTAINS ANY BLANK SPACES.**

**(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.**

**(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. IF YOU REPAY YOUR LOAN EARLIER THAN THE MATURITY DATE THEN YOU MAY PAY LESS IN THE FINANCE CHARGE SET FORTH IN THE TRUTH IN LENDING DISCLOSURE.**

By confirming the loan terms, Ryan Morris electronically accepted/signed on 5/25/23.

Version 3.0

# Exhibit 2

Winter Savings | Save up to 40% off select appliances. ❖ <u>See Details</u>    **Shop Now**

Whirlpool®          Sign In    Menu

# Order 0671297851 (Completed)

Prices shown are the original purchase price.

12/11/23, 4:14 PM                                        whirlpool-us

## Delivery Tracking

Estimated In-Home Delivery Date:

## Thursday, June 15

Cancel Order  

Order Fulfilled                                                          

Order Processed                                                         

Shipped                                                                 

Out for In-Home Delivery                                                

**Delivered**                                                           

## Your Merchandise

| DWO3G MICRO - FILTER SINGLE SPEED FID | DWO3G MICRO - FILTER SINGLE SPEED FID |
|---|---|
| | Model: KDTM704KPS |
| | Qty: **1** |
| | MSRP: **$752.00** |

**Additional Services**



| | Unpack & Set In Place | FREE |

**30" COMMERCIAL DUAL FUEL RANGE**

Model: KFDC500JSS
Qty: 1

MSRP: $3,949.00

Additional Services

| | Unpack & Set In Place | FREE |

KAD MICRO HOOD KMHC319ESS STAINLESS

Model: KMHC319ESS
Qty: 1

MSRP: $582.00

Additional Services

| | Unpack & Set In Place | FREE |

COUNTER DEPTH FDBM INTERNAL WATER

Model: KRFC300ESS
Qty: 1

MSRP: $1,380.00

Additional Services

| | Freestanding Refrigerator Installation | $17.00 |

# Shipping Address

12/11/23, 4:14 PM                                              whirlpool-us

Ryan Morris
333 Woodstream Blvd
STAFFORD, VA 22556-4641
(443) 314-1216

## Billing Information

**Credit or Debit Card**



## Billing Address

AffirmInc Ryan Morris
650 California St. 12th Floor
SAN FRANCISCO, CA 94108-2716
(443) 314-1216

## Order Summary (Order placed by phone)

| | |
|---|---|
| Taxes | $353.15 |
| Total | $7,028.15 |





## Product Registration

**SIGN UP & SAVE**
Opt-in & receive a special offer.

| Enter Your Email | Sign Up |

☐ I agree with the Terms of Use and Privacy Notice. For more information about our privacy practices and a list of our affiliated brands, please read our Privacy Notice.



## Service & Support

12/11/23, 4:14 PM                                                                whirlpool-us

Products

Parts, Accessories & Other Products

About Whirlpool Corporation

®/™ © 2023 Whirlpool. All rights reserved. All other trademarks are owned by their respective companies.

This online merchant is located in the United States at 600 West Main Street, Benton Harbor, MI 49022.

The listed price may differ from actual selling prices in your area

Terms of Use    Privacy Notice    Do Not Sell Or Share My Personal Information    COVID-19 Response    Sitemap

Supply Chain    Interest-Based Ads    Contact Us

# Exhibit 3

VIRGINIA:

## IN THE CIRCUIT COURT OF THE COUNTY OF STAFFORD

Ryan-Tyrone Morris

23 - 3631
v                                    Case #CL25002725-00

Affirm Holdings, Inc.,

### ORDER

It appearing to the Court Ryan-Tyrone Morris, Pro Se was filed a Notice of Voluntary Nonsuit without Prejudice in the Clerks Office on November 7, 2024, requesting the case be Dismissed with Prejudice and removed from the docket.

Wherefore, this case is Dismissed with Prejudice upon the request of the Plaintiff and agreed to by the Defendant. The Clerk is to send certified copies of this Order to parties and counsel of record.

Entered this ____ day of November 2024.

_____
Michael E. Levy, Judge

A COPY TESTE:

Kathleen M. Sterne, CLERK
CIRCUIT COURT OF STAFFORD

# Exhibit 4

VIRGINIA:

IN THE CIRCUIT COURT OF STAFFORD COUNTY

RYAN-TYRONE MORRIS
Plaintiff

v.                                                    Case No.: CL23003631-00

AFFIRM HOLDINGS, INC.,
Defendant

## ORDER TO VACATE

It appearing to the Court, an Order was entered on November 24, 2024 which

Dismissed with Prejudice the plaintiff's, Ryan-Tyrone Morris, Contract Action suit.

The Order stated the case was Dismissed with Prejudice and included an incorrect

case number, this was clerical error.

Therefore, the order entered on November 24, 2024 for the above Contract Action is

hereby **VACATED**.

The Clerk is directed to certify and forward a copy of this Order to all parties.

Entered this 25th day of February, 2025.

_____
Michael E. Levy, Judge

*Signatures Waived Pursuant to Rule 1:13*

A COPY TESTE:

Kathleen M. Sterne, CLERK
CIRCUIT COURT OF STAFFORD

# Exhibit 5

VIRGINIA:

## IN THE CIRCUIT COURT OF THE COUNTY OF STAFFORD

**Ryan-Tyrone Morris**

v                                                  Case #CL23003631-00

**Affirm Holdings, Inc.,**

### AMENDED ORDER

It appearing to the Court Ryan-Tyrone Morris, Pro Se filed a Notice of Voluntary Nonsuit without Prejudice in the Clerks Office on November 7, 2024, requesting the case be Nonsuited without Prejudice and removed from the docket.

Wherefore, this case is Nonsuited without Prejudice upon the request of the Plaintiff and agreed to by the Defendant. The Clerk is to send certified copies of this Order to all parties and counsel of record.

Entered this 25 day of February 2025.

_____
Michael E. Levy, Judge

A COPY TESTE:

Kathleen M. Sterne, CLERK
CIRCUIT COURT OF STAFFORD

*Signatures Waived Pursuant to Rule 1:13*

**V I R G I N I A:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | | |
|---|---|---|
| **RYAN MORRIS, SUI JURIS,** | ) | |
| *Plaintiff,* | ) ) ) | |
| **v.** | ) | **Case No. CL25-364** |
| **AFFIRM, INC.,** | ) ) ) | |
| *Defendant.* | ) ) | |

### DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE

Defendant, Affirm, Inc. ("Affirm"), by counsel, submits its Opposition to Plaintiff's Motion to Strike Defendant's Insufficient Affirmative Defenses (the "Motion").

### INTRODUCTION

Plaintiff Ryan Morris (hereinafter "Plaintiff" or "Morris") brings an action for declaratory judgment in an effort to avoid his contractual obligations to Affirm to repay his loan. Affirm is a Delaware corporation that, among other things and as relevant here, operates an online platform that facilitates the making of personal loans to consumers in connection with purchases at the point of sale through merchants that partner with Affirm. Morris used Affirm's platform to apply for a loan from Celtic Bank to finance a purchase from Whirlpool – Inside Pass. The application was approved, and Morris accepted and signed the written "Loan Agreement" with Celtic Bank. The loan was processed and the funds in the amount of $7.028.15 were distributed to Whirlpool – Inside Pass to pay for his purchase. This loan received the Affirm Loan ID XXXX-M6NN (the "Loan") and Affirm became the holder of the Loan. A true and accurate copy of the Truth in Lending Disclosure and Loan Agreement governing the Loan is attached hereto as **Exhibit 1**. A

true and accurate copy of the order information including the goods purchased by Plaintiff from Whirlpool – Inside Pass using the Loan proceeds is attached hereto as **Exhibit 2**.

Despite entering into the written Loan Agreement, receiving the benefit of the loan to finance his purchase of the goods from the merchant, and making some monthly payments to Affirm as required by the Loan Agreement, Morris then decided to stop making his monthly loan payments.

Morris is attempting to justify his breach of the Loan Agreement by asserting that there is insufficient evidence to establish Affirm's right to receive payments or a valid chain of title demonstrating Affirm's legal right to enforce the Loan Agreement. He believes he does not need to pay the Loan, and that he can retain the goods he purchased without paying for them.

Morris's request for declaratory judgment contravenes logic and all evidence that will be introduced in this case. Moreover, to avoid paying his debts, Morris seeks to bog down Affirm and this Court in a quagmire of motions and cases such as his pending Motion to Strike. The Motion, like the Complaint for Declaratory Judgment ("Complaint"), is unsupported, should be recognized as a waste of judicial resources, and should be denied.

## **PROCEDURAL HISTORY**

On or about January 30, 2025, Plaintiff filed his Complaint. On February 21, 2025, Affirm filed an Answer and Affirmative Defenses to Plaintiff's Complaint ("Answer"), including nine affirmative defenses. Affirm simultaneously filed a Plea in Bar of Res Judicata seeking dismissal of the case based upon a prior dismissal with prejudice entered in a previous case (Case CL23003631) between the Parties.

Unbeknownst to Affirm until February 25, 2025, the Court entered an Order to Vacate the dismissal with prejudice entered in Case No. CL23003631 and an Amended Order which

dismissed the Case No. CL23003631 without prejudice. On February 27, 2025, Plaintiff filed this

Motion, arguing that all of Affirm's affirmative defenses are improper and should be stricken.

## **LEGAL STANDARD**

Rule 4:15(b) of the Rules of the Supreme Court of Virginia states that the parties "must

make a reasonable effort to confer before giving notice of a motion to resolve the subject of the

motion and to determine a mutually agreeable hearing date and time." It further requires that "[t]he

notice [of hearing] *must be accompanied by a certification that the movant has in good faith*

*conferred or attempted to confer with other affected parties in an effort to resolve the dispute*

*without court action.*" *Id.*

Section 8.01-274 of the Virginia Code specifies that:

> Exceptions to answers for insufficiency are abolished. The test of the sufficiency
> of any defensive pleading in any suit in equity or action at law shall be made by a
> motion to strike; if found insufficient, but amendable, the court may allow
> amendment on terms. If a second pleading is adjudged insufficient, the court may
> enter such judgment or decree or take such other action that it deems appropriate.

Va. Code § 8.01-274.

Bryson on Virginia Civil Procedure describes the scope of a defendant's pleading in

response to a plaintiff's complaint:

> The answer is the original, the general, and the ultimate type of response to the
> plaintiff's complaint. After all motions, demurrers, and pleas have been overruled,
> the defendant must file an answer, and this must be done within twenty-one days
> after the judge orders the answer or within whatever time he or she may prescribe.
> The answer is the type of response the defendant uses when he or she wishes to
> deny the allegations of the complaint. It is the most usual and most basic type of
> response; it gives the defendant's side of the story and says why he is not liable to
> the plaintiff.

> All types of response, which the defendant wishes to make, may be filed together
> in a single paper. However, each separate substantive or procedural point should
> be separately identified by the use of numbered paragraphs. A defendant may join
> together alternative defenses, affirmative defenses, affirmative claims, all matters

of fact, and all matters of law; inconsistent pleading is also allowed in current Virginia practice.

1 Bryson on Virginia Civil Procedure § 6.03. With regards to affirmative defenses, Bryson's also states:

> There are numerous issues that the defendant must himself plead as affirmative defenses. This is done by means of a special plea or a plea of confession and avoidance. With the abolition of pleas of the general issue by Rule 3:8, the defendant is required to plead specially or affirmatively many more matters than under the former practice. If the defendant fails to raise these issues, they are deemed to have been waived.

1 Bryson on Virginia Civil Procedure § 6.03. Finally, Bryson's specifies, "[i]f a defense [asserted by a defendant] is too general, the plaintiff can request a bill of particulars under Rule 3:7." *Id.*

## ARGUMENT

Plaintiff's Motion to Strike should be denied for both procedural and substantive reasons.

Procedurally, neither Plaintiff's Motion nor his Notice of Hearing contains the certification required by Rule 4:15(b). This alone is sufficient to deny his Motion.

Substantively, Plaintiff's Motion is premature and ignores that Affirm generally must plead specific defenses in its answer to avoid unfair surprise or prejudice to Plaintiff. *See Monahan v. Obici Med. Mgmt. Servs.*, 271 Va. 621, 628 S.E.2d 330 (2006) (Virginia jurisprudence "require[s] that a party raise specific defenses (just as a plaintiff must give notice of claims) so that surprise and prejudice at trial from late revelation of unanticipated legal theories is avoided."). Virginia courts specify that "this [jurisprudence] has generally led to a requirement that affirmative defenses must be pled in order to be relied upon at trial." *Id.*

Given the early stages of this litigation, Affirm's decision to include certain affirmative defenses, which it believes in good faith basis may potentially become applicable, should not be rejected. Affirm's answer provides Plaintiff with adequate notice of its affirmative defenses so

Plaintiff cannot later claim surprise. If discovery and further fact development reveals that certain defenses are not applicable, Affirm will not pursue those defenses. However, to attack Affirm's affirmative defenses now is premature and unnecessarily causing motions practice.

For example, Affirm recognizes that since the filing of its answer, its affirmative defense for res judicata is no longer applicable. This defense originally was pleaded because Plaintiff had a prior case, Case No.: CL23003631, against Affirm which was originally dismissed with prejudice. After the filing of Affirm's answer, the Court entered an order to vacate the previous dismissal order with prejudice entered in Case No.: CL23003631, and then entered an Amended Order dismissing Case No.: CL23003631 without prejudice. Because Plaintiff's previous case with Affirm is no longer considered dismissed with prejudice, Affirm is agreeable to voluntarily withdrawing this affirmative defense and submitting an Amended Answer.

Plaintiff's objection to Affirm's affirmative defense that Plaintiff's claims may be subject to an arbitration agreement is premature. Pursuant to the Loan Agreement, Plaintiff's claims are subject to a valid and binding arbitration clause. Therefore, this defense is well founded and asserted so Plaintiff is provided adequate notice.

Plaintiff's desire to strike Affirm's affirmative defenses related to damages is another dilatory tactic to avoid recognition of Plaintiff's failure to fulfill his contractual obligations to repay the Loan owed pursuant to the Loan Agreement. Although Plaintiff does not specifically seek monetary relief from Affirm, he seeks relief in the form of avoidance of his obligations under the terms of the Loan Agreement. Accordingly, monetary relief is at issue or could become involved in the litigation rendering this affirmative defense relevant.

Plaintiff's attempt to strike Affirm's affirmative defense that it acted reasonably and in good faith based on any alleged investigation is also inappropriate and premature. While Plaintiff

asserts Affirm's pleading of this defense is speculative, discovery may yield and demonstrate its applicability. Furthermore, Affirm has pleaded this defense in good faith. Accordingly, Plaintiff's motion to strike the defense is premature and should be summarily denied.

Plaintiff's reliance on *Graydon Manor, LLC v. Bd. of Supervisors of Loudoun Cnty.*, is misplaced. 894 S.E.2d 341, 344 (Va. App. 2023). *Graydon* dealt with a motion to strike evidence presented at summary judgment, not a motion to strike affirmative defenses in an answer. Here, discovery has not yet concluded and there is no pending motion for summary judgment. Therefore, *Graydon* is not relevant to an analysis of Affirm's affirmative defenses at this time.

Similarly, other case law relied upon by Plaintiff is from federal courts examining federal pleading standards under the Federal Rules of Civil Procedure rather than pleading standards required by the applicable Code of Virginia and Rules of the Supreme Court of Virginia. For example, Plaintiff relies upon *Zenith Radio Corp. v. Hazeltine Research Inc.*, for the proposition that Affirm cannot reserve the right to assert additional defenses. *Zenith Radio*, however, is not applicable because it involved the Federal Rules of Civil Procedure as they existed in 1963 and the assertion of defenses years after discovery had concluded in a federal patent infringement suit. 401 U.S. 321, 330-331 (1971). Moreover, while leave to amend may be granted to permit the assertion of additional affirmative defenses, there is nothing under the Code of Virginia prohibiting Affirm from reserving the right to assert additional defenses in its Answer. Accordingly, this defense should not be stricken and should be interpreted as thematically consistent with pleading principles requiring parties to provide notice and not cause surprise when a defense is asserted.

## CONCLUSION

WHEREFORE, for the foregoing reasons, Defendant Affirm, Inc. requests that Plaintiff's

Motion to Strike the Affirmative Defenses be denied, and that Affirm be granted such other and

further relief as this Court deems appropriate.

Dated: April 25, 2025                              Respectfully submitted,

                                                   AFFIRM, INC.

                                                   By: _____

                                                   Ethan G. Ostroff (VSB No. 71610)
                                                   TROUTMAN PEPPER LOCKE LLP
                                                   222 Central Park Avenue, Suite 2000
                                                   Virginia Beach, VA  23462
                                                   Telephone:  (757) 687-7541
                                                   Facsimile:  (757) 687-1541
                                                   E-mail: ethan.ostroff@troutmansanders.com

                                                   Zachary A. Turk (VSB No. 97266)
                                                   TROUTMAN PEPPER LOCKE LLP
                                                   401 9th Street NW, Suite 1000
                                                   Washington, DC 20004
                                                   Tel:  202-274-1932
                                                   Fax:  703-448-6514
                                                   zachary.turk@troutman.com

                                                   *Counsel for Affirm, Inc.*

## CERTIFICATE OF SERVICE

I hereby certify that on this 25 day of April, 2025, a true and correct copy of the foregoing

Opposition to Plaintiff's Motion to Strike was sent via email and first class mail, postage prepaid,

to the following Pro-se Plaintiff:

### Plaintiff
Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

AFFIRM, INC.

By: _____

Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER LOCKE LLP
222 Central Park Avenue, Suite 2000
Virginia Beach, VA 23462
Telephone: (757) 687-7541
Facsimile: (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER LOCKE LLP
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel: 202-274-1932
Fax: 703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm, Inc.*

# Exhibit 1

# Truth in Lending Disclosure

**Loan ID:** ▮▮▮-M6NN

**BORROWER**

**Ryan Morris**

333 Woodstream Blvd
Stafford, VA 22556

**CREDITOR**

**Celtic Bank**

268 South State Street, Suite 300
Salt Lake City, UT 84111

Number of Payments – **12**

Amounts of Payments 1 through 11 – **$585.68**

Amount of Payment 12 – **$585.67**

Due Monthly Starting – **6/26/23** *

| | |
|---|---|
| **ANNUAL PERCENTAGE RATE** - The cost of your credit as a yearly rate | **0.00% APR** |
| **FINANCE CHARGE** - The dollar amount the credit will cost you | **$0.00** * |
| **Amount Financed** - The amount of credit provided on your behalf | **$7,028.15** * |
| **Total of Payments** - The amount you will have paid when you have made all scheduled payments | **$7,028.15** * |

**Late Charge:** If a payment is late, you will not be charged a separate fee or penalty.

**Prepayment:**

If you pay off early, you will not have to pay a penalty, and you may be entitled to a refund of part of the finance charge.

See your Loan Agreement below for additional information about nonpayment, default, any required repayment in full before the schedule date, and prepayment refunds.

*This is an estimate based on the merchant processing your order on 5/25/23.

**Itemization of the Amount Financed:** Celtic Bank will pay $7,028.15 to Whirlpool - Inside Pass.

# Loan Agreement

**THIS AGREEMENT INCLUDES AN ARBITRATION PROVISION IN SECTION 32. IT WILL HAVE A SUBSTANTIAL EFFECT ON YOUR RIGHTS IN THE EVENT OF A DISPUTE UNLESS YOU: (1) OPT OUT PROPERLY IN ACCORDANCE WITH SECTION 32; OR (2) ARE PROTECTED BY THE MILITARY LENDING ACT. FOR EXAMPLE, IF THE LOAN HOLDER ELECTS TO REQUIRE YOU TO ARBITRATE ANY CLAIM, YOU WILL NOT HAVE THE RIGHT TO A JURY TRIAL OR THE RIGHT TO PARTICIPATE IN A CLASS ACTION IN COURT OR IN ARBITRATION.**

**1. Introduction.**

This Loan Agreement ("Agreement") outlines the terms and conditions under which a loan will be issued. The parties (each, a "Party" and collectively, "Parties") to this Agreement are you and Celtic Bank, a Utah State Chartered Industrial Bank, Member FDIC ("Celtic Bank"). "You" and "your" means the borrower under this Agreement. The term "merchant" shall mean the third-party person or company who will be providing and/or delivering merchandise or goods/services to you. Additionally, for purposes of this Agreement, the terms "Amount Financed" and "Finance Charge" shall mean the Amount Financed and Finance Charge specified in the accompanying Truth in Lending Disclosure.

**2. Promise to Pay.**

In return for a loan that you have received from Celtic Bank, you promise to pay U.S. $7,028.15 (the "Principal Amount") plus any Finance Charge to Celtic Bank. You understand that your loan and this Agreement may be assigned. Celtic Bank or any person who your loan and this Agreement is transferred to is called "the Loan Holder" in this Agreement.

**3. Use of Estimates in Truth in Lending Disclosure.**

Celtic Bank estimated certain disclosures in the Truth in Lending Disclosure because it does not know exactly when the proceeds of the loan will be disbursed to the merchant. The estimates are based on the proceeds of your loan being disbursed on the date you accept this Agreement (referenced below). If the proceeds of your loan are disbursed after the date you accept this Agreement and you make all your payments on time, the interest you owe may be less than the Finance Charge, the due dates of your monthly payments will be later than the due dates specified in the Truth in Lending Disclosure, and the amount of your final scheduled payment may be less than the amount of the final scheduled payment specified in the Truth in Lending Disclosure. You will be notified of your final payment schedule, including any reduced final payment amount, before your first payment is due.

**4. Term.**

The scheduled term of your loan begins when Celtic Bank pays the proceeds of your loan and ends the same numerical day 12 calendar months later except as set forth in Section 6. You will pay all amounts outstanding on your loan no later than the end of the scheduled term.

**5. Interest.**

You will pay interest at a yearly rate of 0.00% APR. This is a simple interest loan, which means that interest accrues daily on the unpaid principal balance, up to the amount of the Finance Charge, until you pay the loan in full.

**6. Payments.**

Your loan requires you to make minimum payments of principal and interest in an amount sufficient to pay off your Principal Amount and accrued interest by the end of the loan term. You will pay your loan in 12 monthly payments of $585.68 each. Because Celtic Bank does not know exactly when your loan proceeds will be disbursed and because you do not start accruing interest until the loan is made, you will be notified of your actual payment amounts before your first payment is due. Your **first payment** is due, on or about 6/26/23. You will be notified later of the exact date your first monthly payment is due.

**7. Application of Payments.**

Payments are allocated first to interest, and then to principal.

**Underpayment:** If an early payment is less than the amount of the next scheduled installment, then you must pay the difference on or before the corresponding installment due date.

**Overpayment:** Making an installment payment in excess of what is due may reduce the total amount of interest you are scheduled to pay under this Agreement, and may reduce the number and/or amount of and your remaining payments (starting with your last payment and working backwards). However, you cannot generally rely on an excess payment made on or before one installment due date to satisfy the installment obligation associated with the next installment due date.

**Multiple payments in one installment period:** After making a complete installment payment (in one or multiple submissions) any subsequent payment not applied to the previous installment will be applied to the subsequent installment due. For example, if you have a twelve (12) month installment loan and, on your second installment due date, you make one payment of double the amount due, you will still owe a regular installment payment on your third due date (however, that extra payment may reduce the amount of interest you pay and may reduce or eliminate your twelfth installment payment). Alternatively, if you submit one complete installment payment before your second installment is due, and then submit an additional complete installment payment the same day, that second payment will be applied to your third installment.

**8. Late Payment Fee.**

You will never be charged any late fee.

**9. Payment Methods.**

You will make your monthly payments, using one of the methods made available to you by the Loan Holder, which currently consists of: (1) debit card, (2) ACH transfer, or (3) check. Unless you are notified otherwise, you will send checks to Affirm, Inc., 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. If you elect to make a payment by check, you understand your check must be made payable to Affirm, Inc. When paying by check, you will send a separate check for **each** loan you intend to make a payment for and will include the loan ID in the memo line of the check to indicate which loan it should be applied towards. You understand that if the payment you submit does not meet these requirements, it may not be processed, may be processed late, or may be processed as the Loan Servicer deems appropriate. For more information on making payments by check, you can refer to Affirm, Inc.'s Help Center and entering "Can I Pay By Check?".

**10. Returned/Unsuccessful Payment(s).**

If you attempt to make a loan payment, whether by automated withdrawal from an account designated by you or by other means, and the loan payment is unsuccessful or returned for any reason, **we will not charge you any fees**. However, you understand that your financial or banking institution may charge you a fee for a returned or unsuccessful loan payment. We will not be held responsible for any fees assessed by your financial or banking institution for returned or unsuccessful loan payments.

**11. Request to Close Account.**

You may initiate a request to close your account by contacting us at customercare@affirm.com or visiting the "Affirm, Inc.'s Help Center" and entering "How do I close my account?". We reserve the right to review your request for an account closure, to require additional telephone confirmation, and to exercise discretion on whether your request will be approved. If we do approve your request for an account closure, we will close your account(s) in a timely fashion. Once your account(s) is closed, you will no longer be able to sign in into the account or view any loan history associated with the closed account. You may not close your account to evade an investigation. You may not close your account while you have an outstanding loan. We will retain your account information in accordance with our Privacy Policy and any applicable state or federal law, rule or regulation.

**12. Your Right to Prepay.**

You may prepay your loan in full or in part at any time without penalty. You understand prepayments will be applied to your loan as set forth in Section 7. You are entitled to a refund of any amounts you may pay to the Loan Holder in excess of the remaining principal balance and accrued interest as of the date of prepayment. Notwithstanding the foregoing, you agree that the Loan Holder may set off any amounts you are entitled to against any amounts you owe the Loan Holder on any other loan or otherwise.

**13. Return of Goods and/or Cancellation of Services.**

If you return and/or cancel any goods and/or services that have been purchased with the proceeds of this loan, you understand and agree that you are not entitled to receive any cash refund from the merchant from whom you purchased such goods and/or

services. Instead, you authorize the merchant to issue any such refund directly to the Loan Holder on your behalf. Any amounts received by the Loan Holder pursuant to this section will be applied to your account as of the date of receipt of such amounts by the Loan Holder. In the event a refund is issued to your account, you agree that it will be applied to your outstanding principal balance, to the extent permitted by applicable law, and will generally not change the amount of your upcoming monthly payments, although it may reduce or eliminate monthly payments due at or immediately before your originally-scheduled maturity date. You also agree that, unless applicable law requires otherwise, **you will generally not receive a rebate of any interest that may have already accrued on an amount that later gets refunded. All returns and/or cancellations are subject to the merchant's standard return policies** in effect as of the date of your purchase, which may include a restocking fee. You acknowledge that you have reviewed the merchant's return policy.

**14. Down Payments.**

For the purchase of certain merchandise and goods/services, you may be required to make an immediate, one-time down payment in order to complete your transaction.

In the event that any down payment required in connection with your transaction is returned or is otherwise unsuccessful, you agree to arrange for immediate repayment of such down payment and further understand that the down payment may be added to the total amount financed such that interest will accrue on it until repaid (but at no time shall the total accrued interest be more than the Finance Charge disclosed in the Truth In Lending Disclosure).

If you return and/or cancel any goods and/or services that have been purchased with the proceeds of this loan and you made a down payment in connection with such purchase, you agree that, unless prohibited by applicable law, the full amount of any refund may be applied first to the financed amount before any of the down payment is returned.

**15. Failure to Pay as Required.**

a. Default. If you do not pay the full amount of each monthly payment on or before the date it is due, you will be in default.

b. Notice of Default. If you are in default, the Loan Holder may, subject to applicable law, send you a notice telling you that if you do not pay the overdue amount by a certain date, the Loan Holder may require you to pay immediately the full amount of your loan, including any accrued interest.

c. No Waiver by the Loan Holder. Even if, at a time when you are in default, the Loan Holder does not require you to pay immediately in full as provided in Section 15(b), the Loan Holder will still have the right to do so if you are in default at a later time.

d. Payment of the Loan Holder's Costs and Expenses. If the Loan Holder has required you to pay immediately in full as described above, the Loan Holder will have the right to be paid back by you for all of its costs and expenses in enforcing this Agreement to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

**16. Collection.**

You agree that if you fail to pay any amount owed on the loan then the Loan Holder may engage in collection efforts to recover those amounts. These collection efforts may involve contacting you directly, submitting your information to a collection agency, or taking legal action.

**17. Credit Reports and Monitoring.**

You authorize the Loan Holder or its representative to obtain credit reports about you on an ongoing basis until your obligations under this Agreement are satisfied. The Loan Holder or its representative **may** report information about your loan to the credit bureaus. **Late payments, missed payments or other defaults on your loan may be reflected in your credit report and may impact your credit score (e.g. FICO score).**

**18. Credit Bureau Disputes.**

If you believe that any information about your loan that the Loan Holder or its representative has furnished to a consumer reporting agency is inaccurate, or if you believe that you have been the victim of identity theft in connection with any loan made by Celtic Bank in connection with this Agreement, you may write to Loan Holder c/o Affirm, Inc., Attn: Credit Bureau Disputes, 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. In your letter, you will: (i) provide your name and loan number, (ii) identify the specific information that you are disputing, (iii) explain the basis for the dispute; and (iv) provide any supporting documentation you have that substantiates the basis of the dispute. If you believe that you have been the victim of identity theft, you may submit an identity theft affidavit or identity theft report.

**19. Verification.**

You authorize the Loan Holder or its representative to verify the information you provided in connection with your application. You understand that the Loan Holder or its representative may require additional identity verification/validation information from you directly at any time while your loan obligations under this Agreement exist. You give the Loan Holder or its representative consent to obtain information about you from a consumer reporting agency and other sources at any time you have repayment obligations under this Agreement.

**20. Partial Payments Marked Payment in Full; Settlements.**

You understand that any check or other payment you send the Loan Holder for less than the total outstanding balance due under this Agreement that is marked "payment in full" or with any similar language or that you otherwise tender as full satisfaction of a disputed amount must be sent to the Loan Holder c/o Affirm, Inc., Attn: Payment of Disputed Amount, 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. That amount may be deposited without such a deposit affecting a satisfaction of the disputed amount. A late payment, a partial payment, or a payment marked with any restrictive language may be processed without effect on the terms of this Agreement. Any settlement of your loan for less than what is owed requires the Loan Holder's written agreement.

**21. Notices.**

Unless applicable law requires a different method, any notice that must be given to you under this Agreement may be given, at the Loan Holder's option, electronically, by telephone, in writing by U.S. Mail, or by providing it to you in any other manner, in each instance using the contact information the Loan Holder or its representative has on file for you. To the extent permitted under applicable law, any notice the Loan Holder gives to you will be effective and deemed delivered when sent. You must send notices to the Loan Holder c/o Affirm, Inc., 30 Isabella Street, Floor 4, Pittsburgh, PA 15212 unless a different address is later provided to you in writing. To the extent permitted under applicable law, any notice you send to the Loan Holder will not be effective until the Loan Holder receives it and has had a reasonable opportunity to act on such notice.

**22. Bankruptcy**

You agree to send all bankruptcy notices and related correspondence to the Loan Holder c/o Affirm, Inc., Attention: Bankruptcy Notice, 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. You promise that You have no current intent to file any bankruptcy petition and have not consulted a bankruptcy attorney in the past six months.

**23. Notices of Change in Circumstances.**

You agree to notify the Loan Holder of any changes to your name, mailing or e-mail address, or phone number (including your cell phone number) within fifteen (15) days by writing to the Loan Holder c/o Affirm, Inc., 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. You understand the Loan Holder will rely on your cell phone number, mailing and e-mail addresses the Loan Holder has on file for you for any and all communications addressed to you unless or until either you, or, in the case of your mailing address, the U.S. Postal Service, notifies the Loan Holder of a change of address, or the Loan Holder otherwise has reason to know the contact information is no longer valid, and it has had a reasonable opportunity to act on such notice. You agree to cooperate with and participate in any verification process the Loan Holder may require in completing this change, and understand that your failure to do so may prevent your ability to access the account.

**24. Contacting You; Phone and Text Messages; Call Recording.**

You expressly authorize the Loan Holder and its affiliates, agents, contractors, collectors, representatives, assigns and servicers/service providers (collectively, the "Messaging Parties") to contact you using automatic telephone dialing systems, automated dialer systems, artificial or pre-recorded voice message systems, text messaging systems, and automated e-mail systems for any and all purposes arising out of or relating to this Agreement or your loan and in order to provide you with information about this Agreement and your loan, including information about upcoming payment due dates, missed payments and returned payments. You authorize the Messaging Parties to make such contacts using any telephone numbers (including wireless, landline and VOIP numbers) or e-mail addresses you supply to the Messaging Parties in connection with this Agreement, the Messaging Parties' servicing and/or collection of amounts you owe the Messaging Parties or any other matter. You understand that anyone with access to your telephone or e-mail account may listen to or read the messages the Messaging Parties leave or send you, and you agree that the Messaging Parties will have no liability for anyone accessing such messages. You further understand that, when you receive a telephone call, text message or e-mail, you may incur a charge from the company that provides you with telecommunications, wireless and/or Internet services, and you agree that the Messaging Parties will have no liability for such charges. You expressly authorize the Messaging Parties to monitor and record your calls with the Messaging Parties. To the extent you have the right under applicable law to revoke this authorization, you agree you may do so, **in writing**, by contacting the Loan Holder at 30 Isabella Street, Floor 4, Pittsburgh, PA 15212.

**25. Waivers**

You waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Loan Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Loan Holder to give notice to you that amounts due have not been paid.

### 26. Check Conversion Notification; Electronic Check Re-Presentment.

If you provide a check as payment, you authorize the Loan Holder or its representative either to use information from your check to make a one-time electronic fund transfer from your account or to process the payment as a check transaction. When information from a check is used to make an electronic fund transfer, funds may be withdrawn from your account as soon as the same day payment is received, and you will not receive your check back from your financial institution. In the event a check is returned unpaid for insufficient or uncollected funds, the Loan Holder or its representative may re-present the check electronically. If you have questions, you can contact the Loan Holder at (855) 423-3729. In the ordinary course of business, the check will not be provided to you with your bank statement, but a copy can be retrieved by contacting your financial institution.

### 27. Loan Charges.

If a law, which applies to your loan and sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with your loan exceeded or exceeds the permitted limit, then: (a) any such loan charge will be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from you which exceeded permitted limits will be refunded to you, subject to the Loan Holder's right of set off provided in Section 12. The Loan Holder may choose to make this refund by reducing the amount you owe or by making a direct payment to you.

### 28. When a Loan Is Made.

Celtic Bank makes a loan to you and you receive a loan from Celtic Bank when Celtic Bank pays the merchant the proceeds on your behalf for your purchase of goods or services. After you are approved for a loan and agree to the terms of this Agreement, Celtic Bank may decide not to make you a loan for any reason.

### 29. Assignment.

You agree the Loan Holder may sell or otherwise transfer its rights under this Agreement and amounts owed by you at any time. If it does, this Agreement will remain in effect. You may not transfer your rights under this Agreement without the Loan Holder's written permission, which it is not required to give. Any attempt to do so will be void. Your obligations under this Agreement apply to all of your heirs, successors and permitted assigns, if any. The Loan Holder's rights under this Agreement apply to it and each of its successors and assigns.

### 30. Non-Negotiable Instrument.

This Agreement is not a negotiable instrument.

### 31. Privacy Notice.

You acknowledge that you received a copy of Celtic Bank's privacy notice with this Agreement or within the past 12 months.

### 32. Mandatory Arbitration.

**THIS SECTION AFFECTS YOUR RIGHTS, PLEASE READ CAREFULLY BEFORE AGREEING TO THESE TERMS.** Except as otherwise explicitly provided in this Section, any Loan Holder, and Affirm, Inc. (together with their parent companies, wholly or majority-owned subsidiaries, affiliates, commonly-owned companies, successors, assigns and any of these entities' employees, officers, directors and agents and their successors, assigns and affiliates, the "Transaction Parties") and you can elect to resolve any past, present or future dispute or claim arising from or relating in any way to your loan, this Agreement, or the relationships that result from any of the foregoing, that cannot be resolved directly between you and a Transaction Party, by binding arbitration under the Consumer Arbitration Rules ("the Consumer Rules") of the American Arbitration Association ("AAA"), rather than in court. (For purposes of this Section, the term Transaction Parties also includes any third party providing any goods and/or services in connection with your loan, including the merchant to which your loan proceeds were disbursed, or the origination, servicing and collection of this Agreement, if that third party is named as a defendant along with a Transaction Party in a single proceeding.) Except as otherwise explicitly provided in this Section, this broadly includes: any claims based in contract, statute, tort, fraud, consumer rights, misrepresentation, equity or any other legal theory; initial claims, counterclaims, cross-claims and third-party claims; federal, state and local claims; and claims which arose before the date of this Agreement. The Federal Arbitration Act ("FAA") and federal arbitration law apply to this Agreement. There is no judge or jury in arbitration and court review of an arbitration award is limited, but an arbitrator can award an individual the same damages and relief as a court in an individual case and must apply and follow the terms of this Agreement as a court would. The arbitrator shall apply applicable statutes of limitations

and honor privilege rules. Any judgment on the award rendered by the arbitrator will be final and may be entered in any court of competent jurisdiction.

**YOU UNDERSTAND THAT ABSENT YOUR CONSENT TO ARBITRATION, YOU WOULD HAVE THE RIGHT TO SUE IN COURT AND HAVE A TRIAL BY JURY.**

Either a Transaction Party or you can initiate arbitration through AAA, an alternative dispute resolution provider. or by filing a motion to compel arbitration of claims filed in court. Regardless of who elected arbitration or how arbitration was elected, the party asserting the claim (i.e., the party seeking money damages or other relief from a court or an arbitrator) is responsible for starting the arbitration proceeding. If AAA cannot serve, a court with jurisdiction shall select the arbitrator, who will apply the AAA rules and procedures specified in this Section. Any arbitration will be governed by the then-current Consumer Rules of the AAA ("Consumer Rules"), and its Procedures for the Resolution of Disputes through Document Submission ("Document Submission Procedures"). The Consumer Rules are available at the AAA website: www.adr.org. The Document Submission Procedures are included in the Consumer Rules. Your arbitration filing fees will be governed by the Consumer Rules. If it is determined by the arbitrator that I cannot afford such fees, a Transaction Party will pay all arbitration fees and expenses. The arbitration will be conducted solely based on written submissions. The arbitration will not require any personal appearance by the parties or witnesses unless the arbitrator determines that a telephonic or in-person conference or hearing is necessary based on the request of one or more of the parties. Disputes or controversies about the validity, enforceability, coverage or scope of this Arbitration Section or any part thereof are for a court and not an arbitrator to decide; however, disputes or controversies about the Agreement as a whole are for an arbitrator and not a court to decide.

**CLASS ACTION WAIVER:** The Transaction Parties and you each agree that any arbitration will be conducted only on an individual basis and not as a class, consolidated or representative action. To the fullest extent permitted by law: (a) no arbitration will be joined or consolidated with any other; (b) there is no right or authority for any dispute to be arbitrated on a class-action or private attorney general basis or to utilize class action procedures; and (c) there is no right or authority for any dispute to be brought in a purported representative capacity on behalf of the general public or any other persons. No arbitrator shall have the authority to issue any relief that applies to any person or entity other than Transaction Parties and/or you individually.

If for any reason a claim proceeds in court rather than in arbitration, we each waive any right to a jury trial. Even if all parties have opted to litigate a claim in court, a party may elect arbitration with respect to any claim made by a new party or any claim later asserted by a party in that or any related or unrelated lawsuit (including a claim initially asserted on an individual basis but modified to be asserted on a class, representative or multi-party basis). Nothing in that litigation shall constitute a waiver of any rights under this Arbitration Section. The Transaction Parties and you agree that any disputes seeking to enforce or protect, or concerning the validity of intellectual property rights will not be subject to binding arbitration under this Section. In addition, pursuant to the Consumer Rules, any party may proceed with their individual claims in small claims court if that option is available in the applicable jurisdiction and the amount in controversy falls within the small claims court's jurisdictional limits; but if that action is transferred, removed or appealed to a different court, arbitration can be elected. If any portion of this Arbitration Section is inconsistent with the Consumer Rules or other provisions of this Agreement, this Arbitration Section shall govern. This Arbitration Section shall survive termination of this Agreement, repayment, sale or assignment of the loan, and any bankruptcy by you, to the extent consistent with applicable bankruptcy law. No portion of this Arbitration Section may be amended absent a written agreement signed by all parties. If any portion of this Arbitration Section is deemed invalid or unenforceable, it shall not invalidate the remaining portions of this Arbitration Section, except that: (A) If the Class Action Waiver is limited, voided or found unenforceable, then this Arbitration Section (except for this sentence) shall be null and void with respect to such proceeding, subject to the right to appeal the limitation or invalidation of the Class Action Waiver. The parties acknowledge and agree that under no circumstances will a class action be arbitrated; and (B) if a claim is brought seeking public injunctive relief and a court determines that the restrictions in the Class Action Waiver or elsewhere in this Arbitration Section prohibiting the arbitrator from awarding relief on behalf of third parties are unenforceable with respect to such claim (and that determination becomes final after all appeals have been exhausted), the claim for public injunctive relief will be determined in court and any individual claims seeking monetary relief will be arbitrated. In such a case the parties will request that the court stay the claim for public injunctive relief until the arbitration award pertaining to individual relief has been entered in court. In no event will a claim for public injunctive relief be arbitrated. No arbitration award involving the parties will have any preclusive effect as to issues or claims in any dispute involving anyone who is not a party to the arbitration, nor will an arbitration award in prior disputes involving other parties have a preclusive effect in an arbitration between the parties to this Arbitration Section.

**RIGHT TO OPT OUT:** If you do not want this Arbitration Section to apply, you must send the Loan Holder a **signed notice within 30 calendar days after you sign the Agreement.** You must send the notice in writing (and not electronically) to Loan Holder c/o Affirm, Inc. Attn. "Arbitration Opt Out", 30 Isabella Street, Floor 4, Pittsburgh, PA 15212. You must provide your name, address

and loan number and state that you "opt out" of the Arbitration Section. Opting out will not affect the other provisions of this Agreement. If you opt out, it will apply only to this Agreement.

**33. Other Terms.**

This Agreement is governed by the laws of the United States of America, and, to the extent state law applies, the laws of Utah, regardless of the conflicts of laws principles of any jurisdiction, except where such application is prohibited by applicable law.

No modification to this Agreement is effective unless made in writing and signed by the Loan Holder and me. Except as provided in Section 32, if any provision of this Agreement is found to be invalid or unenforceable, all other provisions will be enforced and construed as if the invalid provisions were never a part of this Agreement.

See Affirm's Terms of Service and Privacy Policy for additional information.

**34. Covered Borrowers under the Military Lending Act.**

Federal law provides important protections to members of the Armed Forces and their dependents relating to extensions of consumer credit. In general, the cost of consumer credit to a member of the Armed Forces and his or her dependent may not exceed an annual percentage rate of 36 percent. This rate must include, as applicable to the credit transaction or account: The costs associated with credit insurance premiums; fees for ancillary products sold in connection with the credit transaction; any application fee charged (other than certain application fees for specified credit transactions or accounts); and any participation fee charged (other than certain participation fees for a credit card account).

Notwithstanding any other provision of this Agreement, Sections 32 and 33 shall not apply to a "covered borrower" under the Military Lending Act, as defined in 32 C.F.R. § 232.3(g). Furthermore, nothing in this Agreement shall be construed as applying to a covered borrower to the extent inconsistent with the Military Lending Act.

To obtain an oral statement regarding the Military Annual Percentage Rate and a description of the payment obligation, covered borrowers may call the following toll-free phone number: (855) 439-7185.

**NOTICE**

**ANY HOLDER OF THIS CONSUMER CREDIT CONTRACT IS SUBJECT TO ALL CLAIMS AND DEFENSES WHICH THE DEBTOR COULD ASSERT AGAINST THE SELLER OF GOODS OR SERVICES OBTAINED WITH THE PROCEEDS HEREOF. RECOVERY HEREUNDER BY THE DEBTOR SHALL NOT EXCEED AMOUNTS PAID BY THE DEBTOR HEREUNDER.**

**All Borrowers, including California/New York/Rhode Island/Utah/Vermont Residents**

You give Celtic Bank and its agents, successors, and assigns permission to obtain one or more consumer credit reports from one or more credit reporting agencies in connection with any transaction, or extension of credit, and on an ongoing basis, for the purpose of reviewing the account created by this Agreement, taking collection action on this Agreement, or for any other legitimate purposes associated with this Agreement. Upon your request, you will be informed of whether or not a consumer credit report was ordered, and if it was, you will be given the name and address of the consumer reporting agency that furnished the report. As required by law, you are hereby notified that a negative credit report reflecting on your credit record may be submitted to a credit reporting agency if you fail to fulfill the terms of your credit obligations.

**All Borrowers, Including Maine/Missouri/Nebraska/Oregon/Utah/Washington Residents**

**Oral agreements or commitments to loan money, extend credit or to forbear from enforcing repayment of a debt, including promises to extend or renew such debt, are not enforceable. To protect you (borrower) and Celtic Bank from misunderstanding or disappointment, any agreements Celtic Bank and you reach covering such matters are contained in this writing, which is the complete and exclusive statement of the agreement between Celtic Bank and you, except as we may later agree in writing to modify.**

**All Borrowers, including Kansas Residents**

**NOTICE TO CONSUMER:**

**1. Do not sign this Agreement before you read it.**

**2. You are entitled to a copy of this Agreement.**

**3. You may prepay the unpaid balance at any time without penalty and may be entitled to receive a refund of**

**unearned charges in accordance with law.**

**California Residents** A married applicant may apply for a separate account.

**Maryland Residents** To the extent, if any, that Maryland law applies to this Agreement, the Credit Grantor Closed-End Credit Provisions in Title 12, Subtitle 10 of the Commercial Law Code are hereby elected as the applicable Maryland law.

**Massachusetts Residents**

Massachusetts law prohibits discrimination based upon marital status or sexual orientation.

**New Hampshire Residents**

You shall be awarded reasonable attorney's fees if you prevail in any legal action you bring against the Loan Holder or the Loan Holder brings against you. If you successfully assert a partial defense, set-off or counterclaim against the Loan Holder in an action the Loan Holder brings against you, the court or arbitrator may withhold from the Loan Holder the entire amount or such portion of the attorney's fees as it considers equitable. You or your attorney may file a complaint with the New Hampshire Commissioner of Banking, State of New Hampshire Banking Department, 53 Regional Drive, Suite 200, Concord, NH 03301. Instructions for filing complaints can be found on the Commissioner's website at www.nh.gov/banking/consumer-assistance/complaint.htm.

**New Jersey Residents**

The section headings of the Agreement are a table of contents and not contract terms. Portions of this Agreement with references to actions taken to the extent of applicable law apply to acts or practices that New Jersey law permits or requires. In this Agreement, acts or practices (i) by you which are or may be permitted by "applicable law" are permitted by New Jersey law, and (ii) that may or will be taken by you unless prohibited by "applicable law" are permitted by New Jersey law.

**New York Residents**

New York residents may contact the New York State Department of Financial Services by telephone at 1-877-226-5697 or visit its website at http://dfs.ny.gov for free information on comparative rates, fees and grace periods.

**Ohio Residents**

The Ohio laws against discrimination require that all creditors make credit equally available to all creditworthy customers, and that credit reporting agencies maintain separate credit histories on each individual upon request. The Ohio Civil Rights Commission administers compliance with this law.

**Texas Residents**

**This written loan agreement represents the final agreement between the parties and may not be contradicted by evidence of prior, contemporaneous, or subsequent oral agreements of the parties. There are no unwritten oral agreements between the parties.**

**Utah Residents**

NO CLASS ACTIONS. YOU AGREE AND ACKNOWLEDGE THAT PURSUANT TO UTAH CODE ANN. § 70C-4-105 YOU ARE WAIVING YOUR RIGHT TO INITIATE OR PARTICIPATE IN A CLASS ACTION RELATED TO THIS AGREEMENT.

**Married Wisconsin Residents**

If you are married: (1) you confirm that the loan is being incurred in the interest of your marriage or family. (2) No provision of any marital property agreement, unilateral agreement, or court decree under Wisconsin's Marital Property Act will adversely affect a creditor's interest unless prior to the time credit is granted, the creditor is furnished a copy of that agreement or decree or is given complete information about the agreement or decree. (3) You understand and agree that Celtic Bank will provide a copy of this Agreement to your spouse for his or her information. **If the loan for which you are applying is granted, you agree to notify Celtic Bank if you have a spouse who needs to receive notification that credit has been extended to you by sending your name, loan number and your spouse's name and address to Celtic Bank c/o Affirm, Inc., Attn: Wisconsin Resident, 30 Isabella Street, Floor 4, Pittsburgh, PA 15212.**

**CAUTION-IT IS IMPORTANT THAT YOU THOROUGHLY READ THE CONTRACT BEFORE YOU SIGN IT.**

**NOTICE TO BORROWER**

**(a) DO NOT SIGN THIS AGREEMENT BEFORE YOU READ IT, EVEN IF OTHERWISE ADVISED.**

**(b) DO NOT SIGN THIS AGREEMENT IF IT CONTAINS ANY BLANK SPACES.**

**(c) YOU ARE ENTITLED TO AN EXACT COPY OF ANY AGREEMENT YOU SIGN.**

**(d) YOU HAVE THE RIGHT AT ANY TIME TO PAY IN ADVANCE THE UNPAID BALANCE DUE UNDER THIS AGREEMENT. IF YOU REPAY YOUR LOAN EARLIER THAN THE MATURITY DATE THEN YOU MAY PAY LESS IN THE FINANCE CHARGE SET FORTH IN THE TRUTH IN LENDING DISCLOSURE.**

By confirming the loan terms, Ryan Morris electronically accepted/signed on 5/25/23.

Version 3.0

# Exhibit 2

whirlpool-us

Winter Savings | Save up to 40% off select appliances. ❖ See Details    **Shop Now**

**Whirlpool**®                                      Sign In      **Menu**

# Order 0671297851 (Completed)

Prices shown are the original purchase price.

12/11/23, 4:14 PM

# Delivery Tracking

## Estimated In-Home Delivery Date:

## Thursday, June 15

( Cancel Order )  

Order Fulfilled                                                        

Order Processed                                                     

Shipped                                                                  

Out for In-Home Delivery                                       

**Delivered**                                                             

## Your Merchandise

DWO3G MICRO - FILTER SINGLE SPEED FID          DWO3G MICRO - FILTER SINGLE SPEED FID

Model: KDTM704KPS
Qty: 1

MSRP: $752.00

Additional Services

Case 1:25-cv-01082-PTG-WBP    Document 1-1    Filed 06/30/25    Page 118 of 154
PageID# 127
12/11/23, 4:14 PM                                                        whirlpool-us



Unpack & Set In Place                                                    FREE

 30

30" COMMERCIAL DUAL FUEL RANGE

Model: KFDC500JSS
Qty: 1

MSRP:  $3,949.00

Additional Services

Unpack & Set In Place                                                    FREE

KAD MICRO HOOD KMHC319ESS STAINLESS

Model: KMHC319ESS
Qty: 1

MSRP:  $582.00

Additional Services

Unpack & Set In Place                                                    FREE

COUNTER DEPTH FDBM INTERNAL WATER

Model: KRFC300ESS
Qty: 1

MSRP:  $1,380.00

Additional Services

Freestanding Refrigerator Installation                                   $17.00

# Shipping Address

12/11/23, 4:14 PM whirlpool-us

Ryan Morris
333 Woodstream Blvd
STAFFORD, VA 22556-4641
(443) 314-1216

## Billing Information

Credit or Debit Card



## Billing Address

AffirmInc Ryan Morris
650 California St. 12th Floor
SAN FRANCISCO, CA 94108-2716
(443) 314-1216

## Order Summary (Order placed by phone)

| | |
|---|---|
| Taxes | $353.15 |
| Total | $7,028.15 |





### Product Registration

**SIGN UP & SAVE**
Opt-in & receive a special offer.

| Enter Your Email | Sign Up |

☐ I agree with the Terms of Use and Privacy Notice. For more information about our privacy practices and a list of our affiliated brands, please read our Privacy Notice.

### Find A Retailer



## Service & Support

12/11/23, 4:14 PM                                                           whirlpool-us

Products

Parts, Accessories & Other Products

About Whirlpool Corporation

®/™ © 2023 Whirlpool. All rights reserved. All other trademarks are owned by their respective companies.

This online merchant is located in the United States at 600 West Main Street, Benton Harbor, MI 49022.

The listed price may differ from actual selling prices in your area

Terms of Use     Privacy Notice     Do Not Sell Or Share My Personal Information     COVID-19 Response     Sitemap

Supply Chain     Interest-Based Ads     Contact Us

1

2                            STAFFORD CIRCUIT COURT                          FILED

3                      15ᵀᴴ JUDICIAL DISTRICT OF VIRGINIA            CLERK OF COURT

4    Ryan Morris, SUI JURIS                                          2025 APR 28  A 10: 50

                          Plaintiff,              Case No.: CL 25-364    CIRCUIT COURT
5                                                                     STAFFORD VIRGINIA
     vs.
6                                                 PLAINTIFF'S MOTION FOR SUMMARY
     AFFIRM, INC,                                 JUDGMENT
7

8                         Defendant.

9            COMES NOW the Plaintiff, Ryan Morris, and respectfully moves this Court for entry of summary

10   judgment in his favor pursuant to Rule 3:20 of the Rules of the Supreme Court of Virginia. In support thereof,

11   Plaintiff states as follows:

12                                          **I. Introduction**

13           This action seeks declaratory relief to confirm that no valid debt exists between Plaintiff and Defendant

14   Affirm, Inc. Plaintiff has requested discovery to verify Defendant's standing and basis to collect. Defendant's

15   pleadings and discovery responses, however, fail to create any genuine issue of material fact. Defendant has relied

16   solely on unauthenticated documents, refused to provide proper discovery responses, and asserted affirmative

17   defenses unsupported by any factual evidence. Under Virginia law, summary judgment is appropriate where no

18   genuine factual dispute remains, and only legal issues are presented for the Court's resolution.

19                                **II. Standard for Summary Judgment**

20           Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is

21   entitled to judgment as a matter of law. Under Virginia law, the purpose of summary judgment is to expedite

22   litigation and avoid unnecessary trials when the material facts are undisputed and only questions of law remain. See

23   *Aetna Casualty & Surety Co. v. McCormack*, 33 Va. Cir. 235, 1994 WL 1031057, at *6 (Fairfax Cir. Ct. Jan. 14,

24   1994) ("In declaratory judgment proceedings, where the material facts are undisputed and only issues of law remain,

25   summary judgment is proper.").

26           This Motion is supported by the Affidavit of Ryan Morris, executed and filed contemporaneously herewith,

27   which affirms the absence of any material factual disputes warranting trial.

28

     PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

1    A party opposing a motion for summary judgment must produce evidence sufficient to create a genuine

2    dispute of material fact. Mere legal conclusions, general denials, or unsupported assertions are insufficient to defeat

3    summary judgment. *Id.*

4    In declaratory judgment actions specifically, summary judgment is proper when the record demonstrates

5    that the rights of the parties may be determined as a matter of law based on undisputed facts. *Id.*

6                                    **III. Argument**

7    <u>A. Defendant's Answer and Affirmative Defenses Fail to Create a Genuine Issue of Material Fact</u>

8    Defendant's Answer consists largely of bare denials and boilerplate affirmative defenses. Defendant did not

9    provide any verified discovery responses establishing disbursement of funds, assignment of any obligation, or

10   authority to collect from Plaintiff. Defendant's refusal to provide specific documents or sworn evidence confirming

11   the alleged debt is fatal to its defenses. Virginia law does not permit a party to evade summary judgment through

12   vague or unsupported pleadings.

13   <u>B. Defendant's Res Judicata Argument is Barred by Prior Dismissal Without Prejudice</u>

14   Defendant's affirmative defense of res judicata fails as a matter of law because the prior nonsuit was

15   without prejudice. Courts have consistently held that a dismissal without prejudice "essentially 'stands on the same

16   footing as a nonsuit and does not bar further action for the same cause.'" *Poullath v. Roney*, 75 Va. Cir. 352 (2008)

17   (quoting *Virginia Concrete Co. v. Bd. of Supervisors*, 197 Va. 821, 826 (1956)). Similarly, in *Payne v. Vista Extract*

18   *Co.*, 124 Va. 296, 313 (1919), the court explained that "if a plaintiff voluntarily dismisses an action without

19   prejudice, it is considered that the suit has never been filed." See also *John v. Salisbury Towing Corp.*, 85 Va. Cir.

20   368, 372 (Norfolk City 2012).

21   <u>C. Defendant Failed to Authenticate Documents or Prove Ownership of the Alleged Debt</u>

22   In its discovery responses and opposition filings, Defendant attached a purported agreement but failed to

23   properly authenticate it under Virginia Rule of Evidence 2:803(6) (Business Records Exception). Defendant has not

24   submitted any affidavit from a custodian or witness competent to testify to the record's creation and maintenance.

25   As a result, the purported agreement is inadmissible hearsay and cannot defeat summary judgment.

26

27

28

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

1

   ### D. No Material Factual Dispute Exists Regarding Ownership, Standing, or Consideration

2
   Plaintiff's Complaint specifically challenges Defendant's standing, ownership of the alleged obligation, and

3
lack of consideration. Defendant has produced no admissible evidence establishing these essential elements. Without

4
evidence of a valid, enforceable agreement and assignment, Defendant cannot prevail.

5
                                      ### IV. Conclusion

6
   For the foregoing reasons, Plaintiff respectfully requests that the Court:

7
   1.   Enter summary judgment in Plaintiff's favor;

8
   2.   Declare that no enforceable obligation exists between Plaintiff and Defendant;

9
   3.   Award such other and further relief as the Court deems just and proper.

10
                    Respectfully submitted on this 28th day of April 2025,

11

12
                         By: Ryan Morris
                         Ryan Morris
13
                         333 Woodstream Boulevard
                         Stafford, VA 22556
14
                         Tel:  443-314-1216
                         Ryan86Morris@gmail.com
15

16

17

18

19

20

21

22

23

24

25

26

27

28

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

## CERTIFICATE OF SERVICE

I hereby certify under penalties of perjury that on this 28th day of April 2025, a true and correct copy of the foregoing *Plaintiff's Motion for Summary Judgment* and *Affidavit* was filed with the Clerk of Court and sent by electronic mail to the following:

Ethan G. Ostroff & Zachary A. Turk

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

By: Ryan Morris

Ryan-Tyrone: Morris

PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT

COMES NOW the Plaintiff, Ryan Morris, being duly sworn, and states as follows:

1. I am the Plaintiff in the above-captioned matter and competent to testify to the matters stated herein.

2. I filed the Complaint for Declaratory Judgment in this matter to establish that no valid debt exists between myself and Defendant Affirm, Inc.

3. Throughout the course of this litigation, I have requested from Defendant discovery materials that would establish the existence, validity, and enforceability of any alleged obligation, including proof of standing, ownership, and consideration.

4. Defendant has failed to produce any admissible evidence authenticating any purported agreement, disbursement of funds, assignment of rights, or any other basis for asserting a claim against me.

5. Defendant's responses to my discovery requests consist of general denials, objections, and unauthenticated documents, none of which are verified by affidavit or testimony of a custodian of records as required under Virginia Rule of Evidence 2:803(6).

6. I have not received from Defendant any properly authenticated business records or sworn testimony demonstrating that Affirm, Inc. owns any alleged account or that a valid and enforceable agreement exists.

7. Defendant has asserted affirmative defenses, including res judicata, which are without merit because the prior action was dismissed without prejudice and, therefore, does not bar this proceeding.

8. Based on the pleadings, discovery responses, and absence of admissible evidence, there exists no genuine issue of material fact regarding the enforceability of any alleged obligation.

9. I respectfully request that the Court grant my Motion for Summary Judgment and enter judgment declaring that no enforceable obligation exists between myself and Defendant Affirm, Inc.

I declare under penalty of perjury under the laws of the Commonwealth of Virginia that the foregoing is true and correct.

Executed on this 28th day of April 2025.

Ryan Morris, Plaintiff

Commonwealth of Virginia, County/City of Stafford, to-wit:

Subscribed and sworn to before me this 28th day of April, 2025, by Ryan Morris.

Notary Public
My Commission Expires: Nov 30th 2028
Notary Registration No.: 00341134

MARGARITA ELIZABETH LIMCHIN
Notary Public
Commonwealth of Virginia
Registration No. 00341134
My Commission Expires Nov 30, 2028

1

2                          STAFFORD CIRCUIT COURT

3                    15TH JUDICIAL DISTRICT OF VIRGINIA

4   Ryan Morris, SUI JURIS                    Case No.: CL 25-364

5              Plaintiff,

6   vs.                                        NOTICE OF HEARING

7   AFFIRM, INC,

8              Defendant.

9                        **NOTICE OF HEARING**

10      PLEASE TAKE NOTICE that the undersigned will bring on for a 15 minute hearing its Motion for

11  Summary Judgment before the Circuit Court Judge Presiding, on May 5, 2025 at 11 a.m. at the Stafford Circuit

12  Court in Courtroom 2, 1300 Courthouse Road, Stafford, VA 22555-0069.

13      Respectfully Submitted this 28th day of May 2025.

14

15  By: Ryan Morris
    Ryan Morris
16  333 Woodstream Boulevard
    Stafford, VA 22556
17  Tel:  443-314-1216
    Ryan86Morris@gmail.com

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF HEARING - 1

1

## **CERTIFICATE OF SERVICE**

2      I hereby certify under penalties of perjury that on this 28th day of May 2025, a true and correct copy of the

3    foregoing *Notice of Hearing* was filed with the Clerk of Court and sent by electronic mail to the following:

4                     Ethan G. Ostroff & Zachary A. Turk

5            TROUTMAN PEPPER HAMILTON SANDERS LLP

6     Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

7

8                      Ryan-Tyrone: Morris

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF HEARING - 2

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

FILED
CLERK OF COURT
2025 JUN -2 A 10: 11
CIRCUIT COURT
STAFFORD VIRGINIA

Ryan Morris, SUI JURIS

       Plaintiff,

vs.

AFFIRM, INC,

       Defendant.

Case No.: CL 25-364

MEMORANDUM IN SUPPORT OF PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT

**COMES NOW** Plaintiff, Ryan Morris, and respectfully submits this Memorandum in Support of his Motion for Summary Judgment. There are no genuine issues of material fact, and Defendant Affirm, Inc. has failed to meet its burden to demonstrate standing or to rebut Plaintiff's claims with competent evidence. Plaintiff is entitled to judgment as a matter of law.

### I. Background

Plaintiff brings this action seeking declaratory relief, restitution, and damages for defamation. Plaintiff disputed the validity of a debt allegedly owed to Defendant. Despite multiple requests, Defendant has failed to produce any admissible evidence of a valid contract, disbursement of funds, or assignment establishing its legal authority to collect the alleged debt. Discovery responses have been vague, evasive, and unsupported by verified documentation.

### II. Standard for Summary Judgment

Under Rule 3:20 of the Rules of the Supreme Court of Virginia, summary judgment shall be granted where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. The burden shifts to the non-moving party to produce evidence sufficient to establish a genuine dispute. Mere speculation or conclusory responses will not suffice.

### III. Defendant Has Produced No Admissible Evidence Supporting Its Claim

Defendant has failed to produce a contract executed by Plaintiff or any admissible evidence of the alleged debt. The discovery materials include a group of documents purporting to show transactional history and boilerplate agreements, none of which have been authenticated by affidavit or through a qualified witness. The sole verification is signed by an individual—Lauren Ortego—whose employment status and authority are not disclosed.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 1

1     Moreover, Defendant's responses avoid direct answers to key interrogatories and requests for production,

2  citing boilerplate objections and failing to explain or support the alleged obligation. This pattern of non-

3  responsiveness confirms that no genuine issue exists.

4     **IV. Defendant's Discovery Failures Confirm There Are No Genuine Issues of Material Fact**

5     Courts have consistently held that when a party fails to produce competent evidence or offer meaningful

6  responses to discovery, summary judgment is appropriate. In *Realstar Realtors LLC v. Glenn ex rel. Smith*, 2020

7  WL 7753440 (Va. Cir. Ct. Dec. 3, 2020), the court granted summary judgment after the opposing party provided

8  insufficient and conclusory discovery responses that failed to rebut the moving party's claims. There, as here, the

9  party's failure to support their defenses with verified, admissible evidence demonstrated the absence of a genuine

10  dispute.

11     Similarly, in *Bhalala and Shah Inc. v. Quick Out Market Inc.*, 2023 WL 3090898 (Va. Cir. Ct. Mar. 24,

12  2023), the court found that vague, evasive discovery responses and unauthenticated documents submitted without

13  proper verification were inadequate to defeat summary judgment. The court emphasized that a party must come

14  forward with competent, admissible evidence to survive a dispositive motion. Affirm's submission of

15  unauthenticated documents and a verification that fails to even identify the affiant's relationship to the Defendant

16  demonstrates the same deficiency.

17     Here, Defendant Affirm has submitted a collection of documents without authenticating them through

18  sworn testimony or affidavits. Its sole verification fails to identify whether the affiant is even an employee or officer

19  of the Defendant. The discovery responses repeat earlier boilerplate objections, refuse to provide essential details

20  concerning ownership, disbursement, or standing, and ultimately do nothing to raise a triable issue of fact.

21     These failures, as established in *Realstar* and *Bhalala*, show that Defendant cannot meet its burden and that

22  summary judgment is appropriate as a matter of law.

23     **V. Defendant Has Failed to Provide Admissible Evidence to Create a Genuine Dispute**

24     As the West Virginia Supreme Court emphasized in *Mingo County Economic Opportunity Commission v.*

25  *Blankenship*, 187 W. Va. 157, 416 S.E.2d 471 (1992), "business records cannot prove themselves." That court held

26  that such records are inadmissible without proper authentication by a custodian of records or testimony establishing

27  the method of preparation and storage. Similarly, here, Defendant has offered a stack of documents without any

28  accompanying testimony from a qualified witness attesting to their authenticity, reliability, or the regular business

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 2

practices under which they were prepared and maintained. No witness has verified how the records were generated

or stored, and the verification submitted does not even confirm whether the signer is an employee of Affirm.

In Virginia, "[a] party resisting summary judgment must identify admissible evidence sufficient to show

that a factual dispute exists on a material issue." *Green v. Ingram*, 269 Va. 281, 290, 608 S.E.2d 917, 922 (2005).

"Unsupported allegations, speculation, or conclusory statements do not create genuine issues of material fact." *Id.*

Defendant's reliance on unauthenticated, conclusory exhibits and evasive discovery responses falls well short of this

burden.

### VI. Defendant's Pattern of Conduct Merits Judicial Scrutiny

During the previous hearing, this Court explicitly noted the improper reliance on boilerplate defenses and

the resulting waste of judicial resources. Plaintiff now reiterates that observation, as Defendant has continued to

submit evasive, unsupported, and conclusory responses, compounding the very inefficiencies previously

admonished by the Court. As Professor Michael Gebhart has noted, reliance on boilerplate defenses without factual

support undermines Rule 11 obligations, delays litigation, burdens plaintiffs, and erodes the integrity of the justice

system. This Court has already recognized these concerns in the present matter, and Defendant's repeated use of

such tactics—without correcting course—demonstrates a disregard for judicial economy and due process. Defendant

has squandered the opportunity to clarify or substantiate its position and instead persists in filing answers and

documents devoid of authentication or probative value.

On May 8, 2025, Plaintiff contacted Defendant's counsel to offer an opportunity to resolve the matter if

Defendant was unable to produce adequate discovery responses. Counsel did not respond to that offer and instead

served deficient supplemental responses on the agreed upon deadline. This failure to engage meaningfully or in good

faith further justifies summary judgment, as it reflects a continued pattern of delay and avoidance.

### VII. Plaintiff Is Entitled to Relief

Plaintiff seeks:

1.  Declaratory judgment that no valid contract or obligation exists between the parties.

2.  Restitution or unjust enrichment for amounts paid without legal basis.

3.  Damages for defamation resulting from Defendant's continued credit reporting of a debt it cannot prove

    exists.

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 3

1    4.   An order requiring Defendant to delete any negative credit reporting related to the alleged debt from all

2    consumer credit bureaus to which it has furnished information.

3                                    **VI. Conclusion**

4        For the foregoing reasons, Plaintiff respectfully requests that the Court grant his Motion for Summary

5    Judgment.

6                        Respectfully Submitted this 2nd day of June 2025.

7

8                                     By: Ryan Morris
                                      Ryan Morris
9                                     333 Woodstream Boulevard
                                      Stafford, VA 22556
10                                    Tel:  443-314-1216
                                      Ryan86Morris@gmail.com

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 4

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CERTIFICATE OF SERVICE**

I hereby certify under penalties of perjury that on this 2nd day of June 2025, a true and correct copy of the foregoing *Motion for Leave to Amend, Amended Complaint, Motion for Summary Judgment, and Memorandum in Support of Summary Judgment* was filed with the Clerk of Court and sent by electronic mail to the following:

Ethan G. Ostroff & Zachary A. Turk

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

By: *Ryan Morris*
Ryan Morris

MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT - 5

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

Ryan Morris, SUI JURIS

        Plaintiff,

vs.

AFFIRM, INC,

        Defendant.

Case No.: CL 25-364

MOTION FOR LEAVE TO AMEND

FILED
CLERK OF COURT
2025 JUN -2 A 10: 11
CIRCUIT COURT
STAFFORD VIRGINIA

      COMES NOW the Plaintiff, Ryan Morris, and pursuant to Rule 1:8 and Rule 1:9 of the Rules of the Supreme Court of Virginia, respectfully moves this Court for leave to file an Amended Complaint in the above-captioned matter. In support thereof, Plaintiff states as follows:

1. Plaintiff originally filed this action on January 30, 2025, seeking declaratory judgment and equitable relief.

2. Since the filing of the Complaint, Defendant has filed a Plea in Bar, Answer, and discovery responses, including a set of Supplemental Discovery Responses served on May 27, 2025.

3. In light of Defendant's failure to provide admissible evidence establishing its standing to collect or report the alleged debt, and its submission of vague and evasive discovery responses, Plaintiff now seeks to amend the Complaint to add:

      (a) a claim for defamation, and

      (b) an alternative claim for money had and received.

These additions are grounded in newly surfaced facts and Defendant's continued credit reporting of the alleged debt without substantiation

4. On May 28, 2025, Plaintiff conferred with Defendant's counsel, Mr. Zachary Turk, who confirmed that Defendant consents to the proposed amendment.

5. This request is made in good faith, not for the purpose of delay, and will not prejudice Defendant. The proposed amendment clarifies Plaintiff's legal theories and relies in part on Defendant's own discovery responses and ongoing conduct.

      WHEREFORE, Plaintiff respectfully requests that this Court grant leave to file the attached Amended Complaint. Counsel for Defendant has consented to this amendment.

MOTION FOR LEAVE TO AMEND - 1

Respectfully submitted this 2nd day of June 2025,

By: Ryan Morris

Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel:  443-314-1216
Ryan86Morris@gmail.com

MOTION FOR LEAVE TO AMEND - 2

1

## **CERTIFICATE OF SERVICE**

2
I hereby certify under penalties of perjury that on this 2nd day of June 2025, a true and correct copy of the

3
foregoing *Motion for Leave to Amend* was filed with the Clerk of Court and sent by electronic mail to the following:

4
Ethan G. Ostroff & Zachary A. Turk

5
TROUTMAN PEPPER HAMILTON SANDERS LLP

6
Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

7
By: *Ryan Morris*

Ryan-Tyrone: Morris

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOTION FOR LEAVE TO AMEND - 3

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

Ryan Morris, SUI JURIS

        Plaintiff,

vs.

AFFIRM, INC,

        Defendant.

Case No.: CL 25-364

AMENDED COMPLAINT

FILED
CLERK OF COURT
2025 JUN -2 A 10: 11
CIRCUIT COURT
STAFFORD VIRGINIA

COMES NOW the Plaintiff, Ryan-Tyrone Morris, and for his Amended Complaint against Defendant Affirm, Inc., states as follows:

## INTRODUCTION

This action seeks a declaratory judgment and equitable relief arising from Affirm, Inc.'s failure to establish standing to collect and enforce an agreement between the parties. Defendant has continued to assert and report a financial obligation that it has failed to prove with admissible evidence, resulting in unjust enrichment and reputational harm to Plaintiff through false statements made to third parties.

## PARTIES

1. Plaintiff Ryan-Tyrone Morris is a natural person and resident of Virginia.

2. Defendant Affirm, Inc. is a Delaware corporation registered to do business in the Commonwealth of Virginia.

## JURISDICTION AND VENUE

3. Jurisdiction and venue are proper under Virginia Code § 8.01-261(2) as Defendant conducts business in this jurisdiction and the acts giving rise to this suit occurred herein.

## FACTUAL BACKGROUND

4. Plaintiff made regular payments to Affirm, Inc. until submitting a formal dispute of the alleged debt.

5. Upon disputing the alleged obligation, Plaintiff demanded proof of a standing and equitable consideration.

6. Defendant failed to provide any such evidence.

7. Despite lacking proof of a valid obligation, Defendant continued to assert that Plaintiff owed a balance.

8. Defendant has reported and continues to report the alleged debt to third parties.

AMENDED COMPLAINT - 1

9. Defendant's reporting is false and has harmed Plaintiff's creditworthiness.

## COUNT I: DECLARATORY JUDGMENT

10. Plaintiff re-alleges and incorporates paragraphs 1 through 9 as if fully set forth herein.

11. A bona fide dispute exists regarding the validity of any contractual obligation and standing to collect or report alleged obligation between Plaintiff and Defendant.

12. Plaintiff is entitled to a declaration under Va. Code § 8.01-184 that Defendant lacks standing to collect or report on alleged obligation.

WHEREFORE, Plaintiff respectfully requests that this Court enter a declaratory judgment that Defendant lacks standing to collect or report on alleged obligation.

## COUNT II: UNJUST ENRICHMENT / MONEY HAD AND RECEIVED

13. Plaintiff re-alleges and incorporates paragraphs 1 through 12 as if fully set forth herein.

14. Plaintiff conferred payments upon Defendant with the expectation that Defendant had legal entitlement to receive such funds.

15. Defendant has failed to demonstrate any valid legal right to retain the funds.

16. Equity and good conscience require restitution of any payments retained without legal justification.

WHEREFORE, Plaintiff requests that the Court award restitution of amounts paid to Defendant under the theory of unjust enrichment and/or money had and received.

## COUNT III: DEFAMATION

17. Plaintiff re-alleges and incorporates paragraphs 1 through 16 as if fully set forth herein.

18. Defendant published false statements concerning Plaintiff to one or more credit reporting agencies.

19. These statements asserted that Plaintiff owed a debt to Defendant.

20. At the time of publication and continuing thereafter, Defendant lacked admissible evidence of any valid obligation between the parties or standing to report based on alleged obligation.

21. Plaintiff had submitted a formal dispute and request for documentation.

22. Defendant failed to cure or retract the false report.

23. The continued publication of false information, despite Plaintiff's dispute and Defendant's failure to validate the debt, constitutes at least negligence and/or reckless disregard for the truth.

24. As a direct and proximate result, Plaintiff has suffered reputational harm and financial loss.

AMENDED COMPLAINT - 2

1    22. Defendant's continued publication of false and unverified information, despite notice of the dispute and the

2        absence of supporting documentation, was made with negligence, reckless disregard for the truth, or actual

3        malice.

4    23. Defendant's statements are not opinion but false assertions of fact, made with knowledge of their falsity or

5        with conscious disregard for whether they were true or false.

6    24. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered reputational damage,

7        economic harm, and emotional distress.

8        WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in his favor and award:

9        a. Compensatory damages;

10        b. Punitive damages;

11        c. Costs of this action; and

12        d. Such further relief as the Court deems just and proper.

13

14                     Respectfully submitted this 2nd day of June 2025,

15

16                     By: _Ryan Morris_

17                     Ryan Morris
                       333 Woodstream Boulevard

18                        Stafford, VA 22556
                       Tel: 443-314-1216

19                        Ryan86Morris@gmail.com

20

21

22

23

24

25

26

27

28

AMENDED COMPLAINT - 3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **CERTIFICATE OF SERVICE**

I hereby certify under penalties of perjury that on this 2nd day of June 2025, a true and correct copy of the

foregoing *Amended Complaint* was filed with the Clerk of Court and sent by electronic mail to the following:

Ethan G. Ostroff & Zachary A. Turk

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

By: Ryan Morris

Ryan-Tyrone: Morris

AMENDED COMPLAINT - 4

1

2                           STAFFORD CIRCUIT COURT                    **FILED**
                                                                    **CLERK OF COURT**
3                        15TH JUDICIAL DISTRICT OF VIRGINIA
                                                                    2025 JUN -2  A 10 11
4     Ryan Morris, SUI JURIS                    Case No.: CL 25-364
                                                                     CIRCUIT COURT
5                   Plaintiff,                                        STAFFORD VIRGINIA

6     vs.                                       MOTION FOR SUMMARY JUDGMENT

7     AFFIRM, INC,

8                   Defendant.

9           COMES NOW the Plaintiff, Ryan Morris, pursuant to Rule 3:20 of the Rules of the Supreme Court of

10    Virginia, respectfully moves this Honorable Court for entry of Summary Judgment in his favor and against

11    Defendant Affirm, Inc. ("Affirm"), on the grounds that there are no genuine issues of material fact and Plaintiff is

12    entitled to judgment as a matter of law.

13          In support of this Motion, Plaintiff states as follows:

14    1.   This action arises from Affirm's continued assertion of a purported debt and credit reporting in the absence

15         of any admissible evidence demonstrating a valid, enforceable agreement or lawful assignment of the

16         alleged obligation.

17    2.   Discovery in this case is closed, and Defendant has failed to produce any authenticated contract, nor any

18         admissible documentation evidencing Affirm's standing or consideration given.

19    3.   Defendant's discovery responses consist of boilerplate objections, vague references to documents, and

20         unauthenticated records submitted without sworn affidavits. The responses fail to identify the affiant's role,

21         authority, or relationship to Defendant. (Exhibit A)

22    4.   Defendant's failure to respond with admissible evidence or competent testimony establishes that there is no

23         triable issue of fact regarding Plaintiff's claims for declaratory judgment, restitution, and defamation.

24    5.   As the Plaintiff noted and the Court agreed in a prior hearing, reliance on unsupported boilerplate defenses

25         undermines the integrity of the judicial process and does not constitute a valid basis to prolong litigation.

26         Nevertheless, Defendant has persisted in asserting such defenses without factual support.

27

28

      MOTION FOR SUMMARY JUDGMENT - 1

6. Summary judgment is appropriate under Virginia law where the non-moving party fails to produce evidence to create a genuine dispute. The submission of unauthenticated documents and legally insufficient verification precludes Affirm from meeting its burden.

WHEREFORE, Plaintiff respectfully requests that this Honorable Court:

A. Enter summary judgment in favor of Plaintiff;

B. Declare that Defendant has no standing to collect or report on alleged obligation;

C. Award restitution or, in the alternative, damages for unjust enrichment;

D. Award damages for defamation arising from Affirm's continued reporting of the alleged debt;

E. Order Affirm to delete any credit reporting associated with the alleged debt from all consumer credit reporting agencies; and

F. Grant such other and further relief as the Court deems just and proper.


Respectfully submitted this 2nd day of June 2025,


By: Ryan Morris
        Ryan Morris
        333 Woodstream Boulevard
        Stafford, VA 22556
        Tel:  443-314-1216
        Ryan86Morris@gmail.com


MOTION FOR SUMMARY JUDGMENT - 2

**VIRGINIA:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | |
|---|---|
| **RYAN MORRIS, SUI JURIS,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | )    **Case No. CL25-364** |
| v. | ) |
| | ) |
| **AFFIRM, INC.,** | ) |
| | ) |
| *Defendant.* | ) |

### VERIFICATION

I, Lauren Ortego, have read *Defendant Affirm, Inc.'s Supplemental Objections and Responses to Plaintiff's First Set of Interrogatories* (the "Responses"). The Responses, subject to inadvertent or undiscovered errors, are based on and therefore necessarily limited by the records and information in existence, presently recollected, and thus far discovered in the course of preparation of these responses; and that subject to the limitations set forth herein, to the extent I have personal knowledge of the facts contained therein, the same are true and correct, and insofar as said facts are based on a composite of information of other individuals and/or records, I do not have personal knowledge concerning all of the information contained in therein, but I am informed and believe that the information set forth therein for which I lack personal knowledge is true and correct. I understand that the Responses are those of Defendant Affirm, Inc. and may be used for all permissible purposes pursuant to Rule 4:8 of the Rules of the Supreme Court of Virginia.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this verification was executed on May 27, 2025, in Pittsburgh, Pennsylvania.

Lauren Ortego

1

## CERTIFICATE OF SERVICE

I hereby certify under penalties of perjury that on this 2nd day of June 2025, a true and correct copy of the foregoing *Motion for Summary Judgment* was filed with the Clerk of Court and sent by electronic mail to the following:

Ethan G. Ostroff & Zachary A. Turk

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

By: *Ryan Morris*

Ryan-Tyrone: Morris

MOTION FOR SUMMARY JUDGMENT - 3

**V I R G I N I A:**

## IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | |
|---|---|
| RYAN MORRIS, SUI JURIS, | ) |
| | ) |
| *Plaintiff*, | ) |
| | ) |
| v. | ) **Case No. CL25-364** |
| | ) |
| AFFIRM, INC., | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

### ORDER

These matters came before the Court on May 5, 2025, on Plaintiff Ryan Morris's ("Plaintiff") Motion for Summary Judgment, Plaintiff's Motion to Strike, Plaintiff's Motion to Compel, and Defendant Affirm Inc.'s ("Defendant") Plea in Bar of Res Judicata.

Upon consideration of the papers presented and arguments heard regarding Plaintiff's Motion for Summary Judgment, the Court finds that granting judgment as a matter of law would not be proper. Therefore, it is **ORDERED** that Plaintiff's Motion for Summary Judgment be and hereby is **DENIED**.

Plaintiff's Motion to Strike, Plaintiff's Motion to Compel, and Defendant Affirm Inc.'s Plea in Bar of Res Judicata were all withdrawn at the hearing on May 5, 2025, and are therefore **DENIED AS MOOT**.

The Clerk's Office shall send copies of this Order to all counsel of record set forth below.

Entered this _____ day of _____, 2025.

_____
Honorable Robert Eric Reibach
Presiding Judge, Stafford Circuit Court

**WE ASK FOR THIS:**

By: _____

Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER LOCKE
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7541
Facsimile:  (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER LOCKE
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:  202-274-1932
Fax:  703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm, Inc.*

**SEEN AND  OBJECTED TO :**

By: __**Ryan Morris**_____
Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

*Plaintiff Pro Se*

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

| | |
|---|---|
| Ryan Morris, SUI JURIS | Case No.: CL 25-364 |
| Plaintiff, | |
| vs. | NOTICE OF PRESENTATION OF PROPOSED |
| AFFIRM, INC, | ORDER |
| Defendant. | |

COMES NOW the Plaintiff, Ryan-Tyrone Morris, and hereby provides notice to the Court and to opposing counsel that he will present the attached Proposed Order Denying Summary Judgment Without Prejudice for the Court's consideration. This Order reflects Plaintiff's position that denial of summary judgment at this time should be without prejudice to Plaintiff's ability to refile following further evidentiary or procedural developments.

Plaintiff respectfully submits the proposed order for the Court's review in light of counsel's objection to including this language in a joint order.

Plaintiff has circulated the proposed order to counsel for Defendant, who has declined to consent to its entry.

Respectfully Submitted this 3rd day of June 2025.

By: Ryan Morris

Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel:  443-314-1216
Ryan86Morris@gmail.com

NOTICE OF PRESENTATION OF PROPOSED ORDER - 1

FILED
CLERK OF COURT
2025 JUN -3 P 2: 54
CIRCUIT COURT
STAFFORD VIRGINIA

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify under penalties of perjury that on this 3rd day of June 2025, a true and correct copy of the foregoing *Notice of Presentation of Proposed Order* was filed with the Clerk of Court and sent by electronic mail to the following:

Ethan G. Ostroff & Zachary A. Turk

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

By: Ryan Morris

Ryan Morris

NOTICE OF PRESENTATION OF PROPOSED ORDER - 2

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

Ryan Morris, SUI JURIS

        Plaintiff,

vs.

AFFIRM, INC,

        Defendant.

Case No.: CL 25-364

ORDER

This matter came before the Court on May 5, 2025, on Plaintiff's Motion for Summary Judgment. Upon consideration of the motion, memoranda, the evidence on record, and arguments of the parties, the Court is of the opinion that judgment as a matter of law is not appropriate at this stage of the proceedings.

It is therefore **ORDERED** that Plaintiff's Motion for Summary Judgment is hereby **DENIED WITHOUT PREJUDICE**.

It is further **ORDERED** that this denial shall not preclude Plaintiff from renewing the motion upon the conclusion of discovery or upon a showing that Defendant's discovery responses remain inadequate to demonstrate any genuine dispute of material fact.

Plaintiff's Motion to Strike, Plaintiff's Motion to Compel, and Defendant Affirm Inc.'s Plea in Bar of Res Judicata were all withdrawn at the hearing on May 5, 2025, and are therefore DENIED AS MOOT.

The Clerk's Office shall send copies of this Order to all counsel of record set forth below.

Entered this _____ day of _____, 2025.

_____
Honorable Robert Eric Reiback
Presiding Judge, Stafford Circuit Court

FILED
CLERK OF COURT
2025 JUN -3 P 2: 54
CIRCUIT COURT
STAFFORD VIRGINIA

ORDER - 1

1    I ASK FOR THIS:

2    By: _____
     Ryan Morris
3    333 Woodstream Boulevard
     Stafford, VA 22556
4    Tel: 443-314-1216
     Ryan86Morris@gmail.com
5    Plaintiff Pro Se

6
     SEEN AND _____:
7

8    By:
     Ethan G. Ostroff (VSB No. 71610)
9    TROUTMAN PEPPER LOCKE
     222 Central Park Avenue, Suite 2000
10   Virginia Beach, VA 23462
     Telephone: (757) 687-7541
11   Facsimile: (757) 687-1541
     E-mail: ethan.ostroff@troutmansanders.com
12   Zachary A. Turk (VSB No. 97266)
     TROUTMAN PEPPER LOCKE
13   401 9 th Street NW, Suite 1000
     Washington, DC 20004
14   Tel: 202-274-1932
     Fax: 703-448-6514
15   zachary.turk@troutman.com
     Counsel for Affirm, Inc.

16

17

18

19

20

21

22

23

24

25

26

27

28

ORDER - 2

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify under penalties of perjury that on this 3rd day of June 2025, a true and correct copy of the foregoing *Proposed Order* was filed with the Clerk of Court and sent by electronic mail to the following:

Ethan G. Ostroff & Zachary A. Turk

TROUTMAN PEPPER HAMILTON SANDERS LLP

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

By: *Ryan Morris*
Ryan Morris

ORDER - 3

STAFFORD CIRCUIT COURT

15TH JUDICIAL DISTRICT OF VIRGINIA

FILED
CLERK OF COURT

2025 JUN -4 P 3: 45

CIRCUIT COURT
STAFFORD VIRGINIA

Ryan Morris, SUI JURIS

      Plaintiff,

vs.

AFFIRM, INC,

      Defendant.

Case No.: CL 25-364

NOTICE OF HEARING

### NOTICE OF HEARING

    PLEASE TAKE NOTICE that the undersigned will bring on for a 15 minute hearing its Motion for Summary Judgment before the Circuit Court Judge Presiding, on August 4, 2025 at 11 a.m. at the Stafford Circuit Court in Courtroom 2, 1300 Courthouse Road, Stafford, VA 22555-0069.

    Respectfully Submitted this 4th day of June 2025.

By: *Ryan Morris*

Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel:  443-314-1216
Ryan86Morris@gmail.com

NOTICE OF HEARING - 1

1

## **CERTIFICATE OF SERVICE**

2

I hereby certify under penalties of perjury that on this 4th day of June 2025, a true and correct copy of the

3

foregoing *Notice of Hearing* was filed with the Clerk of Court and sent by electronic mail to the following:

4

Ethan G. Ostroff & Zachary A. Turk

5

TROUTMAN PEPPER HAMILTON SANDERS LLP

6

Ethan.ostroff@troutmansanders.com/zachary.turk@troutman.com

7

By: Ryan Morris

8

Ryan-Tyrone: Morris

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF HEARING - 2

VIRGINIA:

## IN THE CIRCUIT COURT FOR THE COUNTY OF STAFFORD

| | |
|---|---|
| **RYAN MORRIS, SUI JURIS,** | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) |
| v. | ) **Case No. CL25-364** |
| | ) |
| **AFFIRM, INC.,** | ) |
| | ) |
| *Defendant.* | ) |
| | ) |

## ORDER

These matters came before the Court on May 5, 2025, on Plaintiff Ryan Morris's ("Plaintiff") Motion for Summary Judgment, Plaintiff's Motion to Strike, Plaintiff's Motion to Compel, and Defendant Affirm Inc.'s ("Defendant") Plea in Bar of Res Judicata.

Upon consideration of the papers presented and arguments heard regarding Plaintiff's Motion for Summary Judgment, the Court finds that granting judgment as a matter of law would not be proper. Therefore, it is **ORDERED** that Plaintiff's Motion for Summary Judgment be and hereby is **DENIED**.

Plaintiff's Motion to Strike, Plaintiff's Motion to Compel, and Defendant Affirm Inc.'s Plea in Bar of Res Judicata were all withdrawn at the hearing on May 5, 2025, and are therefore **DENIED AS MOOT**.

The Clerk's Office shall send copies of this Order to all counsel of record set forth below.

Entered this _13_ day of _June_, 2025.

_____
Honorable Robert Eric Reibach
Presiding Judge, Stafford Circuit Court

**WE ASK FOR THIS:**

By: _[signature]_

Ethan G. Ostroff (VSB No. 71610)
TROUTMAN PEPPER LOCKE
222 Central Park Avenue, Suite 2000
Virginia Beach, VA  23462
Telephone:  (757) 687-7541
Facsimile:  (757) 687-1541
E-mail: ethan.ostroff@troutmansanders.com

Zachary A. Turk (VSB No. 97266)
TROUTMAN PEPPER LOCKE
401 9th Street NW, Suite 1000
Washington, DC 20004
Tel:  202-274-1932
Fax:  703-448-6514
zachary.turk@troutman.com

*Counsel for Affirm, Inc.*

**SEEN AND  OBJECTED TO :**

By:     **Ryan Morris**
Ryan Morris
333 Woodstream Boulevard
Stafford, VA 22556
Tel: 443-314-1216
Ryan86Morris@gmail.com

*Plaintiff Pro Se*